UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT BLAIR,<br><br>            Plaintiff,<br>v.<br><br>ALSTOM S.A. AND KAWASAKI HEAVY INDUSTRIES, LTD.,<br><br>            Defendants. | Civil Action No. 1:16-cv-03391-PAE |

**DEFENDANT ALSTOM S.A.'S ANSWER TO PLAINTIFF SCOTT BLAIR'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Alstom S.A. ("Alstom S.A." or "Defendant"), by its counsel, hereby answers the allegations set forth in the Plaintiff, Scott Blair's ("Blair" or "Plaintiff"), Complaint as follows:

**PRELIMINARY STATEMENT**[1]

1.      The allegations set forth in Paragraph 1 of the Plaintiff's Complaint state a legal conclusion to which no response is required.

**PARTIES**

2.      Alstom S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiff's Complaint, and, therefore denies the same.

3.      Alstom S.A. admits the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

---

[1] For convenience, certain section headings used by Plaintiff in its Complaint are repeated herein.

4. Alstom S.A. admits that Alstom S.A. develops and markets systems, equipment and services for the railway sector. Alstom S.A. denies the remaining allegations set forth in paragraph 4 of the Plaintiff's Complaint.

5. Alstom S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiff's Complaint, and, therefore denies the same.

6. Alstom S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiff's Complaint, and, therefore denies the same.

## **JURISDICTION**

7. The allegations set forth in Paragraph 7 of Plaintiff's Complaint state a legal conclusion to which no response is required.

8. The allegations set forth in Paragraph 8 of Plaintiff's Complaint state a legal conclusion to which no response is required.

9. The allegations set forth in Paragraph 9 of Plaintiff's Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Alstom S.A. denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. Alstom S.A. denies that it offers for sale and/or sells infringing products in this District or elsewhere. The remaining allegations set forth in Paragraph 10 of Plaintiff's Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Alstom S.A. denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

**BACKGROUND**

11. Alstom S.A. admits United States Patent No. 6,700,602 and *Ex Parte* Reexamination Certificate (10487th) ("the '602 patent") are titled "Subway TV Media System," but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same.

12. Alstom S.A. denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13. Alstom S.A. denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 6,700,602**
**(ALSTOM S.A.)**

14. Alstom S.A. repeats and realleges its answers as set forth in Paragraphs 1 through 13, above, as though fully set forth herein.

15. Alstom S.A. denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. Alstom S.A. denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. Alstom S.A. denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Alstom S.A. denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. Alstom S.A. denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. Alstom S.A. denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21. Alstom S.A. denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. Alstom S.A. denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. Alstom S.A. denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

**COUNT TWO**
**INFRINGEMENT OF U.S. PATENT NO. 6,700,602**
**(KAWASAKI)**

24. Alstom S.A. repeats and realleges its answers as set forth in Paragraphs 1 through 23, above, as though fully set forth herein.

25. Alstom S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 25 of Plaintiff's Complaint, and, therefore denies the same.

26. Alstom S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 26 of Plaintiff's Complaint, and, therefore denies the same.

27. Alstom S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiff's Complaint, and, therefore denies the same.

28. Alstom S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 28 of Plaintiff's Complaint, and, therefore denies the same.

29. Alstom S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 29 of Plaintiff's Complaint, and, therefore denies the same.

30. Alstom S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 30 of Plaintiff's Complaint, and, therefore denies the same.

31. Alstom S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 31 of Plaintiff's Complaint, and, therefore denies the same.

32. Alstom S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 32 of Plaintiff's Complaint, and, therefore denies the same.

33. Alstom S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 33 of Plaintiff's Complaint, and, therefore denies the same.

## **PRAYER FOR RELIEF**

Alstom S.A. denies that Plaintiff is entitled to any of the relief sought in its Prayer for Relief, including the relief sought in Paragraphs A through G thereof, and/or any other relief.

## AFFIRMATIVE DEFENSES

Alstom S.A. reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defense at law or at equity that may now exist or in the future be available based on discovery and further factual investigation in this case, whether or not expressly stated herein. Without any admissions as to the burden of proof, burden of persuasion, or the truth of any allegations in Plaintiff's Complaint, Alstom S.A. states the following defenses:

## FIRST AFFIRMATIVE DEFENSE

The allegations set forth in Plaintiff's Complaint fail to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The allegations set forth in Plaintiff's Complaint should be dismissed for lack of standing.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because the Court lacks personal jurisdiction over Alstom S.A.

## FOURTH AFFIRMATIVE DEFENSE

The Court lacks venue over this matter and/or is not the proper venue for this matter.

## FIFTH AFFIRMATIVE DEFENSE

Alstom S.A. has not infringed and is not infringing, either literally or under the doctrine of equivalents, any valid claim of United States Patent No. 6,700,602 ("the Patent-in-Suit"). Alstom S.A. has not contributed to and is not contributing to any infringement of any valid and

enforceable claim of any of the Patent-in-Suit.  Alstom S.A. has not induced and is not inducing infringement of any valid and enforceable claim of the Patent-in-Suit.

### SIXTH AFFIRMATIVE DEFENSE

The asserted claims of the Patent-In-Suit are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not immediate or irreparable, because any such injunction would be against the public interest, and because Blair has an adequate remedy at law.

### EIGHTH AFFIRMATIVE DEFENSE

Alstom S.A. has not intentionally, willfully, or deliberately infringed any valid claim of the Patent-in-Suit.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's case is not exceptional under 35 U.S.C. § 285.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's infringement claims against Alstom S.A. regarding the Patent-In-Suit are barred and the Patent-in-Suit is unenforceable against Alstom S.A. under the equitable doctrines of laches, waiver, estoppel, and/or acquiescence.

### RESERVATION OF ADDITIONAL DEFENSES

Alstom S.A. hereby reserves the right to assert additional defenses and/or counterclaims if such defenses or counterclaims are discovered during the course of this litigation.

## **DEMAND FOR JURY TRIAL**

Alstom S.A. demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated:  September 1, 2016 | By: /s/ Steven M. Coyle<br>Steven M. Coyle (No. SC0730)<br>CANTOR COLBURN LLP<br>20 Church Street, 22nd Floor<br>Hartford, CT  06103<br>Tel: (860) 286-2929<br>scoyle@cantorcolburn.com<br><br>*Counsel for Defendant Alstom S.A.* |

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on September 1, 2016, a copy of the foregoing document was filed electronically using the Court's CM/ECF system.  Notice of this filing will be sent by operation of the CM/ECF system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.

By: /s/ Steven M. Coyle  
Steven M. Coyle (No. SC0730)

*Counsel for Defendant Alstom S.A.*
