UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT BLAIR,<br><br>       *Plaintiff*,<br> v.<br><br>ALSTOM S.A. AND KAWASAKI<br>HEAVY INDUSTRIES, LTD.,<br><br>       *Defendants*. | CA No. 1:16-cv-03391-PAE-JLC |

**DEFENDANT KAWASAKI HEAVY INDUSTRIES, LTD.'S ANSWER AND DEFENSES
TO PLAINTIFF SCOTT BLAIR'S COMPLAINT**

For their Answer to Plaintiff Scott Blair's ("Blair") Complaint, Defendant Kawasaki Heavy Industries, Ltd. ("Kawasaki"), upon knowledge as to its own acts, and upon information and belief as to the acts of others, hereby responds to each of the numbered paragraphs of the Complaint as set forth below.

**PRELIMINARY STATEMENT**

1. Kawasaki admits that the Complaint purports to set forth an action for patent infringement under the Patent Act.

**PARTIES**

2. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 and therefore, denies them.

3. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and therefore, denies them.

4.       Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 and therefore, denies them.

5.       Kawasaki admits that its Tokyo headquarters is located at 1-14-5, Kaigan, Minato-ku, Tokyo 105-8315, Japan.  Kawasaki denies the remaining allegations in paragraph 5.

6.       Kawasaki admits that it designs and manufactures abroad commuter trains and railcars for mass transportation.  Kawasaki denies the remaining allegations in paragraph 6.

## **JURISDICTION**

7.       Kawasaki admits that the Complaint purports to set forth an action for patent infringement arising under the patent laws of the United States, United States Code, Title 35, §§ 1 *et seq*.

8.       Kawasaki admits that this Court has subject matter jurisdiction under Title 28, United States Code, §§ 1331 and 1338(a) because this action purports to arise under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

9.       Kawasaki denies each and every allegation set forth in paragraph 9 pertaining to Kawasaki.  Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 pertaining to any other Defendant and therefore, denies them.

10.      Kawasaki denies each and every allegation set forth in paragraph 10 pertaining to Kawasaki.  Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 pertaining to any other Defendant and therefore, denies them.

**BACKGROUND**

11. Kawasaki admits that what appears to be a copy of U.S. Patent No. 6,700,602 and *Ex Parte* Reexamination Certificate (10487th) ("the '602 Patent") was attached to the Complaint as Exhibit A; that the '602 Patent appears from its first page to be entitled "Subway TV Media System"; and that the '602 Patent lists Scott Blair as the inventor. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 and therefore, denies them.

12. Denied.

13. Denied.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 6,700,602**
**(ALSTOM)**

14. Kawasaki repeats and incorporates by reference each of its responses herein to the allegations set forth in paragraphs 1-13.

15. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and therefore, denies them.

16. Kawasaki denies each and every allegation set forth in paragraph 16 pertaining to Kawasaki. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 pertaining to any other Defendant and therefore, denies them.

17. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and therefore, denies them.

18. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 and therefore, denies them.

19. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 and therefore, denies them.

20. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and therefore, denies them.

21. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and therefore, denies them.

22. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 and therefore, denies them.

23. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 and therefore, denies them.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 6,700,602
## (KAWASAKI)

24. Kawasaki repeats and incorporates by reference each of its responses herein to the allegations set forth in paragraphs 1-23.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

**PRAYER FOR RELIEF**

Kawasaki denies that Blair is entitled to any relief sought in the prayer for relief in the Complaint.

**DEFENSES**

Without admitting or acknowledging that it bears the burden of proof as to any of them, Kawasaki specifically alleges and asserts the following stated defenses.  Kawasaki reserves the right to amend this Answer to add additional defenses or modify existing ones.

**FIRST STATED DEFENSE**

Kawasaki has not infringed (either directly, contributorily, or by inducement, whether literally or under the doctrine of equivalents) any valid and enforceable claim of the '602 Patent.

**SECOND STATED DEFENSE**

Each claim of the '602 Patent is invalid for failure to comply with one or more of the requirements of the patent laws, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and the rules, regulations, and laws pertaining to those provisions.

**THIRD STATED DEFENSE**

Blair's claims of infringement are barred by equitable doctrines including but not limited to, laches, waiver, equitable estoppel, and unclean hands.

**FOURTH STATED DEFENSE**

To the extent Blair does not have substantially all rights to the '602 Patent, Blair lacks standing to bring this action.

**FIFTH STATED DEFENSE**

On information and belief, Blair has an adequate remedy at law and no basis exists for the grant of equitable or injunctive relief.

## SIXTH STATED DEFENSE

Kawasaki's accused products have substantial non-infringing uses and Kawasaki lacks specific intent to cause infringement, and therefore Kawasaki does not indirectly infringe any claim of the '602 Patent.

## SEVENTH STATED DEFENSE

To the extent Blair seeks damages for alleged infringement of the '602 Patent prior to the filing of the Complaint or providing the requisite notice of its infringement allegations to Kawasaki, Blair's claims are barred under 35 U.S.C. § 287.

## EIGHTH STATED DEFENSE

Blair's claims for relief are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or prosecution disclaimer at least due to statements, representations, and admissions made to the U.S. Patent and Trademark Office during the prosecution of the application that matured into the '602 Patent and reexamination proceedings

## **JURY DEMAND**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Kawasaki respectfully demands a jury trial of all issues triable to a jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Kawasaki respectfully requests that the Court enter judgment:

(a) Denying all relief sought by Blair;

(b) Dismissing the Complaint against Kawasaki in its entirety, with prejudice;

(c) Finding that this is an exceptional case under 35 U.S.C. § 285;

(d) Awarding Kawasaki its costs in connection with this action, including reasonable attorney fees, to the fullest extent under the law; and

(e) Awarding Kawasaki such other and further relief as the Court deems just and proper.

Dated: September 1, 2016                              Respectfully submitted,

*/s/ Sheila Mortazavi*
Sheila Mortazavi
smortazavi@kenyon.com
Zaed M. Billah
zbillah@kenyon.com
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

*Attorneys for Defendant Kawasaki Heavy Industries, Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2016, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ Sheila Mortazavi*
