**MEREDITH & KEYHANI, PLLC**
**125 Park Avenue**
**25th Floor**
**New York, New York 10017**
212-760-0098
Facsimile: 212-202-3819
**www.meredithkeyhani.com**

Writer's Direct Email:
dkeyhani@meredithkeyhani.com
Direct Dial:  212-380-1325

September 20, 2016

**VIA CM/ECF**
Hon. Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2201
New York, NY 10007

Re:  *Blair v. Alstom S.A. et al, 1:16-cv-03391-PAE*

Dear Judge Engelmayer:

In accordance with Your Honor's Individual Rule 2(B), the parties submit this joint letter along with a proposed Civil Case Management Plan and Scheduling Order in advance of the Initial Pretrial Conference scheduled for **Monday, September 26, 2016 at 2:30 p.m.**

Plaintiff Scott Blair ("Blair" or "Plaintiff") is the owner of all rights, title and interest in and to United States Patent No. 6,700,602 and *Ex Parte* Reexamination Certificate (10487th) (the "'602 Patent") titled "Subway TV media system."  On May 6, 2016, Plaintiff filed a complaint against Defendants Alstom S.A. ("Alstom") and Kawasaki Heavy Industries, Ltd. ("Kawasaki") alleging that Defendants directly and indirectly infringe at least claims 1, 2, 3, 4, and 6 of the '602 Patent in violation of 35 U.S.C. § 271(a)-(c).  Plaintiff's allegations stem from Defendants' sale of the R160 and PA-5 rail cars to third parties including the Port Authority Trans-Hudson Corporation and MTA New York City Transit.  Plaintiff asserts that Defendants were put on notice of their infringing activities prior to the filing of this lawsuit.

Alstom denies that it infringes, either directly or indirectly, any claim of the '602 Patent.  Alstom further denies that the asserted claims of the '602 Patent are valid.  Alstom has raised additional affirmative defenses in its Answer, including but not limited to certain equitable defenses, including laches, upon which it intends to rely.

Kawasaki denies that it has engaged in any activities that would constitute infringement of the '602 Patent, either directly or indirectly, and disputes the validity of the '602 Patent. Kawasaki has also raised additional affirmative defenses in its Answer. Prior to this lawsuit, a U.S. subsidiary of Kawasaki, through its counsel, disclosed several pieces of prior art to Plaintiff, which Plaintiff submitted to the USPTO for reexamination of the '602 Patent. A reexamination proceeding was conducted, and an Ex Parte Reexamination Certificate was issued; nonetheless, Kawasaki maintains that the '602 Patent is invalid.

The parties do not contemplate any motions at this time. The parties also do not see the prospect of settlement at this time.

Respectfully submitted,

s/Darius Keyhani
Darius Keyhani


cc: Defendants' counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                        :

SCOTT BLAIR                      :    Case No. 1:16-cv-03391-PAE

                Plaintiff,    :

    -v-              :    CIVIL CASE
                      :    MANAGEMENT PLAN
ALSTOM S.A. and KAWASAKI HEAVY    :    AND SCHEDULING
INDUSTRIES, LTD.    :    ORDER

Defendants.    :
------------------------------------------------------------------------X

    This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.    All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). [Circle one.] The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

2.    This case is to be tried to a jury.

3.    Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order. [Absent exceptional circumstances, thirty (30) days.]

4.    Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be completed no later than 14 days from the date of this Order. [Absent exceptional circumstances, fourteen (14) days.]

5.    All fact discovery shall be completed no later than July 31, 2017. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

6.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

    a.    Initial requests for production of documents to be served by ___October 28, 2016.

      b.      Initial interrogatories to be served by _____ October 28, 2016____.
      c.      Depositions to be completed by _____ July 31, 2017_____.
      d.      Requests to Admit to be served no later than _____ June 28, 2016_____.

7.      a.      All expert discovery shall be completed no later than _____ November 17, 2017____. [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 5, i.e., the completion of all fact discovery.]

      b.      Opening expert reports for the party with the burden of proof shall be due no later than August 25, 2017.  Rebuttal expert reports shall be due no later than September 29, 2017.  Reply expert reports shall be due no later than October 20, 2017.  All expert discovery shall be completed by the date set forth in paragraph 7(a).

8.      All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the date in paragraph 5, i.e., the close of fact discovery.  Motions for summary judgment shall be filed no later than December 4, 2017.

9.      All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    a.      Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

           None. _____
           _____

      b.      Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately-retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

           _A settlement conference before a Magistrate Judge._____
           _____

      c.      Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b), be employed at the following point in the case (e.g., within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

           After the close of expert discovery._____

      d.      The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Order date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Order date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). Any motions in limine shall be filed after the close of discovery on or before the Final Pretrial Order date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed on or before the Final Pretrial Order date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Order date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is <u>7 days</u>.

13. [Other items, including those in Rule 26(f)(3).]  Plaintiff shall serve its Infringement Contention (as set out in Local Patent Rule 6) no later than 45 days from the date of this Order.  Defendants shall serve their Invalidity Contentions (as set out in Local Patent Rule 7) no later than 45 days after being served with Infringement Contentions.  If Defendants will rely on an opinion of counsel as part of a defense to a claim of willful infringement or inducement of infringement, or that a case is exceptional, Defendants shall produce or make available (in accordance with Local Patent Rule 10) any documents relating to said opinion(s) as to which attorney-client or work product production has been waived as a result of such production.

14. The parties shall exchange a list of proposed terms for construction, if any, within 14 days after service of Invalidity Contentions, and shall exchange preliminary constructions for any such terms with 28 days after service of Invalidity Contentions.  The parties shall exchange intrinsic evidence in support of the proposed claim construction within 30 days after the exchange of preliminary constructions, and shall file a Joint Disputed Claim Terms Chart no later than March 17, 2017.  In accordance with Local Patent Rule 12, Plaintiff's Opening Claim Construction Brief shall be due on April 17, 2017, Defendants' Responsive Claim Construction Briefs shall be due on May 17, 2017, and Plaintiff's Reply Claim Construction Brief shall be due on May 24, 2017. A Markman hearing will be held on _____, 2017 (TBD by the Court)

-----------------------------------------------------------------------------------------------------------------

TO BE COMPLETED BY THE COURT:

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

14.    [Other]

15.    The next Case Management Conference is scheduled for _____ at _____
       3

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

 

 

_____
Paul A. Engelmayer
United States District Judge

Dated: New York, New York  _____

4