**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SCOTT BLAIR,

               *Plaintiff*,

    v.

ALSTOM S.A. AND KAWASAKI
HEAVY INDUSTRIES, LTD.,

               *Defendants*.

CA No. 1:16-cv-03391-PAE-JLC


**DEFENDANT KAWASAKI HEAVY INDUSTRIES, LTD.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO STAY LITIGATION PENDING THE OUTCOME
OF *INTER PARTES* REVIEW OF U.S. PATENT NO. 6,700,602**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................. ii

I.     INTRODUCTION ................................................................................................... 1

II.    FACTUAL BACKGROUND ................................................................................... 2

      A.    Procedural Background ................................................................................ 2

      B.    Overview of IPR Proceedings .................................................................... 3

III.    ARGUMENT ........................................................................................................... 4

      A.    Granting a Stay Will Not Unduly Prejudice or Tactically Disadvantage
           Plaintiff, But Instead Will Benefit Both Parties and the Court .............................. 6

      B.    A Stay Is Highly Likely to Simplify the Issues to Be Tried in this Case ............. 10

      C.    The Early Stage of This Case Favors a Stay ...................................................... 13

IV.    CONCLUSION ..................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318 (Fed. Cir. 2013) ....................................................... 4

*Capriola Corp. v. LaRose Indus., LLC*, No. 8:12-cv-2346-T-23TBM, 2013 U.S. Dist. LEXIS 65754 (M.D. Fla. Mar. 11, 2013)........................................................ 5, 9

*E2Interactive, Inc. v. Blackhawk Network, Inc.*, 561 F. App'x 895 (Fed. Cir. 2014) ................................................................................................ 12

*EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81 (DF), 2006 U.S. Dist. LEXIS 48431 (E.D. Tex. July 14, 2006) ................................................................. 13

*Ericsson Inc. v. TCL Commun. Tech. Holdings, Ltd.*, No. 2:15-cv-00011-RSP, 2016 U.S. Dist. LEXIS 37502 (E.D. Tex. Mar. 23, 2016) ..................................... 12

*Evolutionary Intelligence LLC v. Yelp Inc.*, No. C-13-03587 DMR, 2013 U.S. Dist. LEXIS 178547 (N.D. Cal. Dec. 18, 2013) ................................................. passim

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013) .................................. 11

*Internet Patents Corp. v. eBags, Inc.*, No. C 12-03385 SBA, 2013 U.S. Dist. LEXIS 122868 (N.D. Cal. Aug. 28, 2013)........................................................... 7

*Microsoft Corp. v. TiVo Inc.*, No. 10-CV-00240-LHK, 2011 U.S. Dist. LEXIS 52619 (N.D. Cal. May 6, 2011) ...................................................................... 5

*Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357 (Fed. Cir. 2016)............................................. 4

*PPC Broadband, Inc. v. Corning Gilbert, Inc.*, No. 5:12-CV-0911 (GLS/DEP) (N.D.N.Y. Mar. 13, 2014)........................................................................... 7

*Pride Mobility Prods. Corp. v. Permobil, Inc.*, No. 13-cv-01999, 2013 U.S. Dist. LEXIS 171911 (E.D. Pa. Aug. 14, 2013)........................................................ 9

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 U.S. Dist. LEXIS 186322 (C.D. Cal. Dec. 19, 2012) ...................................................................................................... 10

*Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-cv-3970 RMW, 2013 U.S. Dist. LEXIS 133707 (N.D. Cal. Sept. 17, 2013) ........................................... 5, 9

*SSW Holding Co. v. Schott Gemtron Corp.*, No. 3:12CV-661-S, 2013 U.S. Dist. LEXIS 118326 (W.D. Ky. Aug. 19, 2013) .............................................................. 9

*SurfCast, Inc. v. Microsoft Corp.*, No. 2:12-cv-333, 2014 WL 6388489 (D. Me. Nov. 14, 2014)............................................................................................. 5

