**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

SCOTT BLAIR,

     Plaintiff,

     v.

ALSTOM S.A. AND KAWASAKI
HEAVY INDUSTRIES, LTD.,

     Defendants.

Case No. 1:16-cv-03391-PAE

**JURY TRIAL DEMANDED**

**PLAINTIFF SCOTT BLAIR'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT KAWASAKI HEAVY INDUSTRIES, LTD.'S MOTION TO STAY
<u>LITIGATION</u>**

## <u>TABLE OF CONTENTS</u>

I.     PRELIMINARY STATEMENT..................................................................................1

II.    FACTUAL BACKGROUND...................................................................................2

III.   ARGUMENT.........................................................................................................3

    A.     Kawasaki's motion to stay is premature....................................................4

    B.     Kawasaki cannot meet its burden of proving a stay is warranted ...........5

        1.     Defendant cannot show that granting a stay would simplify the issues
            in this case...........................................................................................6

        2.     A stay would be prejudicial to Blair and provide Defendants with a
            clear tactical advantage....................................................................8

            a.     Blair would be unduly prejudiced if this case is stayed.................8

            b.     A stay would provide Defendants with a tactical advantage........10

        3.     The stage of this litigation militates against a stay..................10

IV.    CONCLUSION.....................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*CANVS Corp. v. United States*, 118 Fed. Cl. 587 (2014) ............................................................ 6

*CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13-CV-05669 NSR, 2014 WL 2854656
(S.D.N.Y. June 20, 2014) ..................................................................................... 4, 5, 6, 10

*Chrimar Sys., Inc. v. Adtran, Inc.*, No. 6:15-CV-618-JRG-JDL, 2016 WL 4080802 (E.D. Tex.
Aug. 1, 2016)................................................................................................................... 9

*Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. C06–04206–WHA, 2007 WL
1052883 (N.D.Cal. Apr. 5, 2007)..................................................................................... 5

*Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, C.A. No. 12-2730 (ADM/AJB) 2013 WL 4483355
(D. Minn. Aug. 20, 2013)................................................................................................. 7

*Depomed, Inc. v. Purdue Pharma L.P.*, 2014 WL 3729349 (D.N.J. July 25, 2014) ..................... 7

*Dura Glob. Techs., LLC v. Magna Int'l Inc.*, No. 11-CV-10551-SFC-MKM, 2011 WL 5039883
(E.D. Mich. Oct. 24, 2011)............................................................................................... 5

*Eagle View Techs., Inc. v. Xactware Sols., Inc.*, No. CV 15-7025 (RBK/JS), 2016 WL 7165695
(D.N.J. Dec. 7, 2016) ............................................................................................... 6, 7, 9

*Intellectual Ventures I LLC v. Xilinx, Inc.*, No. CV 10-1065-LPS, 2014 WL 906551 (D. Del.
Mar. 5, 2014)................................................................................................................ 10

*LakeSouth Holdings, LLC v. Ace Evert, Inc.*, No. 3:14-CV-1348-N, 2015 WL 10818619 (N.D.
Tex. June 17, 2015)......................................................................................................... 8

*Landis v. N. Am. Co.,* 299 U.S. 248 (1936) ................................................................................ 5

*Pentair Water Pool & Spa, Inc. v. Hayward Indus., Inc.*, C.A. No. 5:11-459-D, 2012 WL
6608619 (E.D.N.C. Dec. 18, 2012)................................................................................. 7

*Rensselaer Polytech. Inst. v. Apple Inc.,* No. 1:13–CV–0633 (DEP), 2014 WL 201965 (N.D.N.Y.
Jan. 15, 2014) ............................................................................................................. 4, 6

*Soverain Software LLC v. Amazon.com, Inc.,* 356 F.Supp.2d 660, 662 (E.D.Tex. 2005).............. 5

*Straight Path IP Group, Inc. v. Vonage Holdings Corp.,* No. 14–502(JLL)(JAD), 2014 WL
4271633 (D.N.J. Aug. 28, 2014)..................................................................................... 5

*Straight Path IP v. Verizon Communications, Inc.*, 2016 WL 6094114 (S.D.N.Y. Oct. 18, 2016) 6

*Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, 2016 WL 3437605 (D. Del. June 17, 2016).................................................................................................................... 7

