# Kenyon & Kenyon

Sheila Mortazavi
Direct 212.908.6346
smortazavi@kenyon.com

Kenyon & Kenyon LLP
One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

July 31, 2015

**By FedEx and E-mail**

Ameet A. Modi
Desmarais LLP
230 Park Avenue
New York, NY 10169
amodi@desmaraisllp.com

Re:   U.S. Patent No. 6,700,602 to Blair

Dear Mr. Modi:

Our firm has been engaged by Kawasaki Rail Car, Inc. ("Kawasaki") in response to your February 27, 2015 letter alleging that Kawasaki's PA-5 and R-160 rail cars infringe U.S. Patent No. 6,700,602 ("the '602 patent").

We understand that there were prior communications between Desmarais LLP and Kawasaki prior to Kenyon being engaged. Specifically, we have a copy of your firm's October 8, 2010 letter to Kawasaki, and the infringement claim charts enclosed therewith. We note that your primary evidence of infringement for many of the limitations consists of Internet links that are now inactive.

Notwithstanding your outdated claim charts, based on our review and analysis, it is apparent that the Kawasaki's R-160 and PA-5 rail cars do not infringe any claim of the '602 patent because they do not satisfy at least the limitation "with the screen of the monitor substantially flushed with the adjacent wall surface structure of the car," which appears in claim 1, or the corresponding limitations that appear in the other independent claims.

Specifically, during the '602 patent reexamination proceeding in the U.S. Patent & Trademark Office, in order to traverse the examiner's rejections under 35 U.S.C. §§ 102 and 103, the patent owner repeatedly disclaimed a broad scope of the term "substantially flushed." For example, the patent owner explained that Fig. 4a of the '602 patent embodies "a screen that is substantially flushed with the adjacent wall surface," as required by claim 1, and that unlike the prior art, there is "no protrusion of the display" in the configuration depicted in Fig. 4a. (March 9, 2012 Response to Office Action, p. 8; *see also id.* at 10-12.)

In light of the disclaimers by the patent owner, the very pictures provided in your 2010 claims charts indicate that Kawasaki's rail cars do not infringe. We do not see any reasonable or

Ameet A. Modi
July 31, 2015
Page 2

Kenyon&Kenyon

good-faith basis on your part for asserting that Kawasaki infringes any claim of the '602 patent. *See, e.g., Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 134 S. Ct. 1749 (2014).

Sincerely,

Sheila Mortazavi