IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT BLAIR,<br><br>    Plaintiff,<br><br>v.<br><br>ALSTOM TRANSPORTATION, INC. AND KAWASAKI RAIL CAR, INC.,<br><br>    Defendants. | Case No. 1:16-cv-03391-PAE<br><br>**JURY TRIAL DEMANDED** |

## CORRECTED COMPLAINT

Plaintiff Scott Blair ("Blair" or "Plaintiff"), files this Corrected Complaint against defendants Alstom Transportation, Inc. ("Alstom") and Kawasaki Rail Car, Inc. ("Kawasaki") (hereinafter collectively "Defendants"), and as claim for relief states as follows:

## PRELIMINARY STATEMENT

1. This is an action for patent infringement under the Patent Act.

## PARTIES

2. Blair is an individual with an address of 1 Toronto Street, Suite 910 Toronto, Ontario Canada M5C 2V6.

3. On information and belief, defendant Alstom is a New York Domestic Business Corporation having a principal executive office at 641 Lexington Avenue, 28th Floor, New York, New York 10022.

4. On information and belief, Alstom is in the business of designing and manufacturing transportation related products including commuter trains and rail cars for mass transportation.

5. On information and belief, defendant Kawasaki is a New York Domestic Business

Corporation having a principal executive office at 29 Wells Avenue, Building #4, Yonkers, New York 10701.

6. On information and belief, Kawasaki is in the business of, among other products, the design and manufacture of heavy equipment and transportation related products, including commuter trains and railcars for mass transportation.

## JURISDICTION

7. This is an action for patent infringement arising under the patent laws of the United States, United States Code, Title 35, §§ 1 *et seq*.

8. This Court has subject matter jurisdiction of the action under Title 28, United States Code, §§ 1331, 1338(a) because this action arises under the Patent Laws of the United States, 35, U.S.C. § 1 *et seq*.

9. Venue in this judicial district is proper under Title 28, United States Code, §§ 1391(b) and 1400(b).

10. This Court had personal jurisdiction over Defendants because Defendants offer for sale and sell railcars that infringe the patent-in-suit and continuously conduct business activities and transactions within this District.

## BACKGROUND

11. Blair is the owner of all rights, title and interest in and to United States Patent No. 6,700,602 and *Ex Parte* Reexamination Certificate (10487th) (hereinafter "the '602 Patent"), titled "Subway TV media system," attached hereto as **Exhibit A**.

12. Defendants are manufacturing, offering for sale and selling railcars, including but not limited to, R160 and PA-5 railcars that directly infringe at least claims 1, 2, 3, 4 and 6 of the '602 Patent.

2

13. Defendants were put on notice of their infringement of the claims of the '602 Patent since 2010 and the Defendants continue to infringe the claims of the '602 Patent.

## COUNT ONE
## INFRINGEMENT OF U. S. PATENT NO. 6,700,602
## (ALSTOM)

14. Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1-13 herein.

15. Pursuant to 35 U.S.C. § 271(a), Alstom has infringed, and continues to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4 and 6 of the '602 Patent by making, offering for sale, selling, distributing, promoting or providing for use by others in the United States, rail cars, including but not limited to R160A railcars.

16. In violation of 35 U.S.C. § 271(b), Defendants have infringed, and are continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4 and 6 of the '602 Patent indirectly by inducing the infringement of the '602 Patent claims by third parties, including but not limited, to the Port Authority Trans-Hudson Corporation and MTA New York City Transit by inducing the purchase and use of the infringing railcars.

17. Alstom's affirmative acts of manufacturing, offering for sale, and selling of railcars, including but not limited to, R160A infringe at least claims 1, 2, 3, 4 and 6 of the '602 Patent.

18. Alstom knowingly and specifically intended third parties to infringe the '602 Patent's claims. Alstom knew of the '602 Patent, performed affirmative acts that constitute induced infringement, and knew or should have known that those acts would induce actual infringement of one or more of the '602 Patent's claims by third parties.

19. In violation of 35 U.S.C. § 271(c), Alstom has infringed, and is continuing to

3

infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4 and 6 of the '602 Patent indirectly by contributing to the infringement of the '602 Patent claims by third parties, including without limitation, Port Authority Trans-Hudson Corporation and MTA New York City Transit.

