UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT BLAIR,<br><br>           Plaintiff,<br>v.<br><br>ALSTOM TRANSPORTATION, INC.<br>AND KAWASAKI RAIL CAR, INC.,<br><br>           Defendants. | Civil Action No. 1:16-cv-03391-PAE |

**DEFENDANT ALSTOM TRANSPORTATION, INC.'S ANSWER TO PLAINTIFF
SCOTT BLAIR'S CORRECTED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Alstom Transportation, Inc. ("Alstom" or "Defendant"), by its counsel, hereby answers the allegations set forth in the Plaintiff, Scott Blair's ("Blair" or "Plaintiff"), Corrected Complaint as follows:

**PRELIMINARY STATEMENT[1]**

1.   The allegations set forth in Paragraph 1 of the Plaintiff's Corrected Complaint state a legal conclusion to which no response is required.

**PARTIES**

2.   Alstom is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiff's Corrected Complaint, and, therefore denies the same.

3.   Alstom admits the allegations set forth in Paragraph 3 of Plaintiff's Corrected Complaint.

---

[1] For convenience, certain section headings used by Plaintiff in its Complaint are repeated herein.

4. Alstom admits that Alstom develops and markets systems, equipment and services for the railway sector. Alstom denies the remaining allegations set forth in paragraph 4 of the Plaintiff's Corrected Complaint.

5. Alstom is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiff's Corrected Complaint, and, therefore denies the same.

6. Alstom is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiff's Corrected Complaint, and, therefore denies the same.

## JURISDICTION

7. The allegations set forth in Paragraph 7 of Plaintiff's Corrected Complaint state a legal conclusion to which no response is required.

8. The allegations set forth in Paragraph 8 of Plaintiff's Corrected Complaint state a legal conclusion to which no response is required.

9. The allegations set forth in Paragraph 9 of Plaintiff's Corrected Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Alstom denies the allegations set forth in Paragraph 9 of Plaintiff's Corrected Complaint.

10. Alstom denies that it offers for sale and/or sells infringing products in this District or elsewhere. The remaining allegations set forth in Paragraph 10 of Plaintiff's Corrected Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Alstom denies the allegations set forth in Paragraph 10 of Plaintiff's Corrected Complaint.

**BACKGROUND**

11. Alstom admits United States Patent No. 6,700,602 and *Ex Parte* Reexamination Certificate (10487th) ("the '602 patent") are titled "Subway TV Media System," but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of Plaintiff's Corrected Complaint and, therefore, denies the same.

12. Alstom denies the allegations set forth in Paragraph 12 of Plaintiff's Corrected Complaint.

13. Alstom denies the allegations set forth in Paragraph 13 of Plaintiff's Corrected Complaint.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 6,700,602**
**(ALSTOM)**

14. Alstom repeats and realleges its answers as set forth in Paragraphs 1 through 13, above, as though fully set forth herein.

15. Alstom denies the allegations set forth in Paragraph 15 of Plaintiff's Corrected Complaint.

16. Alstom denies the allegations set forth in Paragraph 16 of Plaintiff's Corrected Complaint.

17. Alstom denies the allegations set forth in Paragraph 17 of Plaintiff's Corrected Complaint.

18. Alstom denies the allegations set forth in Paragraph 18 of Plaintiff's Corrected Complaint.

19. Alstom denies the allegations set forth in Paragraph 19 of Plaintiff's Corrected Complaint.

20. Alstom denies the allegations set forth in Paragraph 20 of Plaintiff's Corrected Complaint.

21. Alstom denies the allegations set forth in Paragraph 21 of Plaintiff's Corrected Complaint.

22. Alstom denies the allegations set forth in Paragraph 22 of Plaintiff's Corrected Complaint.

23. Alstom denies the allegations set forth in Paragraph 23 of Plaintiff's Corrected Complaint.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 6,700,602
## (KAWASAKI)

24. Alstom repeats and realleges its answers as set forth in Paragraphs 1 through 23, above, as though fully set forth herein.

25. Alstom is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 25 of Plaintiff's Corrected Complaint, and, therefore denies the same.

