UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT BLAIR,<br><br>                    *Plaintiff*,<br>      v.<br><br>ALSTOM TRANSPORTATION, INC.<br>AND KAWASAKI RAIL CAR, INC.,<br><br>                    *Defendants*. | CA No. 1:16-cv-03391-PAE-JLC |

**DEFENDANT KAWASAKI RAIL CAR, INC.'S ANSWER AND DEFENSES
TO PLAINTIFF SCOTT BLAIR'S CORRECTED COMPLAINT**

For its Answer to Plaintiff Scott Blair's ("Blair") Corrected Complaint, Defendant Kawasaki Rail Car, Inc. ("Kawasaki"), upon knowledge as to its own acts, and upon information and belief as to the acts of others, hereby responds to each of the numbered paragraphs of the Corrected Complaint as set forth below.

**PRELIMINARY STATEMENT**

1.      Kawasaki admits that the Corrected Complaint purports to set forth an action for patent infringement under the Patent Act.

**PARTIES**

2.      Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 and therefore, denies them.

3.      Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and therefore, denies them.

4. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 and therefore, denies them.

5. Kawasaki admits that it is a New York corporation having a principal place of business at 29 Wells Avenue, Building 4, Yonkers, New York 10701.

6. Kawasaki admits that it sells commuter trains and railcars for mass transportation. Kawasaki denies the remaining allegations in paragraph 6.

## JURISDICTION

7. Kawasaki admits that the Corrected Complaint purports to set forth an action for patent infringement arising under the patent laws of the United States, United States Code, Title 35, §§ 1 *et seq.*

8. Kawasaki admits that this Court has subject matter jurisdiction under Title 28, United States Code, §§ 1331 and 1338(a) because this action purports to arise under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

9. The allegations set forth in Paragraph 9 of Plaintiff's Corrected Complaint state a legal conclusion to which no response is required. To the extent a response is required, Kawasaki states that it is not contesting venue in this action. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 pertaining to any other Defendant and therefore, denies them.

10. Kawasaki denies that it offers for sale or sells infringing products in this District or elsewhere. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 pertaining to any other Defendant and therefore, denies them. The remaining allegations set forth in Paragraph 10 of Plaintiff's Corrected

Complaint state a legal conclusion to which no response is required. To the extent a response is required, Kawasaki states that it is not contesting personal jurisdiction in this action.

## BACKGROUND

11. Kawasaki admits that what appears to be a copy of U.S. Patent No. 6,700,602 and *Ex Parte* Reexamination Certificate (10487th) ("the '602 Patent") was attached to the Corrected Complaint as Exhibit A; that the '602 Patent appears from its first page to be entitled "Subway TV Media System"; and that the '602 Patent lists Scott Blair as the inventor. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 and therefore, denies them.

12. Denied.

13. Denied.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 6,700,602
## (ALSTOM)

14. Kawasaki repeats and incorporates by reference each of its responses herein to the allegations set forth in paragraphs 1-13.

15. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and therefore, denies them.

16. Kawasaki denies each and every allegation set forth in paragraph 16 pertaining to Kawasaki. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 pertaining to any other Defendant and therefore, denies them.

17. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and therefore, denies them.

18. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 and therefore, denies them.

19. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 and therefore, denies them.

20. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and therefore, denies them.

21. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and therefore, denies them.

22. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 and therefore, denies them.

23. Kawasaki is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 and therefore, denies them.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 6,700,602
## (KAWASAKI)

24. Kawasaki repeats and incorporates by reference each of its responses herein to the allegations set forth in paragraphs 1-23.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## PRAYER FOR RELIEF

Kawasaki denies that Blair is entitled to any relief sought in the prayer for relief in the Corrected Complaint.

## DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Kawasaki specifically alleges and asserts the following stated defenses. Kawasaki reserves the right to amend this Answer to add additional defenses or modify existing ones.

## FIRST STATED DEFENSE

Kawasaki has not infringed (either directly, contributorily, or by inducement, whether literally or under the doctrine of equivalents) any valid and enforceable claim of the '602 Patent.

## SECOND STATED DEFENSE

Each claim of the '602 Patent is invalid for failure to comply with one or more of the requirements of the patent laws, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and the rules, regulations, and laws pertaining to those provisions.

## THIRD STATED DEFENSE

Blair's claims of infringement are barred by equitable doctrines including, but not limited to, laches, waiver, equitable estoppel, and unclean hands.

## FOURTH STATED DEFENSE

To the extent Blair does not have substantially all rights to the '602 Patent, Blair lacks standing to bring this action.

### FIFTH STATED DEFENSE

On information and belief, Blair has an adequate remedy at law and no basis exists for the grant of equitable or injunctive relief.

### SIXTH STATED DEFENSE

Kawasaki's accused products have substantial non-infringing uses and Kawasaki lacks specific intent to cause infringement, and therefore, Kawasaki does not indirectly infringe any claim of the '602 Patent.

### SEVENTH STATED DEFENSE

To the extent Blair seeks damages for alleged infringement of the '602 Patent prior to the filing of the Corrected Complaint or providing the requisite notice of its infringement allegations to Kawasaki, Blair's claims are barred under 35 U.S.C. § 287.

### EIGHTH STATED DEFENSE

Blair's claims for relief are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or prosecution disclaimer at least due to statements, representations, and admissions made to the U.S. Patent and Trademark Office during the prosecution of the application that matured into the '602 Patent and the reexamination proceedings.

### JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Kawasaki respectfully demands a jury trial of all issues triable to a jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Kawasaki respectfully requests that the Court enter judgment:

(a) Denying all relief sought by Blair;

(b) Dismissing the Corrected Complaint against Kawasaki in its entirety, with prejudice;

(c) Finding that this is an exceptional case under 35 U.S.C. § 285;

(d) Awarding Kawasaki its costs in connection with this action, including reasonable attorney fees, to the fullest extent under the law; and

(e) Awarding Kawasaki such other and further relief as the Court deems just and proper.


Dated: February 28, 2017                                Respectfully submitted,


                                                        */s/ Sheila Mortazavi*
                                                        Sheila Mortazavi
                                                        smortazavi@andrewskurthkenyon.com
                                                        Zaed M. Billah
                                                        zbillah@andrewskurthkenyon.com
                                                        Armin Ghiam
                                                        aghiam@andrewskurthkenyon.com
                                                        ANDREWS KURTH KENYON LLP
                                                        One Broadway
                                                        New York, NY 10004
                                                        Telephone: (212) 425-7200
                                                        Facsimile: (212) 425-5288

                                                        *Attorneys for Defendant Kawasaki Rail Car, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2017, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ Armin Ghiam*
