IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT BLAIR,<br><br>    Plaintiff,<br><br>    v.<br><br>ALSTOM TRANSPORTATION, INC.<br>AND KAWASAKI RAIL CAR, INC.,<br><br>    Defendants. | Case No. 1:16-cv-03391-PAE |

**PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF**

**I.    Introduction**

Plaintiff Scott Blair ("Blair") submits herewith its Opening Claim Construction Brief with respect to U.S. Patent No. 6,700,602 and *Ex Parte Reexamination* Certificate (10487th)(the "'602 Patent").

**II.    The '602 Patent**

The '602 Patent was issued on March 2, 2004 on an application filed on May 6, 1998. The *Ex Parte Reexamination* Certificate was issued on January 29, 2015. Plaintiff has asserted claims 1-9 and 11-29 of the '602 Patent against Defendants Alstom Transportation, Inc. ("Alstom") and Kawasaki Rail Car, Inc. ("Kawasaki") (collectively "Defendants").

**III.    Claim Construction Legal Standards**

The legal standards for claim construction are well settled, both by Supreme Court and Federal Circuit precedent. In this connection, "[i]t is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*) (quoting *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1115 (Fed. Cir. 2004)); *Au New*

1

*Haven, LLC v. YKK Corp.*, 2016 WL 6879263, at *3 (S.D.N.Y. Nov. 22, 2016). The general rule is that "[c]laim terms are generally given their plain and ordinary meanings to one of skill in the art when read in the context of the specification and prosecution history." *Hill-Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1371 (Fed. Cir. 2014), *cert. denied*, 135 S. Ct. 719 (2014) (citing *Phillips*, 415 F.3d at 1313); *see also Massachusetts Inst. of Tech. v. Shire Pharm., Inc.*, 2016 WL 5939429, at *6 (Fed. Cir. Oct. 13, 2016) (quoting *Aventis Pharm. Inc. v. Amino Chems. Ltd.*, 715 F.3d 1363, 1373 (Fed. Cir. 2013)) ("There is a heavy presumption that claim terms are to be given their ordinary and customary meaning."). In construing terms, "the person of ordinary skill in the art is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification." *Phillips*, 415 F.3d at 1313.

While the courts may construe the claims "in view of the specifications and the state of the art, they may not add to or detract from the claim," for it is "[t]he claims of the patent, *not its specifications*, [that] measure the invention." *Innova/Pure Water, Inc.*, 381 F.3d at 116 (emphasis added). Because the claims, not the specification, define the scope of the invention, the Federal Circuit has repeatedly "emphasized that it is important to 'avoid importing limitations from the specification into the claims.'" *Imaginal Systematic, LLC v. Leggett & Platt, Inc.*, 805 F.3d 1102, 1109 (Fed. Cir. 2015) (quoting *Phillips*, 415 F.3d at 1323); *Au New Haven*, 2016 WL 6879263, at *4. In the end, "a claim construction analysis must begin and remain centered on the claim language itself, for that is the language the patentee has chosen to "particularly point out and distinctly claim the subject matter which the patentee regards as his invention." *Innova/Pure Water, Inc.*, 381 F.3d at 116. Further, a term's context in the asserted claim can be instructive and other asserted and unasserted claims can also help aid in

determining the claim's meaning, because claim terms are typically used consistently throughout the patent. *Phillips*, 415 F.3d at 1314; *Olaf Soot Design, LLC v. Daktronics, Inc.*, 2016 WL 6270736, at *10 (S.D.N.Y. Oct. 26, 2016).

In assessing whether a claim is invalid for indefiniteness, a defendant must show by clear and convincing evidence that a patent's claims, "read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124, 189 L. Ed. 2d 37 (2014). Further, "[s]ome modicum of uncertainty" is inevitable, and a patent is not indefinite merely because "readers could reasonably interpret the claim's scope differently." *Id.* at 2128; *In re: OxyContin Antitrust Litig.*, 2015 WL 11217239, at *8 (S.D.N.Y. Apr. 8, 2015). Expert testimony may aid a court in understanding how a claim term would be construed by a person of ordinary skill in the art at the time of filing. *Hill-Rom Servs.,* 755 F.3d at 1375 (Fed. Cir. 2014), *cert. denied*, 135 S. Ct. 719, 190 L. Ed. 2d 463 (2014).

