**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCOTT BLAIR,<br><br>          Plaintiff,<br><br>v.<br><br>ALSTOM TRANSPORTATION, INC.<br>AND KAWASAKI RAIL CAR, INC.,<br><br>          Defendants. | Civil Action No. 1:16-cv-03391-PAE |

**DEFENDANT ALSTOM TRANSPORTATION, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY LITIGATION PENDING THE OUTCOME OF *INTER PARTES* REVIEW OF U.S. PATENT NO. 6,700,602**

Defendant, Alstom Transportation, Inc. ("Alstom"), respectfully submits this memorandum of law in support of its Motion to Stay Litigation Pending the Outcome of *Inter Partes* Review of U.S. Patent No. 6,700,602 ("the '602 patent").

On October 25, 2016, Defendant Kawasaki Rail Car, Inc. ("Kawasaki"), filed a petition for *inter partes* review ("IPR") of the '602 patent with the U.S. Patent Trial and Appeal Board ("PTAB") challenging claims 1-4 and 6, as unpatentable under 35 U.S.C. §§ 102 and 103. On March 6, 2017, Kawasaki filed a second petition for IPR challenging the additional claims identified for the first time in plaintiff, Scott Blair's ("Plaintiff" or "Blair") infringement contentions (claims 5, 7-9 and 11-29 of the '602 patent). On May 4, 2017, the PTAB instituted Kawasaki's first IPR finding that Kawasaki established a reasonable likelihood that it would prevail in showing the unpatentability of at least one of the challenged claims.

On January 10, 2017 (before the IPR had been instituted), Kawasaki moved this Court for an Order staying this case pending the outcome of the IPR proceedings. *See* Dkt. Nos. 29 and 30 (collectively, "Kawasaki's Stay Motion"). On February 10, 2017, the Court denied the motion, but stated that "[i]n the event that the PTAB decides to institute an *Inter Partes Review* of the '602 Patent, the Court will entertain a renewed application for a stay." *See* Dkt. No. 38. Accordingly, on May 5, 2017, by letter to the Court, Kawasaki renewed its request for a stay of this action pending the outcome of the IPR in order to avoid duplicative proceedings on overlapping issues. *See* Dkt. No. 47 ("Kawasaki's Stay Letter").

In its Stay Motion and its Stay Letter, Kawasaki sets forth the reasons why a stay is appropriate in this matter in light of the pending IPR. Alstom agrees with Kawasaki and respectfully submits that a stay should be entered as to all defendants in this case for the reasons set forth in Kawasaki's Stay Motion and Stay Letter. When deciding whether to stay a case

based on proceedings before the U.S. Patent and Trademark Office, district courts typically consider the following factors: (i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set." *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016).  However, it is within the court's discretion to balance considerations beyond those captured by the three-factor stay test, including "the burden litigation places on the court and the parties when IPR proceedings loom." *Id.* at 1362.

As Kawasaki has set forth in those pleadings, each of the relevant factors support a stay of this matter, and Alstom agrees with this assessment.  In general, a stay would eliminate or streamline the issues to be tried in this action, would not unduly prejudice or tactically disadvantage Plaintiff and would prevent unnecessary expenditure of time and resource by both the Court and the parties.  Staying this case pending the outcome of the '602 patent IPR will promote efficiency and will avoid potentially duplicative and wasteful use of the Court's and the parties' resources litigating a patent that may well be invalidated by the Patent Office.  For these reasons, as well as those further discussed in Kawasaki's Memorandum and Letter, Alstom respectfully submits that this case should be stayed, as to all defendants, pending the outcome of the IPR of the '602 patent-in-suit.

In further support of its Motion to Stay, Alstom expressly refers to and incorporates herein by reference each of the factual and legal basis for the stay as set forth in the Kawasaki Stay Motion and the Kawasaki Stay Letter.

Accordingly, Alstom respectfully requests that this Court stay the litigation against it pending the conclusion of '602 patent IPR proceedings.

<table>
<tr><td>Dated: May 17, 2017</td><td>Respectfully submitted,<br><br>By: <u>/s/ Steven M. Coyle</u><br>Steven M. Coyle, Esq. (No. SC0730)<br>Tasia E. Hansen, Esq. (*Pro Hac Vice*)<br>CANTOR COLBURN LLP<br>20 Church Street, 22nd Floor<br>Hartford, CT 06103<br>Tel: 860-286-2929<br>Fax: 860-286-0115<br>scoyle@cantorcolburn.com<br>thansen@cantorcolburn.com<br><br>*Counsel for Defendant*<br>*Alstom Transportation, Inc.*</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

     I hereby certify that that on May 17, 2017, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                             By: /s/ Steven M. Coyle
                                                 Steven M. Coyle