IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT BLAIR,<br><br>    Plaintiff,<br><br>    v.<br><br>ALSTOM TRANSPORTATION, INC. AND KAWASAKI RAIL CAR, INC.,<br><br>    Defendants. | Case No. 1:16-cv-03391-PAE |

**PLAINTIFF SCOTT BLAIR'S MEMORANDUM OF LAW IN OPPOSITION TO ALSTOM TRANSPORTATION, INC.'S MOTION TO STAY LITIGATION**

Plaintiff Scott Blair ("Blair" or "Plaintiff") respectfully submits that Defendant Alstom Transportation, Inc.'s ("Alstom" or "Defendant") Motion to Stay Pending the Outcome of *Inter Partes* Review of U.S. Patent No. 6,700,602 (the '602 patent) should be denied because a stay would not eliminate or streamline the issues in this case and would cause significant disadvantage and prejudice to Plaintiff.

Courts in this District consider three factors in determining whether a stay pending resolution of IPR proceedings is warranted: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether a stay will prejudice the nonmoving party; and (3) the stage of the proceedings. *Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.*, No. 16-CV-4236 (AJN), 2016 WL 6094114, at *2 (S.D.N.Y. Oct. 18, 2016). The party seeking the stay bears the burden of demonstrating that such relief is warranted. *Id*.

First, the issues in this case will not be simplified by a stay. Most of the asserted claims in this case are not the subject of the IPR that has been instituted. The IPR at issue only relates to five of the asserted claims (claims 1-4 and 6) in this case. There are 23 claims, including two

independent claims, that Plaintiff is asserting against Defendants in which the PTAB has not instituted an IPR (Dkt. No. 33).

With respect to Alstom in particular, the IPR provides little potential for simplifying the issues in this case.  Unless the PTAB invalidates all five of the claims at issue on IPR, Alstom, unlike Kawasaki, will get to raise the same prior art in connection with its invalidity claims in this action because Alstom is not bound by any estoppel consequences.[1]  Further, any decisions by the PTAB would provide limited, if any, guidance to the Court, as the substantive standards for the determination of invalidity (anticipation and obviousness) and the evidentiary burdens are different on IPR than those applied at the district court.[2]

As noted in Plaintiff's Memorandum of Law in Opposition to Kawasaki Rail Car, Inc.'s Motion to Stay Litigation Pending the Outcome of *Inter Partes* Review ("Plaintiff's Opposition to Kawasaki's Motion to Stay"), the '602 patent has already been the subject of reexamination based on prior art asserted by Kawasaki and the challenged '602 patent's claims were sustained with no amendments and additional claims were added by the PTAB.

Additionally, the issues that may be considered in the IPR proceeding are limited to claims of invalidity under 35 U.S.C. §§ 102 and 103 and any other bases for challenging the validity of the claims for which Defendants have asserted, in particular, invalidity of the claims based on indefiniteness, cannot be addressed in the IPR proceeding.  *Synopsys, Inc. v. Mentor Graphics Corp.*, 814 F.3d 1309, 1316 (Fed. Cir. 2016) (explaining that *inter partes* reviews are limited to grounds "that could be raised under section 102 [anticipation] or 103 [obviousness] and only on the basis of prior art consisting of patents or printed publications").  This Court is

---

[1] As Alstom did not join in Kawasaki's IPR petition, it is therefore not bound by any estoppel consequences of the instituted proceeding.
[2] *See, e.g., Novartis AG v. Noven Pharm. Inc.*, 2017 WL 1229742, at *2 (Fed. Cir. April 4, 2017).

the only forum in which all of the asserted patent claims and all of the defenses and legal issues raised by the parties, i.e., novelty, non-obviousness, indefiniteness, and infringement, among others, can be decided.

Second, staying this case will cause undue prejudice to Blair. Blair has already incurred five years of delay because of the previous reexamination of the '602 patent. Blair has an interest in the timely and cost effective enforcement of his patent rights and staying Blair's 23 asserted claims so that Kawasaki is given yet another opportunity to present alleged prior art to the PTAB is much more prejudicial than efficient. Moreover, it is an unfair tactical advantage for Alstom to be granted a stay in this action pending the outcome of the IPR, while Alstom preserves its rights to once again challenge the validity of the claims in this action if Kawasaki is unsuccessful on IPR. *See, e.g., Am. Vehicular Sciences, LLC v. Toyota Motor Corp.*, No. 6:12-cv-404, Dkt. 221 at *3 (E.D. Tex. Feb.19, 2014)(denying stay as to nonmovant-defendants that "did not stipulate to estoppel"); *e-Watch, Inc. v. FLIR Sys., Inc.*, 2013 WL 8695916 (S.D. Tex. Aug. 8, 2013) (conditioning stay on defendant being estopped as the petitioner for IPR would be estopped); *Locata LBS, LLC v. Yellopages.com, LLC*, No. 13-cv-07664, Dkt. No. 102, at *7 (C.D. Cal. July 11, 2014) (granting a stay "conditioned on a stipulation by [defendants] to the estoppel language proposed by Plaintiff," which mirrored the AIA's estoppel provision).

Third, the stage of this proceeding militates against a stay. The dispute between the parties has spanned nearly seven years and Plaintiff has been unable to enforce his patent rights during this time. This action was filed on May 6, 2016 and fact discovery per the case management schedule closes on July 31, 2017. (Dkt. No. 23). Also, the parties have completed briefing on claim construction in this case and the Court will be conducting the claim construction hearing on June 5, 2017. *Id*.

In sum, the IPR is incapable of addressing all of the issues with respect to all the parties in this case and any potential efficiency or streamlining that may occur by staying this case is far outweighed by the prejudice and unfairness of further delaying Plaintiff relief from Defendants' infringement.

In further support of the its Opposition to Alstom's Motion to Stay, Blair expressly refers to and incorporates herein by reference each of the factual and legal bases against the stay as set forth in Plaintiff's Opposition to Kawasaki's Motion to Stay (Dkt. No. 33) and Plaintiff's Letter Response in Opposition to Kawasaki's Letter Motion to Stay (Dkt. No. 48).

Accordingly, Plaintiff respectfully requests that the Court deny Alstom's Motion to Stay.

Dated: May 26, 2017

                                                Respectfully submitted,

                                                /s/ Dariush Keyhani
                                                Dariush Keyhani
                                                MEREDITH & KEYHANI, PLLC
                                                125 Park Avenue, 25th Floor
                                                New York, New York 10017
                                                (212) 760-0098 Telephone
                                                (212) 380-1325 Direct Line
                                                (212) 202-3819 Facsimile
                                                dkeyhani@meredithkeyhani.com
                                                *Attorneys for Plaintiff Scott Blair*