*Think Prods., Inc. v. Acco Brands Corp.*, No. CV 14-6659 (KAM) (SIL)
(E.D.N.Y June 19, 2015) ........................................................................ passim

*Univ. of Va. Patent Found. v. Hamilton Co.*, No. 3:13-cv-00033, 2014
U.S. Dist. LEXIS 135202 (W.D. Va. Sep. 25, 2014) ...................................... 9

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d
1028 (C.D. Cal. 2013)............................................................................... 7

**Statutes**

35 U.S.C. § 314(a) .................................................................................. 4, 11

35 U.S.C. § 314(b) ....................................................................................... 3

35 U.S.C. § 315.................................................................................. 4, 8, 12

35 U.S.C. § 316(a) ....................................................................................... 8

35 U.S.C. § 316(c) ...................................................................................... 12

35 U.S.C. § 6 ............................................................................................. 12

Pub. L. No. 112-29 ....................................................................................... 4

**Regulations**

37 C.F.R. § 42.100(c)................................................................................... 3

37 C.F.R. § 42.107(b) .................................................................................. 3

## I.      INTRODUCTION

Defendant Kawasaki Heavy Industries, Ltd. ("Kawasaki") respectfully submits this memorandum of law in support of its Motion to Stay Litigation Pending the Outcome of *Inter Partes* Review of U.S. Patent No. 6,700,602 ("the '602 patent").

The '602 patent is the sole patent asserted in this litigation by plaintiff, Scott Blair ("plaintiff" or "Blair").  In his complaint, plaintiff alleges that certain Kawasaki railcars infringe claims 1-4 and 6 of the '602 patent.  On October 25, 2016, Kawasaki's subsidiary, Kawasaki Rail Car, Inc., filed a petition for *inter partes* review ("IPR") of the '602 patent with the Patent Trial and Appeal Board ("PTAB") of the U.S. Patent and Trademark Office ("PTO").  The IPR petition brings to the attention of the PTO several prior art references that previously were not considered during the prosecution and the reexamination of the '602 patent, and demonstrates that the claims identified in the complaint are unpatentable.  The PTAB must decide whether to institute IPR on the grounds requested by Kawasaki by May 7, 2017, and absent good cause, is required to complete its review within twelve months of institution.

In his infringement contentions, served on November 14, 2016, plaintiff for the first time identified additional claims (claims 5, 7-9 and 11-29) as allegedly being infringed by Kawasaki.  Kawasaki plans to file a second petition for IPR to address these newly asserted claims.

The Court should stay this litigation against Kawasaki until the conclusion of Kawasaki's IPR proceedings, including any appeals.  Doing so will eliminate or streamline the issues to be tried in this action (which is still in its early stages), and will not unduly prejudice or tactically disadvantage plaintiff.  Each of the relevant factors favors a stay.  First, plaintiff will not be unduly prejudiced by a stay because he does not compete with Kawasaki, and monetary damages will be adequate to compensate him for any delay and alleged infringement.  Second, a stay is

very likely to simplify the issues in this case.  According to the PTO's most recent statistics,

there is at least a 53% probability that the IPRs will be instituted, and for instituted IPRs, there is

approximately an 89% probability that at least some of the challenged claims will be found

unpatentable or the parties will settle the case.[1]  Even if the asserted claims are found patentable,

the IPR proceedings will still be relevant, and must be considered, because until the PTAB

proceedings are complete, the construction of the asserted claims of the '602 patent by the Court

would be based on an incomplete record, and any rulings by the Court might have to be vacated

or revisited.  Third, the stage of the case also favors a stay because this case is in its infancy:

discovery has just begun, claim construction briefing has not begun, expert discovery and

dispositive motion practice has not begun, and trial is yet to be scheduled.  Thus, a stay would

prevent unnecessary expenditure of time and resources by both the Court and the parties, and

would prevent duplicative proceedings on overlapping issues.

## II.    FACTUAL BACKGROUND

### A.    Procedural Background

On May 6, 2016, plaintiff filed a complaint accusing Kawasaki of infringing claims 1-4

and 6 of the '602 patent by manufacturing, offering for sale, and selling certain railcars.  (D.I.