*TouchTunes Music Corp. v. Rowe Int'l Corp.*, 676 F. Supp. 2d 169 (S.D.N.Y. 2009)……..10

*Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015)............................................................................................................. 4

*Ultratec, Inc. v. CaptionCall, LLC*, 611 Fed. Appx. 720 (Fed. Cir. 2015)................................... 6

*Viskase Corp. v. Am. Nat'l Can Co.,* 261 F.3d 1316 (Fed. Cir. 2001) ........................................... 5

**Statutes**

35 U.S.C. § 315(2)(e)...................................................................................................... 6, 10

I.      PRELIMINARY STATEMENT

Defendant Kawasaki Heavy Industries, Ltd. ("Kawasaki" or "Defendant") filed a motion

asking this Court to stay this litigation based solely on the hope that the Patent Trial and Appeals

Board ("PTAB") will grant Kawasaki Rail Car's request for Inter Partes Review ("IPR") and a

hypothetical second IPR, which it claims it "plans to file" but has not yet done so.  Defendant's

petition challenges U.S. Patent No. 6,700,602 (the "602 patent"), which has already been the

subject of reexamination based on prior art asserted by the same subsidiary.  Kawasaki's motion

to stay this case should be denied for the following three reasons. First, its motion is premature.

Kawasaki Rail Car has merely filed a petition for IPR.  The PTAB has not decided whether to

initiate or reject review of Kawasaki Rail Car's petition and Kawasaki Rail Car's proposed

second petition has not been filed.  As the PTAB has already reviewed and rejected prior art

submitted by Kawasaki Rail Car for this very patent, there is no basis to believe that the PTAB

will grant review.

Second, a stay would not simplify the issues in this case.  The only petition for IPR

Kawasaki Rail Car has filed at present challenges merely 5 of the 28 asserted claims in this case.[1]

Further, even Kawasaki Rail Car's hypothetical second IPR request is filed and IPR is instituted

on all of the asserted claims, the fact that the other Defendant in this case, Alstom S.A., did not

join in Kawasaki Rail Car's IPR request, and is therefore not bound by the estoppel

consequences, heavily cuts against Kawasaki's argument that a stay would simplify the issues in

this case.

Third, Blair would be prejudiced if this case is stayed.  Plaintiff has a significant interest

in the timely and cost effective enforcement of his patent rights and relief from Defendants'

---

[1] Kawasaki's petition for IPR does not challenge independent claims 8, 15, and 20 or dependent claims 5, 7, 9, 11-14, 16-19, and 21-29 of the '602 patent.

infringement has already been delayed for nearly seven years pending the outcome of the '602 patent's reexamination. In the event the PTAB initiates IPR in this case, the entire IPR process will likely take well over four years if either party appeals to the Federal Circuit, which is currently backlogged.[2] Therefore, a stay would allow Defendants to continue their infringement for years and would significantly delay any relief sought by Plaintiff.

For these reasons and others set forth herein, this Court should deny Kawasaki's Motion to Stay.

## II.    FACTUAL BACKGROUND

More than six years ago, Plaintiff sent Kawasaki a cease and desist letter informing Kawasaki that its R160 and PA-5 rail cars infringe claims of the '602 patent. *See* Declaration of Frances H. Stephenson Exhibit F, at ¶ 7, January 24, 2017 ("Stephenson Decl."). In response, Kawasaki asserted that the claims of the '602 patent were invalid in view of four unpublished Japanese patent applications. In a good faith effort to address Kawasaki's arguments, Plaintiff requested that the United States Patent and Trademark Office ("USPTO") initiate reexamination proceedings to determine the patentability of claim 1 of the '602 patent over the art identified by Kawasaki.[3] On January 29, 2015, after the review of a USPTO examiner and an appeal to the PTAB, an Ex Parte Reexamination Certificate issued confirming claim 1 without amendment and adding claims 8-29, which were determined to be patentable. *See* Stephenson Decl. Exhibit A, at ¶ 2. During the PTAB's examination of the '602 patent, all prior art identified by Kawasaki was analyzed and rejected. A few weeks after the issuance of the reexamination certificate, Plaintiff's counsel contacted Kawasaki's counsel and advised them of the claims

---

[2] *See, e.g.*, Stephenson Decl. Exhibit E, at ¶ 6.
https://www.uspto.gov/dashboards/patenttrialandappealboard/main.dashxml (last visited January 20, 2017) (stating that there are 5,238 cases are awaiting to be heard on appeal for 14 or more months).
[3] Dependent claims 2-7 were not reexamined by the PTAB. Stephenson Decl. Exhibit A, at ¶ 2.

being affirmed and requested that Defendant cease its infringing activity.  *See* Stephenson Decl.