20. As a result of Alstom's infringement of the claims of the '602 Patent, Plaintiff has suffered monetary losses for which Plaintiff is entitled to an award of damages that is adequate to compensate Plaintiff for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

21. On information and belief, Alstom's infringement of the claims of the '602 Patent have been deliberate, willful and with full knowledge, or willful blindness to knowledge, of the '602 Patent.

22. Alstom's infringement of the '602 Patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

23. Plaintiff has suffered damages in an amount to be determined at trial by reason of Alstom's willful infringement of the '602 Patent, and will suffer additional damages and will be irreparably injured unless the Court enjoins Alstom from continuing such infringement.

### COUNT TWO
### INFRINGEMENT OF U. S. PATENT NO. 6,700,602
### (KAWASAKI)

24. Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1-23 herein.

25. Pursuant to 35 U.S.C. § 271(a), Kawasaki has infringed, and continues to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4 and 6 of the '602 Patent by making, offering for sale, selling, distributing, promoting or providing for use by

others in the United States, railcars, including but not limited to R160B and PA-5 railcars.

26. In violation of 35 U.S.C. § 271(b), Kawasaki has infringed, and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4 and 6 of the '602 Patent indirectly by inducing the infringement of the '602 Patent claims by third parties, including but not limited, to the Port Authority Trans-Hudson Corporation and MTA New York City Transit by inducing the purchase and use of the infringing railcars.

27. Kawasaki's affirmative acts of manufacturing, offering for sale, and selling of rail cars, including but not limited to, R160B and PA-5 railcars infringe at least claims 1, 2, 3, 4 and 6 of the '602 Patent.

28. Kawasaki knowingly and specifically intended third parties to infringe the '602 Patent's claims. Kawasaki knew of the '602 Patent, performed affirmative acts that constitute induced infringement, and knew or should have known that those acts would induce actual infringement of one or more of the '602 Patent's claims by third parties.

29. In violation of 35 U.S.C. § 271(c), Kawasaki has infringed, and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4 and 6 of the '602 Patent indirectly by contributing to the infringement of the '602 Patent claims by third parties, including without limitation, Port Authority Trans-Hudson Corporation and MTA New York City Transit.

30. As a result of Kawasaki's infringement of the claims of the '602 Patent, Plaintiff has suffered monetary losses for which Plaintiff is entitled to an award of damages that is adequate to compensate Plaintiff for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

31. On information and belief, Kawasaki's infringement of the claims of the '602

Patent have been deliberate, willful and with full knowledge, or willful blindness to knowledge, of the '602 Patent.

32.     Kawasaki's infringement of the '602 Patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

33.     Plaintiff has suffered damages in an amount to be determined at trial by reason of Kawasaki's willful infringement of the '602 Patent, and will suffer additional damages and will be irreparably injured unless the Court enjoins Kawasaki from continuing such infringement.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for relief, as follows:

A.     That Plaintiff is the owner of all right, title, and interest in and to United States Patent No. 6,700,602, together with all rights of recovery under such patent for past and future infringement thereof;

B.     That United States Patent No. 6,700,602 is valid and enforceable in law and that Defendants have infringed said patent;

C.     Awarding to Plaintiff its damages caused by Defendants' infringement of United States Patent No. 6,700,602, including an assessment of pre-judgment and post-judgment interest and costs, and an award of supplemental damages for any continuing post-verdict infringement up until entry of the final Judgment with an accounting, as needed;

D.     That Defendants' infringement has been willful and said damages be trebled pursuant to 35 U.S.C. § 284;

E.     Entering a preliminary and permanent injunction against Defendants, their officers, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them

who receive notice of the injunction, enjoining them from continuing acts of infringement of the '602 Patent, including without limitation, from continuing to make, use, sell and/or offer for sale;

F.    That this is an exceptional case and awarding to Plaintiff its costs, expenses and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

G.    Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury for all issues triable by jury.

Dated: February 14, 2017

Respectfully submitted,

s/Darius Keyhani
Darius Keyhani
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
(212) 760-0098 Telephone
(212) 380-1325 Direct Line
(212) 202-3819 Facsimile
dkeyhani@meredithkeyhani.com
*Attorneys for Plaintiff*