26. Alstom is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 26 of Plaintiff's Corrected Complaint, and, therefore denies the same.

27. Alstom is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiff's Corrected Complaint, and, therefore denies the same.

28. Alstom is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 28 of Plaintiff's Corrected Complaint, and, therefore denies the same.

29. Alstom is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 29 of Plaintiff's Corrected Complaint, and, therefore denies the same.

30. Alstom is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 30 of Plaintiff's Corrected Complaint, and, therefore denies the same.

31. Alstom is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 31 of Plaintiff's Corrected Complaint, and, therefore denies the same.

32. Alstom is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 32 of Plaintiff's Corrected Complaint, and, therefore denies the same.

33. Alstom is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 33 of Plaintiff's Corrected Complaint, and, therefore denies the same.

## **PRAYER FOR RELIEF**

Alstom denies that Plaintiff is entitled to any of the relief sought in its Prayer for Relief, including the relief sought in Paragraphs A through G thereof, and/or any other relief.

## AFFIRMATIVE DEFENSES

Alstom reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defense at law or at equity that may now exist or in the future be available based on discovery and further factual investigation in this case, whether or not expressly stated herein.  Without any admissions as to the burden of proof, burden of persuasion, or the truth of any allegations in Plaintiff's Corrected Complaint, Alstom states the following defenses:

### FIRST AFFIRMATIVE DEFENSE

The allegations set forth in Plaintiff's Corrected Complaint fail to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The allegations set forth in Plaintiff's Corrected Complaint should be dismissed for lack of standing.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Corrected Complaint should be dismissed because the Court lacks personal jurisdiction over Alstom.

### FOURTH AFFIRMATIVE DEFENSE

The Court lacks venue over this matter and/or is not the proper venue for this matter.

### FIFTH AFFIRMATIVE DEFENSE

Alstom has not infringed and is not infringing, either literally or under the doctrine of equivalents, any valid claim of United States Patent No. 6,700,602 ("the Patent-in-Suit"). Alstom has not contributed to and is not contributing to any infringement of any valid and

enforceable claim of the Patent-in-Suit.  Alstom has not induced and is not inducing infringement of any valid and enforceable claim of the Patent-in-Suit.

### SIXTH AFFIRMATIVE DEFENSE

The asserted claims of the Patent-In-Suit are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not immediate or irreparable, because any such injunction would be against the public interest, and because Blair has an adequate remedy at law.

### EIGHTH AFFIRMATIVE DEFENSE

Alstom has not intentionally, willfully, or deliberately infringed any valid claim of the Patent-in-Suit.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's case is not exceptional under 35 U.S.C. § 285.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's infringement claims against Alstom regarding the Patent-In-Suit are barred and the Patent-in-Suit is unenforceable against Alstom under the equitable doctrines of laches, waiver, estoppel, and/or acquiescence.

### RESERVATION OF ADDITIONAL DEFENSES

Alstom hereby reserves the right to assert additional defenses and/or counterclaims if such defenses or counterclaims are discovered during the course of this litigation.

## DEMAND FOR JURY TRIAL

Alstom demands a trial by jury on all issues so triable.

Dated:  February 28, 2017               By: /s/ Steven M. Coyle
                                        Steven M. Coyle, Esq. (No. SC0730)
                                        Tasia E. Hansen, Esq. (*Pro Hac Vice*)
                                        CANTOR COLBURN LLP
                                        20 Church Street, 22nd Floor
                                        Hartford, CT 06103
                                        Tel: 860-286-2929
                                        Fax: 860-286-0115
                                        scoyle@cantorcolburn.com
                                        thansen@cantorcolburn.com

                                        *Counsel for Defendant*
                                        *Alstom Transportation, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 28, 2017, a copy of the foregoing document was filed electronically using the Court's CM/ECF system.  Notice of this filing will be sent by operation of the CM/ECF system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.

By: /s/ Steven M. Coyle
Steven M. Coyle (No. SC0730)

*Counsel for Defendant
Alstom Transportation, Inc.*