IV.   **Construction of Disputed Terms**

    A.   **Defendants' Proposed Constructions**

Defendants present a litany of terms and phrases of the '602 Patent claims they assert are indefinite or propose constructions for. *See* Joint Disputed Claim Term Charts (**Dkt. #44**). For the terms and phrases they claim are indefinite, Defendants present no intrinsic evidence or argument to support their assertion. Patents are presumed valid, and the challenger bears the burden of establishing invalidity. *See* 35 U.S.C. § 282; *Nautilus*, 134 S. Ct. at 2130 n. 10; *Massachusetts Inst. of Tech. v. Shire Pharm., Inc.*, 839 F.3d 1111, 1124 (Fed. Cir. 2016). The '602 Patent was issued on March 2, 2004 on an application filed on May 6, 1998 and was later the subject of reexamination and an *Ex Parte Reexamination* Certificate was issued on January

29, 2015.  In issuing the '602 Patent and Reexamination Certificate, the USPTO accepted the claims in their current form.  As the '602 Patent is presumed valid and Defendants have not presented any evidence, intrinsic or otherwise, to support their assertion that multiple terms or phrases of the asserted claims of the '602 Patent are indefinite, Defendants' unsubstantiated assertions should be rejected.

Contrary to Defendants' unsupported assertions, one with ordinary skill in the art at the time of the invention would be informed of and understand the meaning of the terms and phrases identified by Defendants as indefinite with reasonable certainty in light of the claims, specification, prosecution history, and reexamination and appeal record of the '602 Patent.  *See* Declaration of Jack R. Long at ¶ 26 (April 14, 2017).  By way of example, the Defendants argue that the terms "substantially flush," "substantially flushed," and "flushed" are indefinite while the specification of the '602 Patent and the intrinsic record provides an abundance of context for one of ordinary skill in the art to understand the ordinary and customary meaning of these terms. *See* Declaration of Frances H. Stephenson at ¶¶ 2-7, **Ex. A-E** (April 17, 2017) (for example, in the Decision on Appeal [**Ex. E**, p. 5-6], the PTAB states "'substantially flush' would mean a surface which is to a great extent even with an adjoining one").  *See also Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (the intrinsic evidence and the knowledge of one of ordinary skill in the art is the context in which one of ordinary skill in the art would understand the ordinary and customary meaning of the term).[1]

With respect to the terms and phrases Defendants propose construction for, one with ordinary skill in the art would understand the ordinary and customary meaning of these terms

---

[1] Blair's references to intrinsic evidence was inadvertently not inserted into the Joint Disputed Claim Term Charts filed on March 17, 2017 (Dkt. #44) but were served on Defendants on March 6, 2017 in Plaintiffs Preliminary References to Intrinsic Evidence.  Stephenson Decl. at  ¶ 7, **Ex. F**.

and phrases when read in the context of the claims, specification, prosecution history, and reexamination and appeal record of the '602 Patent. *See* Long Decl. at ¶ 27.

## V. Conclusion

For all of the reasons given above, the Court is respectfully requested to reject Defendants' argument that the terms and phrases they assert are indefinite and that the terms they propose require construction, and to retain the language of the claims of the '602 Patent as their ordinary and customary meaning would be understood by a person of ordinary skill in the art at the time of the invention.

Dated: April 17, 2017

                                  Respectfully submitted,

                                  /s/ Dariush Keyhani
                                  Dariush Keyhani
                                  MEREDITH & KEYHANI, PLLC
                                  125 Park Avenue, 25th Floor
                                  New York, New York 10017
                                  (212) 760-0098 Telephone
                                  (212) 380-1325 Direct Line
                                  (212) 202-3819 Facsimile
                                  dkeyhani@meredithkeyhani.com
                                  *Attorneys for Plaintiff Scott Blair*