1).[2]  A scheduling order was entered on September 27, 2016.  (D.I. 23).  On November 14, 2016,

plaintiff served its Infringement Contentions, identifying claims 1-4 and 6 (*i.e.*, the claims

---

[1]  *See* November 30, 2016 Patent Trial and Appeal Board Statistics, at 10 (attached as Ex. G to the Declaration of Armin Ghiam in Support of Defendant Kawasaki Heavy Industries, Ltd.'s Motion to Stay Litigation Pending the Outcome of *Inter Partes* Review of U.S. Patent No. 6,700,692 ("Ghiam Decl.")).

[2]  The complaint also accuses another defendant, Alstom S.A., of infringing claims 1-4 and 6 of the '602 Patent.  Alstom is not a party to Kawasaki's pending petition for IPR.

identified in Complaint), as well as claims 5, 7-9 and 11-29, as allegedly being infringed by Kawasaki.  (Ghiam Decl. Ex. F).  Kawasaki served its Invalidity Contentions on January 5, 2017.

The parties have exchanged some written discovery, but have not yet produced any documents and have not noticed or taken any depositions.  A *Markman* hearing is scheduled for June 5, 2017, and claim construction briefing has not yet begun.  (D.I. 23).  Fact discovery closes on July 31, 2017, expert discovery closes on November 17, 2017, and dispositive motions are to be filed by December 4, 2017.  Trial has not yet been scheduled.

### B.   Overview of IPR Proceedings

On October 25, 2016, Kawasaki Rail Car, Inc., on behalf of itself and Kawasaki, filed a petition for *inter partes* review of the '602 patent, challenging claims 1-4 and 6 as anticipated or obvious in view of the prior art.  (Ghiam Decl. Ex. A).  The IPR petition brings to the attention of the PTO several prior art references that previously were not considered during the prosecution and the reexamination of the '602 patent, and demonstrates that the claims identified in the complaint are unpatentable.

On November 7, 2016, the PTAB issued a notice of filing date for the petition, and set Blair's preliminary response deadline as February 7, 2017.  (Ghiam Decl. Ex. B).  The PTAB must decide whether to institute IPR on the grounds requested by Kawasaki no later than May 7, 2017,[3] and is required to complete its review within twelve to eighteen months of institution.  37 C.F.R. § 42.100(c).

---

[3]  The PTAB must decide whether to institute *inter partes* review within six months of the date of a PTO notice indicating that an IPR request has been granted a filing date, here November 7, 2016.  35 U.S.C. § 314(b) (requiring institution within three months of either receipt of a patent owner's preliminary response or the last date that such a preliminary response may be filed); 37 C.F.R. § 42.107(b) (requiring that a patent owner's preliminary response be filed within three months of the PTO notice of an IPR filing date); (Ghiam Decl. Ex. B (November 7, 2016 Notice of Filing Date according Kawasaki's petition a filing date of October 25, 2016)).

Kawasaki is in the process of preparing, and soon will file, a second IPR petition to challenge the newly asserted claims in plaintiff's Infringement Contentions. The newly asserted claims are anticipated or rendered obvious by many of the same prior art references in Kawasaki's first IPR, as well as others.

## III.   ARGUMENT

A district court has the inherent and discretionary power to stay patent infringement litigation pending PTO review of the asserted patent, such as *inter partes* reexamination or IPR. *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). On September 16, 2012, the Leahy-Smith America Invents Act ("AIA") replaced *inter partes* reexamination with IPR. Pub. L. No. 112-29, §314(a), 125 Stat. 284 (2011) (codified at 35 U.S.C. § 314(a) (2013)). The IPR process was created in order to have the PTO more "engaged in a transparent process to create a timely, cost-effective alternative to litigation." Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents, 77 Fed. Reg. 48680, 48680 (Aug. 14, 2012) (codified at 37 C.F.R. pt. 42).