Exhibit B, at ¶ 3.  At this point, Kawasaki's counsel did not bring to Plaintiff's attention any

additional alleged prior art under which the claims of the '602 patent would be found invalid; but

rather maintained that they are not infringing the claims of the '602 patent. *See* Stephenson Decl.

Exhibit C, at ¶ 4. Kawasaki maintained this position up until at least December 1, 2015.  *See*

Stephenson Decl. Exhibit D, at ¶ 5.

     In May 2016, Plaintiff sued Defendant and Alstom S.A. after his efforts to resolve this

matter without litigation proved unsuccessful.[4]  In his complaint, Plaintiff asserts 28 claims of

the '602 patent against Defendants.  On October 25, 2016, Defendant's subsidary, Kawasaki

Rail Car, filed a petition for Inter Partes Review ("IPR") of claims 1-4 and 6 of the '602 patent.

In its Motion to Stay, Kawasaki asserts that Kawasaki Rail Car plans on filing a second petition

for IPR.

     Kawasaki Rail Car's petition for IPR of the '602 patent is nothing more than an attempt

to get a second bite at the apple before the PTAB.  Kawasaki Rail Car attempts to repackage

identical prior art and teachings as those already presented.  To the extent that Kawasaki Rail Car

presents new prior art in its petition for IPR, this art was discoverable and/or available at the time

of the reexamination of the '602 patent, and Kawasaki Rail Car chose not to present it at that

time.  Now, Kawasaki Rail Car attempts to offer the same, or even less persuasive, teachings of

previously considered references with the hope for a different outcome.  Because Kawasaki Rail

Car's IPR petition is essentially a repackaging of prior art and arguments already considered and

rejected by the PTAB, it is highly unlikely an IPR will be instituted.

## III.   ARGUMENT

---

[4] The parties engaged in further communications following Plaintiff's cease and desist and
Kawasaki's response.

Kawasaki's Motion to Stay should be denied because: (1) it is premature; and (2) granting a stay will not simplify the issues in this case and will be highly prejudicial to Plaintiff.

**A.      Kawasaki's motion to stay is premature**

This Court should deny or postpone deciding Kawasaki's motion to stay because it is premature.  The majority of courts, including in this district, have denied stay requests or postponed ruling on stay requests when the PTAB has not yet acted on the petition for review. *Rensselaer Polytech. Inst. v. Apple Inc.,* No. 1:13–CV–0633 (DEP), 2014 WL 201965, at *2, *5–9 (N.D.N.Y. Jan. 15, 2014)("Several courts have concluded that the factors relevant to a stay analysis cannot be meaningfully addressed until the PTO determines whether to institute an IPR."); *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13-CV-05669 NSR, 2014 WL 2854656, at *3 (S.D.N.Y. June 20, 2014) (denying a stay because "it is unclear at this stage whether the PTO will institute proceedings on any or all of the petitions").  *See also, Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *5 (E.D. Tex. Mar. 11, 2015)(citing additional authorities for the principle that a stay is premature).

Here, Kawasaki Rail Car's petition for review has not been granted and it is unclear when (or if) Kawasaki Rail Car will file a second petition.  Further, it is highly unlikely the PTAB will institute an IPR given the context and history of this case and the '602 patent.  After nearly five years of reexamination proceedings, all of the asserted claims of the '602 patent that were the subject of reexamination based on prior art asserted by Kawasaki Rail Car were affirmed and additional claims were added.