Because IPR has some similarities to *inter partes* reexamination,[4] courts have applied precedent regarding stays pending reexamination when evaluating motions for a stay pending IPR. *See, e.g., Think Prods., Inc. v. Acco Brands Corp.*, No. CV 14-6659 (KAM) (SIL), slip op. at 4 (E.D.N.Y June 19, 2015) ("Although the current IPR procedure is new, courts analyze motions to stay pending inter partes review using the framework applicable to motions to stay

---

[4]  IPR is similar to *inter partes* reexamination in that the petitioner for IPR actively participates in the proceeding and is estopped by the outcome (in contrast with *ex parte* reexamination). *See* 35 U.S.C. § 315; *Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1326 (Fed. Cir. 2013) ("The purpose of this reform was to convert inter partes reexamination from an examinational to an adjudicative proceeding . . . .").

pending reexamination.") (internal quotations and citations omitted)[5]; *SurfCast, Inc. v. Microsoft Corp.*, No. 2:12-cv-333, 2014 WL 6388489, at * 1 (D. Me. Nov. 14, 2014) ("District Courts have continued to apply the framework governing stays with respect to the administrative process that preceded IPR . . . .").

Courts have recognized that there can be significant benefits in staying a litigation pending completion of PTO review.  *See Capriola Corp. v. LaRose Indus., LLC*, No. 8:12-cv-2346-T-23TBM, 2013 U.S. Dist. LEXIS 65754, at *2 (M.D. Fla. Mar. 11, 2013) ("The defendants cite the concrete, numerous, and well-recognized benefits of resort to the PTO, including (1) furthering judicial economy; (2) determining validity; (3) focusing the issues, defenses, and evidence; (4) developing the prior art and prosecution history; (5) obtaining the PTO's particular expertise; (6) encouraging settlement; and (7) reducing costs to the parties.") (internal quotation and citation omitted); *see also Think Prods.*, slip op. at 7-8 ("A stay of this proceeding would shift to the PTO the issue of the Patents' validity."); *Evolutionary Intelligence LLC v. Yelp Inc.*, No. C-13-03587 DMR, 2013 U.S. Dist. LEXIS 178547, at *18 (N.D. Cal. Dec. 18, 2013) ("[T]he PTAB's expert opinion will provide guidance for the Court on the pertinent issues."); *Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-cv-3970 RMW, 2013 U.S. Dist. LEXIS 133707, at *5 (N.D. Cal. Sept. 17, 2013) ("Even if these claims are not all cancelled, the IPR could encourage settlement or lead to amendments to the claims, which could create intervening rights and limit potential damages."); *Microsoft Corp. v. TiVo Inc.*, No. 10-CV-00240-LHK, 2011 U.S. Dist. LEXIS 52619, at *13-14 (N.D. Cal. May 6, 2011) ("[S]ince it is possible that this Court and the PTO could reach inconsistent conclusions regarding the same

---

[5]  A copy of this opinion is attached as Ghiam Decl. Ex. H.

patent, there is a significant concern of wasting resources by unnecessarily proceeding forward.")
(internal citation and quotation omitted).

"Courts typically consider three factors in deciding a motion to stay pending action by the
PTO: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the
non-moving party; (2) whether a stay will simplify the issues for trial; and (3) the status of the
case including whether discovery is complete and a trial date set." *Think Prods.*, slip op. at 4.
Here, all three factors weigh in favor of granting a stay.