Defendant's statistics concerning the probability IPR will be instituted are misleading. Defendant sets forth statistics about all IPRs initiated at the PTAB generally, but does not tell the Court how many of those IPRs are first time reexaminations rather than second, repetitive reexaminations covering many of the same prior art references.  Given the fact that Kawasaki

Rail Car's current IPR request consists of identical or substantially similar prior art and rehashed arguments previously considered and rejected by the PTAB during the first reexamination, it is highly unlikely the PTAB would institute an IPR of the '602 patent or reverse its earlier affirmation of the validity of the challenged claims, especially when it was the PTAB itself, not the reexaminer, which ultimately decided to reaffirm.  Accordingly, Defendant's motion to stay this case is premature and should be denied.

**B.      Kawasaki cannot meet its burden of proving a stay is warranted**

"District courts have the inherent power to manage their dockets, which includes issuing a stay pending the conclusion of review proceedings before the USPTO."  *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, 13-cv-5669, 2014 WL 2854656, at *2 (S.D.N.Y. Jun. 20, 2014); *see also Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort itself, for counsel, and for litigants").

However, a stay is not automatic.  *See Viskase Corp. v. Am. Nat'l Can Co.,* 261 F.3d 1316, 1328 (Fed. Cir. 2001); *accord Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.,* No. C06–04206–WHA, 2007 WL 1052883, at *1 (N.D.Cal. Apr. 5, 2007) (explaining that stays are not automatic because "federal infringement actions would be dogged by fits and starts ... [and] should not be hijacked in this manner"); *Soverain Software LLC v. Amazon.com, Inc.,* 356 F.Supp.2d 660, 662 (E.D.Tex. 2005) (observing that a per se rule "would invite parties to unilaterally derail timely patent case resolution").   Moreover, because litigation and reexamination are concepts not in conflict, the two actions may continue along parallel tracks. *Viskase Corp. v. American Nat'l Can Co.,* 261 F.3d 1316, 1328 (Fed. Cir. 2001) ("The court is not required to stay judicial resolution in view of the reexamination proceedings."); *Dura Glob. Techs., LLC v. Magna Int'l Inc.,* No. 11-CV-10551-SFC-MKM, 2011 WL 5039883, at *6 (E.D.

Mich. Oct. 24, 2011); *Straight Path IP Group, Inc. v. Vonage Holdings Corp.,* No. 14–502(JLL)(JAD), 2014 WL 4271633, at *2 (D.N.J. Aug. 28, 2014) ("[N]o conflict [exists] ..., despite the fact that the two forums may come to differing conclusions on the same patent; the PTO and the district courts apply different standards and come to different legal conclusions.").

The decision whether to grant a stay is committed to the district court's sound discretion. *See, e.g.*, *Ultratec, Inc. v. CaptionCall, LLC*, 611 Fed. Appx. 720, 721-23 (Fed. Cir. 2015). Courts in this District consider three factors in determining whether a stay pending resolution of IPR proceedings is appropriate: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether a stay will prejudice the nonmoving party; and (3) the stage of the proceedings. *CDX*, 2014 WL 2854656, at *2. "These factors are not exclusive, however, and in the end, an overarching consideration of the circumstances in their totality governs." *Straight Path IP v. Verizon Communications, Inc.*, 2016 WL 6094114, at *2 (S.D.N.Y. Oct. 18, 2016) quoting *Rensselaer Polytechnic Inst. v. Apple Inc.*, 1:13-cv-0633, 2014 WL 201965, at *3 (N.D.N.Y. Jan. 15, 2014). The party seeking the stay bears the burden of demonstrating that such relief is warranted. *Straight Path IP*, 2016 WL 6094114, at *2; *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 591–92 (2014)(stating that a stay must be based on more than the mere fact that a petition for IPR was filed).

## 1. Defendant cannot show that granting a stay would simplify the issues in this case

First, the issues in this case will not be simplified if the PTAB initiates review of the '602 patent. Issue simplification can occur where the number of asserted claims and patents are reduced due to invalidation or the estoppel effect of the IPR proceedings. *See* 35 U.S.C. § 315(2)(e); *Eagle View Techs., Inc. v. Xactware Sols., Inc.*, No. CV 15-7025 (RBK/JS), 2016 WL 7165695, at *6 (D.N.J. Dec. 7, 2016) (barring the petitioner in an IPR proceeding that results in a

final decision by the PTO from asserting in a civil action invalidity arguments that the petitioner raised or reasonably could have raised during the IPR proceedings). Therefore, the number of claims asserted in the pending litigation relative to the number of claims subject to the IPR proceedings is a significant factor for the Court to consider. *Eagle View Techs., Inc. v. Xactware Sols., Inc.*, No. CV 15-7025 (RBK/JS), 2016 WL 7165695, at *6 (D.N.J. Dec. 7, 2016); *Depomed, Inc. v. Purdue Pharma L.P.*, 2014 WL 3729349, at *5 (D.N.J. July 25, 2014) ("The more the scope of the litigation exceeds the scope of the IPR proceedings, the less likely the IPR proceedings and requested stay will simplify the issues.").