> **A.  Granting a Stay Will Not Unduly Prejudice or Tactically Disadvantage
> Plaintiff, But Instead Will Benefit Both Parties and the Court**

*First*, granting a stay of this litigation will not unduly prejudice plaintiff.  This is because
Blair does not make or sell any products that embody the '602 patent, compete in the market
with the accused Kawasaki railcars, or otherwise derive a profit.  (D.I. 1 (lacking any allegations
of the same); Ghiam Decl. Exs. D at 15-16 (confirming that Blair has no financial information
regarding products that embody the subject matter of the '602 patent), and E at 4 (seeking
damages "adequate to compensate for Defendant's infringement, but in no event less than a
reasonable royalty")).  If the PTAB institutes the IPRs, it will proceed expeditiously to a final
written decision within a year (or eighteen months, at most).[6]  Even if one of the asserted claims
were to survive the IPRs without amendment and plaintiff were to prevail in the resumed
litigation, plaintiff can still seek damages for past infringement and can seek prejudgment
interest to compensate for any delay.  And, in the event the PTAB declines to institute the IPRs,

---

[6] IPRs are time-limited by statute to a period of one year from institution.  35 U.S.C. §
316(a)(11).  Although the statute allows the PTAB to extend the period by no more than 6
months "for good cause," *id.*, the PTAB has stated that "[e]xtensions of the one-year period are
anticipated to be rare."  Changes to Implement Inter Partes Review Proceedings, Post-Grant
Review Proceedings, and Transitional Program for Covered Business Method Patents, 77 Fed.
Reg. 48680, 48695 (Aug. 14, 2012) (codified at 37 C.F.R. pt. 42).

a stay will be of short duration (less than 4 months), and plaintiff would certainly suffer no undue prejudice under that scenario.

Courts have recognized the delay inherent in granting a stay.  However, "the delay resulting from a stay pending IPR review, standing alone, does not constitute the sort of undue prejudice contemplated under the test." *PPC Broadband, Inc. v. Corning Gilbert, Inc.*, No. 5:12-CV-0911 (GLS/DEP), slip op. at 17 (N.D.N.Y. Mar. 13, 2014) (citing *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1033 (C.D. Cal. 2013))[7]; *see also Internet Patents Corp. v. eBags, Inc.*, No. C 12-03385 SBA, 2013 U.S. Dist. LEXIS 122868, at *12 (N.D. Cal. Aug. 28, 2013) ("[C]ourts have refused to find undue prejudice based solely on delay caused by the reexamination process.").  Instead, courts consider whether a stay would harm the patentee's business operations or place it at a clear tactical disadvantage in the lawsuit.  *See PPC Broadband*, slip op. at 17, 21-22.  There are "[f]our subfactors [that] are germane to the undue prejudice inquiry: (1) the timing of the request for the review; (2) the timing of the request for a stay; (3) the status of the review proceeding; and (4) the relationship of the parties." *Think Prods.*, slip op. at 4.

With respect to the first two subfactors, there is no undue prejudice to Blair due to the timing of Kawasaki's request for IPR and the timing of Kawasaki's motion for a stay.  Kawasaki has acted diligently both in filing its IPR petitions and in filing this stay motion.  The complaint was filed on May 6, 2016, but plaintiff did not attempt service until at least June 5, 2016.[8]  Less

---

[7]  A copy of this opinion is attached as Ghiam Decl. Ex. C.

[8]  Kawasaki disputes the propriety of plaintiff's attempted service of process on June 5, 2016. Nevertheless, to avoid unnecessary motion practice, Kawasaki agreed to waive service in exchange for plaintiff's agreement that the deadline for Kawasaki to respond to the complaint would be September 1, 2016.  (D.I. 11).

than five months after receipt of the complaint, Kawasaki (through its U.S. subsidiary, Kawasaki Rail Car, Inc.) filed a petition challenging the claims of the '602 patent that were identified in the complaint.  *See Think Prods.*, slip op. at 5 (finding that the defendants acted expeditiously when they filed the petition for IPR "well within the one year time period set forth by the statute"); *see also* 35 U.S.C. § 315(c) (petitions for IPR must be filed within one year of service of a complaint alleging patent infringement).  Kawasaki then promptly asked plaintiff whether it would voluntarily consent to a stay, but plaintiff refused.  Kawasaki filed this stay motion shortly thereafter, once it had received and reviewed plaintiff's Infringement Contentions (identifying all claims asserted against Kawasaki in this action) and discovery responses (confirming that plaintiff does not compete with Kawasaki, and seeks monetary damages in the form of a reasonable royalty).  Kawasaki is also prepared to file its second IPR petition challenging the newly identified claims in plaintiff's Infringement Contentions well before the one-year deadline passes.  These subfactors therefore weigh in favor of a stay.