This factor weighs against a stay when a low percentage of the asserted claims are at issue before the PTAB. *See, e.g.*, *Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, 2016 WL 3437605, at *2-3 (D. Del. June 17, 2016) (finding the "issue simplification" factor weighed against a stay where, *inter alia*, only 13 of the 43 asserted claims were under IPR); *Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, C.A. No. 12-2730 (ADM/AJB), 2013 WL 4483355, at *2 (D. Minn. Aug. 20, 2013) (denying stay where the movant only petitioned for review of two of the three patents-in-suit); *Pentair Water Pool & Spa, Inc. v. Hayward Indus., Inc.*, C.A. No. 5:11-459-D, 2012 WL 6608619, at *3 (E.D.N.C. Dec. 18, 2012) (finding the "issue simplification" factor weighed against a stay where the PTO instituted IPR proceedings for only four of the seven patents-in-suit).

Here, Defendant cannot prove that a stay will simplify the issues in dispute in this case. First, Kawasaki Rail Car's petition, the only petition filed at present, challenges only five of the 28 claims of the '602 patent Plaintiff asserts against Defendants in this action. Even if the PTAB grants Kawasaki Rail Car's request to review all of these claims, that still leaves 23 claims, including independent claims, that will not be reviewed or narrowed. Second, even if Kawasaki

files a second petition to request review of the all the asserted in this action, it is highly unlikely that the PTAB initiate review and/or amend any of the claims after the '602 patent has already endured five years of PTAB scrutiny based on the same or substantially similar prior art and arguments already presented by Kawasaki Rail Car.   Further, the prior art and extensive prosecution history of this case already benefits the Court and any additional benefit the Court may receive from the PTAB rehashing the same issues is minimal.

Third, though Kawasaki asserts that it would be estopped from challenging the asserted claims on any ground it raised or reasonably could have raised in any IPR proceedings, this bar would not apply to Alstom S.A., which did not join in Kawasaki Rail Car's IPR petition. Therefore these arguments would still be available to Alstom S.A. and would still need to be considered by the Court.

Additionally, as previously discussed, any inquiry into whether or not the issues in this case would be simplified if a stay were granted is purely speculative at this point since the PTAB has not determined whether an IPR will even occur.   Therefore, this factor weighs in favor of Plaintiff.

### 2.   A stay would be prejudicial to Blair and provide Defendants with a clear tactical advantage

This factor favors Plaintiff because: (1) Blair would be prejudiced if a stay were granted; and (2) a stay would reward Defendants with a tactical advantage.

### a.   Blair would be unduly prejudiced if this case is stayed

While the delay resulting from a stay pending IPR review alone does not constitute the sort of undue prejudice contemplated by this factor, a court should consider whether delay is compounded by the fact a patent has already been reexamined.  *See LakeSouth Holdings, LLC v. Ace Evert, Inc.*, No. 3:14-CV-1348-N, 2015 WL 10818619, at *1 (N.D. Tex. June 17, 2015)

(recognizing delay as prejudicial where the patent at issue already had reexamination for eight years).  Further, a patentee has a significant interest in the timely and cost effective enforcement of its patent rights.  *Chrimar Sys., Inc. v. Adtran, Inc.*, No. 6:15-CV-618-JRG-JDL, 2016 WL 4080802, at *2 (E.D. Tex. Aug. 1, 2016) (considering a potential delay of 16 months to be prejudicial); *Eagle View Techs., Inc. v. Xactware Sols., Inc.*, No. CV 15-7025 (RBK/JS), 2016 WL 7165695, at *4–5 (D.N.J. Dec. 7, 2016) (stating that a potential eight month delay while uninstituted IPR petitions are pending weighs heavily against a stay).