With respect to the third subfactor, there is no undue prejudice to plaintiff as a result of the status of the review proceeding.  Unlike reexamination proceedings (which sometimes took years to complete), the PTAB is statutorily required to render a final IPR decision within twelve to eighteen months of institution.  35 U.S.C. § 316(a)(11).  Thus, although the IPR process has just begun and an institution decision may not issue until May 7, 2016, the IPR proceedings will not result in significant delay.  *Evolutionary Intelligence*, 2013 WL 6672451, at *22 ("[I]f the PTAB rejects the IPR request, the stay will be relatively short. Plaintiff has not sufficiently identified the prejudice it would suffer if discovery was stayed for about four months at a maximum, from December 2013 until April 2014, the latest date on which the PTO must decide whether to proceed with IPR.").  In the unlikely scenario that the PTAB "declines *inter partes*

review, little time is lost, but if [the PTAB] grants *inter partes* review, the promise is greater for

an important contribution by the [PTAB] to resolution of the governing issues in the litigation."

*Capriola Corp. v. LaRose Indus., LLC*, No. 8:12-cv-2346-T-23TBM, 2013 U.S. Dist. LEXIS

65754, at *6 (M.D. Fla. Mar. 11, 2013).  Although some courts have denied stay motions prior to

an institution decision, many other courts have recognized the value of obtaining the PTO's

expert view and have granted stays prior to institution.  *See, e.g.*, *Think Prods.*, slip op. at 4-5

("The Court . . . believes that the better course is to allow the PTO to apply its expertise to these

proceedings before considerable judicial resources are expended.); *Evolutionary Intelligence*,

2013 U.S. Dist. LEXIS 178547, at *7 ("[I]t is not uncommon for this court to grant stays pending

reexamination prior to the PTO deciding to reexamine the patent . . . .") (internal quotation

omitted); *Pride Mobility Prods. Corp. v. Permobil, Inc.*, No. 13-cv-01999, 2013 U.S. Dist.

LEXIS 171911, at *13 (E.D. Pa. Aug. 14, 2013) ("[E]ven if the challenged claims survive

review, this Court may yet receive valuable insight from the PTO's expert opinion."); *see also*

*Univ. of Va. Patent Found. v. Hamilton Co.*, No. 3:13-cv-00033, 2014 U.S. Dist. LEXIS 135202,

at *8 (W.D. Va. Sep. 25, 2014); *SSW Holding Co. v. Schott Gemtron Corp.*, No. 3:12CV-661-S,

2013 U.S. Dist. LEXIS 118326, at *7-10 (W.D. Ky. Aug. 19, 2013).

  With respect to the fourth subfactor (*i.e.*, the relationship of the parties), courts have

weighed this factor in favor of the moving party when the parties are not direct competitors and

the non-moving party would not suffer irreparable harm if the moving party continues to use the

accused technology.  *Think Prods.*, slip op. at 6-7 ("Because the parties are not direct

competitors, Plaintiff 'does not risk irreparable harm by defendants' continued use of the accused

technology and can be fully restored to the status quo ante with monetary relief.'") (quoting

*Software Rights Archive LLC v. Facebook, Inc.*, No. C-12-3970, 2013 WL5225522, at *6 (N.D.

Cal. Sept. 17, 2013)); *see also Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 U.S. Dist. LEXIS 186322, at *10-11 (C.D. Cal. Dec. 19, 2012) (concluding that the undue prejudice factor favored granting a stay when the parties were not direct competitors).  Here, Blair is an individual who does not make railcars and does not compete with Kawasaki.  (Ghiam Decl. Exs. D-E).  Because the parties do not compete in the market, Blair can be adequately compensated by monetary damages for any alleged infringement by Kawasaki.  *See Think Prods.*, slip op. at 6-7.  Accordingly, this subfactor also weighs in favor of a stay.