Staying this case will cause undue prejudice to Blair.  First, Blair has already incurred five years of uncertainty over his patent rights because of the previous reexamination of the '602 patent.  As Blair has an interest in the timely and cost effective enforcement of his patent rights, staying this case while Kawasaki Rail Car gets yet another chance to invalidate the '602 patent at the PTAB would be highly prejudicial.  Further, with respect to undue prejudice caused by the status of the review proceeding, Defendant reliance on *Evolutionary Intelligence* is not compelling.  Unlike the four-month delay in *Evolutionary Intelligence*, a delay in this case will be significant.  In *Evolutionary Intelligence*, the Defendant had already filed an IPR so there was a definite timeline on when the PTAB would decide whether to proceed.  Here, though Kawasaki Rail Car has filed one IPR, it has not yet filed a second IPR petition and it is wholly unclear if or when this will happen.  While this court deemed a potential four-month delay in *Evolutionary Intelligence* relatively short, waiting for the PTAB to either proceed or not proceed with Kawasaki Rail Car's petition for IPR and proposed second IPR could take almost a year.[5]  This

---

[5] Under 35 U.S.C. § 315(c), petitions for IPR must be filed within one year of service of a complaint alleging patent infringement.  Plaintiff served its complaint on Defendants in early June of 2016, meaning that Kawasaki Rail Car has until June of this year to file its second petition and the PTAB has six months after that to determine whether to initiate proceedings. Thus, it may be nearly 11 months before the PTAB determines whether to initiate proceedings.

type of delay before the PTAB even decides whether to initiate IPR would be significantly prejudicial to Plaintiff.

Additionally, Kawasaki's argument that Plaintiff will not be prejudiced by a stay because the parties are not direct competitors is not determinative. *See, e.g.*, *Intellectual Ventures I LLC v. Xilinx, Inc.*, No. CV 10-1065-LPS, 2014 WL 906551, at *2 (D. Del. Mar. 5, 2014) (stating that the fact that Plaintiff and Defendant are not direct competitors may diminish but not eliminate prejudice to a plaintiff that would result from a stay).

### b.      A stay would provide Defendants with a tactical advantage

In addition to being prejudicial to Blair, staying this case would provide Defendants with a tactical advantage. If IPR is initiated, Kawasaki will be estopped from asserting §102 and §103 prior art that it raised or could have raised. *See* 35 U.S.C. § 315(e)(2). Alstom S.A., however, is not subject to this estoppel bar, as it did not join in the filing of Kawasaki Rail Car's IPR request. Though Kawasaki states that this estoppel bar will simplify the issues in this case, because Alstom S.A. did not join the IPR request, Defendants would be allowed to present identical prior art references both at the IPR and at trial. Thus, staying the case pending the outcome of the IPR would tactically benefit Defendants. Accordingly, this factor favors Plaintiff.

### 3.      The stage of this litigation militates against a stay

Even where a case is in its early stages of litigation, a stay should still be denied if it offers limited potential to narrow the issues in the case and the non-moving party will suffer undue prejudice by the delay. *See CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13-CV-05669 NSR, 2014 WL 2854656, at *4 (S.D.N.Y. June 20, 2014); *TouchTunes Music Corp. v. Rowe Int'l Corp.*, 676 F. Supp. 2d 169, 178 (S.D.N.Y. 2009).

Here, Plaintiff filed suit against Defendants on May 6, 2016 and the Court entered the parties' civil case management plan and scheduling order on September 27, 2016. The parties

have already exchanged infringement and invalidity contentions and have already served their first set of requests for documents and interrogatories and respective responses to those have been served.  Further, the dispute between the parties has spanned nearly seven years and Plaintiff has been unable to enforce his patent rights during this time.  In sum, even if this case is deemed to be in the early stages of litigation, a stay should be denied because it will not narrow the issues in the case and Blair would suffer significant prejudice if this case is further delayed. In sum, all of the factors weigh against staying this case.

**IV.     CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court deny Kawasaki's Motion to Stay.


Date:   January 24, 2017

Respectfully submitted,

 _/s/ Darius Keyhani__
Darius Keyhani
Meredith & Keyhani, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
Tel. (212) 760-0098
Fax (212) 202-3819
dkeyhani@meredithkeyhani.com
*Attorneys for Plaintiff*