As discussed above, granting a stay would not place plaintiff at a tactical disadvantage in this case or result in any undue prejudice.  The final determinations in the Kawasaki IPRs will issue in the spring or summer of 2018.  If this lawsuit is stayed until then, the parties' limited pretrial work to date will not be wasted.  On the other hand, if this litigation is not stayed, it will shortly proceed into the claim construction phase, followed by document production, depositions, expert discovery, dispositive motion practice, and trial preparation on many of the same issues that will be simultaneously addressed by the parties and the PTAB in the IPR proceedings.  A stay will benefit, not prejudice, both Kawasaki and Blair.  A stay will also benefit the Court by avoiding duplication and waste.  This first factor, therefore, weighs heavily in favor of a stay.

### B.    A Stay Is Highly Likely to Simplify the Issues to Be Tried in this Case

*Second*, an *inter partes* review proceeding will result in simplification of the issues in this case.  Blair has asserted only one patent in this case, and all of the asserted claims of the '602 patent have been or are in the process of being challenged by Kawasaki before the PTO. The outcome of the IPR proceedings will either eliminate altogether or substantially narrow the issues to be tried in this case, and the IPR process will be completed within twelve months (or

eighteen months, for good cause) after institution.  Proceeding with this case in parallel creates a substantial risk that the parties and the Court will unnecessarily expend resources litigating issue that will either be eliminated or substantially altered by the IPR process.

In order to institute an IPR, the PTAB must determine "that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."  35 U.S.C. § 314(a).  Therefore, if the PTAB does institute the IPRs here, the likely result will be cancellation of claims, which either will end the litigation (if all asserted claims are cancelled) or greatly simplify the issues (by reducing the number of claims litigated).  In its pending IPR petition, Kawasaki has presented grounds of invalidity, supported by declarations from fact and expert witnesses, citing primary prior art references that were not previously considered by the PTO.  Accordingly, the IPRs are likely to be instituted and, if instituted, are highly likely to result in simplification of the issues.[9]

Once instituted, the IPR process could moot this entire action.  *Think Prods.*, slip op. at 7 ("If the PTO finds that the Patents are invalid, this action will be rendered moot."); *Evolutionary Intelligence*, 2013 U.S. Dist. LEXIS 178547, at *16 ("[I]f the PTAB cancels all of the asserted claims of the Asserted Patents, this action will be rendered moot.").  Absent a stay, any claim construction, infringement, and validity issues relating to those claims litigated by the parties and ruled on by the Court may become moot or have to be vacated.  *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[I]f the PTO confirms the original claim in identical form, a suit based on that claim may continue, but if the original claim is cancelled or amended to cure invalidity, the patentee's cause of action is extinguished and the

---

[9]  As of November 30, 2016, the PTAB has instituted 53% (2072 of 3930) of IPRs that it has considered.  (Ghiam Decl. Ex. G at 10).  Post-institution, 89% of the IPRs have resulted in either settlement or cancellation of all or some of the challenged claims.  *Id.*

suit fails."); *Evolutionary Intelligence*, LEXIS 178547 at *18 ("[I]f the PTAB determines that the Asserted Patents are invalid, the issues of infringement, claim construction, and prior art would be moot.").

In addition, even if any asserted claims were to survive the IPR proceedings, Kawasaki would be estopped from challenging such claims in district court proceedings on any ground that Kawasaki raised, or reasonably could have raised, in the IPR proceedings.  *See* 35 U.S.C. § 315(e).  This has led many courts to conclude that IPR proceedings result in simplification of issues, and thus, this factor weighs in favor of a stay.  *See, e.g., Think Prods.*, slip op. at 8 ("Accordingly, the Court finds that a decision from the PTO would, at the very least, simplify the issues in this proceeding.").

Moreover, even if the litigation resumes after the IPRs are concluded, the Court will have the benefit of the expertise of the PTAB and the additional record of the IPR proceedings (including patentability arguments made by the patent owner) as a resource in conducting claim construction.  35 U.S.C. §§ 6, 316(c).  Any claim construction, infringement, and invalidity rulings by this Court may need to be vacated or revisited because the IPR proceedings are relevant evidence that must be considered as part of the Court's construction of the asserted claims.  *Ericsson Inc. v. TCL Commun. Tech. Holdings, Ltd.*, No. 2:15-cv-00011-RSP, 2016 U.S. Dist. LEXIS 37502, at *13-14 (E.D. Tex. Mar. 23, 2016) ("[T]he claim construction positions taken by the parties before the PTAB may inform subsequent claim construction proceedings in this court."); *E2Interactive, Inc. v. Blackhawk Network, Inc.*, 561 F. App'x 895, 896-98 (Fed. Cir. 2014) (reversing judgment of infringement when district court, in construing the claims, failed to give effect to the patent owner's limiting statements made during reexamination proceeding).

Accordingly, awaiting the outcome of the IPRs prior to devoting any resources to discovery, claim construction, expert reports, summary judgment or trial in this action is the most efficient course of action. To do otherwise would almost certainly require the Court to conduct claim construction again after the IPRs have concluded. This factor thus weighs in favor of a stay.

### C. The Early Stage of This Case Favors a Stay

*Third*, a stay is particularly warranted where, as here, this case is in its initial stages. *Think Prods.*, slip op. at 8 ("There is a liberal policy in favor of granting motions to stay proceedings pending reexamination of a patent, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery.") (internal citation and quotation omitted). "Granting a stay early in the case can be said to advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *Id.* (internal citations omitted); *see also EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81 (DF), 2006 U.S. Dist. LEXIS 48431, at *10 (E.D. Tex. July 14, 2006) ("[A]lthough there has been a great deal of activity in this litigation to date, much remains to be done before the case is ready for trial. Discovery is not yet completed, summary judgment motions have not been filed, and the Court has not completed its claim construction. It would be an egregious waste of both the parties' and the Court's resources if the Markman and summary judgment proceedings went forward and the claims were subsequently declared invalid or were amended as a result of reexamination proceedings.").

This case is in its earliest stages. A Scheduling Order was issued on September 27, 2016. (D.I. 23). No depositions have been noticed or taken. Claim construction proceedings have not yet begun. Plaintiff served his Local Patent Rule 6 Infringement Contentions on November 14, 2016, and Kawasaki served its Local Patent Rule 7 Invalidity Contentions on January 5, 2017.

- 13 -

(Ghiam Decl. at ¶ 5).  A significant amount of work remains to be done in this case – including claim construction and summary judgment proceedings – but such determinations may become moot or likely will need to be reconsidered in view of statements made during IPR.  Therefore, this factor weighs heavily in favor of a stay as well.

## IV.    CONCLUSION

For the foregoing reasons, Kawasaki respectfully requests that the Court stay this litigation pending completion of IPR proceedings of the '602 patent, including any appeals.


Dated: <u>January 10, 2017</u>                                    Respectfully submitted,


                                                                <u>/s/ Sheila Mortazavi</u>
                                                                Sheila Mortazavi
                                                                smortazavi@andrewskurthkenyon.com
                                                                Zaed M. Billah
                                                                zbillah@andrewskurthkenyon.com
                                                                Armin Ghiam
                                                                aghiam@andrewskurthkenyon.com
                                                                ANDREWS KURTH KENYON LLP
                                                                One Broadway
                                                                New York, NY 10004
                                                                Telephone: (212) 425-7200
                                                                Facsimile: (212) 425-5288

                                                                *Attorneys for Defendant Kawasaki Heavy*
                                                                *Industries, Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on <u>January 10, 2017</u>, I caused the foregoing document, the

accompanying Declaration of Armin Ghiam and the attached exhibits thereto to be electronically

filed with the Clerk of the Court using the CM/ECF system which will send notification of such

filing to all attorneys of record.

/s/ Armin Ghiam          