**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCOTT BLAIR,<br><br>    Plaintiff,<br><br>    v.<br><br>ALSTOM TRANSPORTATION, INC.<br>AND KAWASAKI RAIL CAR, INC.,<br><br>    Defendants. | Case No. 1:16-cv-03391-PAE |

**PLAINTIFF'S REPLY TO DEFENDANTS' JOINT RESPONSIVE CLAIM
<u>CONSTRUCTION BRIEF</u>**


## TABLE OF CONTENTS

I. INTRODUCTION..................................................................................................1

II. ANALYSIS..........................................................................................................2

    A.    The terms identified by Defendants are not indefinite ............................2

        1.    "substantially flushed with the adjacent wall surface structure of the car"; and "substantially flush with the adjacent surface structure of the transitional wall portion"........................................................................4

        2.    "a ceiling adjoining the sidewalls"; "at the junction of the sidewall and ceiling"; and "at the junction of the sidewall and the ceiling".............5

        3.    "substantially contiguous with an exterior surface of said transitional segment" ............................................................................................6

        4.    "a transitional wall portion" and "a transitional segment"...........................6

    B.    The claim terms Defendants propose constructions for should be construed as having their ordinary and customary meanings ...................................7

        1.    "a video signal source unit" .......................................................................8

        2.    "a plurality of transparent cover units that cover respective ones of the video display monitors" .......................................................................8

        3.    "back lit panel" .........................................................................................9

        4.    "flushed with the adjacent wall surface structure of the car"; and "flushed within the adjacent wall structure such that it contains no protuberances" ......................................................................................10

        5.    "self-contained wiring cabling system" ......................................................11

        6.    [wherein an external surface of the longitudinal opposed sidewall, the exterior surface of said transitional segment and an external surface of the ceiling comprise a] "blended contour" ..........................................11

III. CONCLUSION................................................................................................11

**TABLE OF AUTHORITIES**

**CASES**

*Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983 (Fed. Cir. 2015) .................................................. 3

*Biosig Instruments, Inc. v. Nautilus, Inc.*, 783 F.3d 1374 (Fed. Cir. 2015) ..................................... 2

*Comcast IP Holdings I LLC v. Sprint Commc'ns Co.*, L.P., 850 F.3d 1302 (Fed. Cir. 2017) ........ 7

*Dow Chem. Co. v. Nova Chemicals Corp. (Canada)*, 809 F.3d 1223 (Fed. Cir. 2015) ............. 2, 3

*Hand Held Prod., Inc. v. Amazon.com, Inc.*, No. CV 12-768-RGA-MPT, 2014 WL 2873902 (D. Del. June 24, 2014) ........................................................................................................... 3

*Hill–Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367 (Fed. Cir. 2014) ......................................... 9

*Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363 (Fed. Cir. 2008) .............................................. 7

*Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364 (Fed. Cir. 2014) ........................................... 2

*JobDiva, Inc. v. Monster Worldwide, Inc.*, No. 13-CV-8229 KBF, 2014 WL 5034674 (S.D.N.Y. Oct. 3, 2014) ................................................................................................................ 2, 7

*Lucent Techs., Inc. v. Gateway, Inc.*, 525 F.3d 1200 (Fed. Cir. 2008) ........................................... 7

*Nautilus, Inc. v. Biosig Instruments, Inc.*, –––U.S. –––, 134 S.Ct. 2120 (2014) ....................... 2, 3

*Papyrus Tech. Corp. v. N.Y. Stock Exch., Inc.*, 581 F. Supp. 2d 502 (S.D.N.Y. 2008) .................. 9

*Schoeller-Bleckmann Oilfield Equip. AG v. Churchill Drilling Tools US, Inc.*, 664 F. App'x 949 (Fed. Cir. 2016) ............................................................................................................ 7

*Sonix Tech. Co. v. Publications Int'l, Ltd.*, 844 F.3d 1370 (Fed. Cir. 2017) .................................. 3

*Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316 (Fed. Cir. 2008) ...................................... 2

*Tinnus Enterprises, LLC v. Telebrands Corp.*, 846 F.3d 1190 (Fed. Cir. 2017) ............................ 3

*Trivascular, Inc. v. Samuels*, 812 F.3d 1056 (Fed. Cir. 2016) ..................................................... 10

*VDP Patent, LLC v. Welch Allyn Holdings, Inc.*, 623 F. Supp. 2d 414 (S.D.N.Y. 2008) .............. 4

*Verint Sys. Inc. v. Red Box Recorders Ltd.*, 166 F. Supp. 3d 364 (S.D.N.Y. 2016) ....................... 3

*Virtual Sols., LLC v. Microsoft Corp.*, 925 F. Supp. 2d 550 (S.D.N.Y.) ..................................... 10

**STATUTES**

35 U.S.C. § 282 .................................................................................................................... 2

**OTHER AUTHORITIES**

Manual of Patent Examining Procedure ("MPEP") § 2173 (9th ed. 2015) ................................. 4, 6

I.      INTRODUCTION

Defendants Alstom Transportation, Inc. ("Alstom") and Kawasaki Rail Car, Inc. ("Kawasaki") (collectively "Defendants") present a multitude of claim terms of U.S. Patent No. 6,700,602 and *Ex Parte Reexamination* Certificate (10487th) (the "'602 patent) they argue are indefinite and/or propose constructions for.  Defendants' arguments should be rejected for at least the following reasons.

First, one with ordinary skill in the art at the time of the invention would be informed of and understand the meaning and the scope of the claim terms Defendants argue are indefinite with reasonable certainty in light of the language of the claims, specification, prosecution history, and reexamination and appeal record of the '602 patent.  Defendants offer no evidence from the perspective of a person of skill in the art and instead rely on unsupported attorney argument.  Defendants fail to meet their burden of proving the asserted claim terms are indefinite by clear and convincing evidence.

Second, with respect to the claim terms Defendants propose constructions for, Plaintiff has established that a person of ordinary skill in the art would understand the ordinary and customary meaning of the terms in dispute when read in the context of the claims, specification, prosecution history, and reexamination and appeal record of the '602 Patent and Defendants have not established that the Court should depart from these ordinary and customary meanings. Defendants' attempt to invoke prosecution history disclaimer based on misrepresentations of the record should be rejected.  The patentee did not make any disclaimers relinquishing the full scope of the claim terms asserted by Defendants, let alone "clear and unmistakable" disclaimers. Similarly, Defendants' proposed constructions import limitations from the specification and arbitrarily add language without support.

In sum, Plaintiff requests that the Court reject Defendants' indefiniteness arguments and proposed constructions and adopt the ordinary and customary meaning of the disputed claim terms.

## II.     ANALYSIS

### A.     The terms identified by Defendants are not indefinite

"[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, —— U.S. ——, 134 S.Ct. 2120, 2124, 189 L.Ed.2d 37 (2014). Patents entitle the holder to a presumption of validity of its claims. *See* 35 U.S.C. § 282. As a result, a party seeking to have a claim declared "indefinite" must present clear and convincing evidence. *Tech. Licensing Corp. v. Videotek, Inc.,* 545 F.3d 1316, 1338 (Fed. Cir. 2008) ("To the extent there are any factual findings upon which a trial court's indefiniteness conclusion depends, they must be proven by the challenger by clear and convincing evidence."); *JobDiva, Inc. v. Monster Worldwide, Inc.*, No. 13-CV-8229 KBF, 2014 WL 5034674, at *10 (S.D.N.Y. Oct. 3, 2014). "The burden of proving indefiniteness... remains at all times on the party challenging the validity of the patent." *Dow Chem. Co. v. Nova Chemicals Corp. (Canada)*, 809 F.3d 1223, 1227 (Fed. Cir. 2015).

Claims reciting terms of degree "ha[ve] long been found definite" if they provide reasonable certainty to a skilled artisan when read in the context of the patent. *Biosig Instruments, Inc. v. Nautilus, Inc.*, 783 F.3d 1374, 1378 (Fed. Cir. 2015) (quoting *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1370 (Fed. Cir. 2014)) (explaining that a "skilled artisan would understand the inherent parameters of the invention as provided in the intrinsic evidence."). Further, the term "substantially" has repeatedly been held to be definite. *See, e.g.*,

*Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1002–03 (Fed. Cir. 2015) (finding the term "substantially centered"—referencing a phone feature which would cause portions of a document "to be enlarged and 'substantially centered' on the display"—sufficiently definite); *Verint Sys. Inc. v. Red Box Recorders Ltd.*, 166 F. Supp. 3d 364, 387 (S.D.N.Y. 2016) (Terms "substantial synchronization," "substantially as they both happened," and "substantially as they occurred" held not indefinite); *Sonix Tech. Co. v. Publications Int'l, Ltd.*, 844 F.3d 1370, 1381 (Fed. Cir. 2017) (holding that district court erred in finding "substantially equal to each other" rendered asserted claims indefinite); *Tinnus Enterprises, LLC v. Telebrands Corp.*, 846 F.3d 1190, 1206 (Fed. Cir. 2017).

*Tinnus Enterprises* is illustrative. There, the Federal Circuit determined whether the District Court erred in finding term "substantially filled" definite in a patent for a toy that filled multiple water balloons at the same time. *Tinnus* Enterprises, 846 F.3d at 1195. The Court affirmed the District Court's decision, stating that "the level of ordinary skill in the art plays an important role in an indefiniteness analysis" and that "it is difficult to believe that a person with an associate's degree in a science or engineering discipline who had read the specification and relevant prosecution history would be unable to determine with reasonable certainty when a water balloon is "substantially filled." *Id*. at 1206.

Extrinsic evidence may play a significant role in the indefiniteness analysis, as definiteness is evaluated from the perspective of a person of skill and requires a determination of whether such a skilled person would understand the scope of the claim when its read in light of the specification. *Nautilus,* Inc., 134 S.Ct. at 2128; *Dow Chem.*, 809 F.3d at 1225; *Hand Held Prod., Inc. v. Amazon.com, Inc.*, No. CV 12-768-RGA-MPT, 2014 WL 2873902, at *5, *16, *27 (D. Del. June 24, 2014) (pointing to Amazon's lack of expert testimony in ultimately rejecting its

indefiniteness arguments); *VDP Patent, LLC v. Welch Allyn Holdings, Inc.*, 623 F. Supp. 2d 414, 423 (S.D.N.Y. 2008) (stating that extrinsic evidence may be necessary to invalidate a claim as indefinite).

### 1. "substantially flushed with the adjacent wall surface structure of the car"; and "substantially flush with the adjacent surface structure of the transitional wall portion"

One with ordinary skill in the art at the time of the invention would be informed of and understand the meaning and scope of "substantially flushed with the adjacent wall surface structure of the car"; and "substantially flush with the adjacent surface structure of the transitional wall portion" with reasonable certainty in light of the language of the claims, specification, prosecution history, and reexamination and appeal record of the '602 Patent. *See* Declaration of Jack R. Long at ¶ 26 (May 26, 2017).

As a starting point, the USPTO, in its original examination of the '602 Patent, made an assessment as to whether the language of the claims of the '602 Patent were definite, including the terms/phrases "flush" / "substantially flushed" and found them to be definite. *See* Manual of Patent Examining Procedure ("MPEP") § 2173 (9th ed. 2015). Moreover, the PTAB, which presided over the reexamination of the '602 Patent, and has technical expertise in the relevant art fully understood and interpreted the scope of the term "substantially flushed." Indeed, in its decision on June 30, 2014 the PTAB, relying on dictionary definitions, defined the term substantially as "to a great extent" and flushed as "a surface exactly even with the adjoining one." Declaration of Frances H. Stephenson, **Ex. D,** p. 5-6 (May 27, 2017).

As in *Tinnus Enterprises*, in the present case, a person of ordinary skill in the art with a Bachelor's Degree in Engineering and at least 2-3 years of Engineering experience with rail equipment and/or the design of rail equipment, would be informed of the meaning and understand the scope of the term "substantially flushed with the adjacent wall surface structure of

4

the car" and "substantially flush with the adjacent surface structure of the transitional wall portion" based on the relevant context of the figures, in particular, FIG. 4, FIG. 4a, FIG. 5, and FIG. 6, the disposition of the monitor vis-à-vis the adjacent wall structure, and in the context of the specification.  Long Decl. at ¶¶ 24, 26.

In sum, the phrases incorporating the terms "substantially flushed" / "flush" have been found to be definite by the USPTO and by an expert who has opined with respect to the knowledge of one with ordinary skill in the relevant art.  On the other hand, Defendants, solely relying on attorney argument, assert that these claims are indefinite.  The burden of proof is on Defendants to provide clear and convincing evidence of indefiniteness, and Defendants' self-serving attorney argument—not supported by any evidence of the perspective of a person of skill with respect to the scope of the claims—fails to do so.

### 2.    "a ceiling adjoining the sidewalls"; "at the junction of the sidewall and ceiling"; and "at the junction of the sidewall and the ceiling"

A person of skill as described above, would be informed of and understand the meaning and scope of the terms "junction" or "adjoining" as used in connection with the terms above with reasonable certainty in light of the language of claims, specification, prosecution history, and reexamination and appeal record of the '602 Patent.  Long Decl. at ¶ 27.

Defendants appear to argue that the junction between the ceiling and the sidewall could be located potentially at three different places when viewing Figure 4a.  It is clear in the embodiment depicted in Figure 4a that the monitor is located in a position straddling all three points in which Defendants claim the "junction" could refer to and it is therefore one with skill in the art viewing this figure would understand with reasonable certainty the location of the monitor in relation to the ceiling and the sidewall in light of the claim language "a monitor being mounted at the junction of the sidewall and ceiling," as recited in claim 1.  Long Decl. at ¶ 27;

5

Stephenson Decl., **Ex. A**, FIG. 4a. Indeed, it would be clear to one of skill in the art that the "junction of the sidewall and ceiling is not a single point, but an area between the ceiling and a sidewall where a monitor can be mounted." Long Decl. at ¶ 27.

### 3. "substantially contiguous with an exterior surface of said transitional segment"

One with ordinary skill in the art at the time of the invention would be informed of and understand the meaning and scope of "substantially contiguous with an exterior surface of said transitional segment" with reasonable certainty in light of the language of the claims, specification, prosecution history, and reexamination and appeal record of the '602 Patent. Long Decl. at ¶ 28.

For the same reasons discussed in section II.A.1, the terms "substantially contiguous with an exterior surface of said transitional segment" have been found to be definite by the USPTO and by an expert who has opined with respect to the knowledge of one with ordinary skill in the relevant art and Defendants have not met their burden of proving by clear and convincing evidence otherwise.

### 4. "a transitional wall portion" and "a transitional segment"

One with ordinary skill in the art at the time of the invention would be informed of and understand the meaning and scope of "a transitional wall portion" and "a transitional segment" with reasonable certainty in light of the language of the claims, specification, prosecution history, and reexamination and appeal record of the '602 Patent. Long Decl. at ¶ 29. As a starting point, the PTAB assessed these terms/phrases for indefiniteness and allowed claims (claims 8, 10, 11, 15, 16, 19, and 23) incorporating this language after reexamination. MPEP § 2173. A person with skill in the art as defined above, would be informed of and understand the term "a transitional wall portion" and "a transitional segment" based on the relevant context of

the figures, in particular FIG. 2, FIG. 3, FIG. 4, and FIG. 4a and in the context of the specification as a whole of the '602 Patent. Long Decl. at ¶ 29.

In sum, Plaintiff provides expert testimony of a skilled artisan to support its claim that "a transitional wall portion" and "a transitional segment" are definite, while Defendants rely solely on attorney argument. Defendants have not met their burden of proving these claim terms are indefinite by clear and convincing evidence.

### B. The claim terms Defendants propose constructions for should be construed as having their ordinary and customary meanings

Plaintiff set out the law governing claim construction under *Phillips* and progeny in its opening claim construction brief (Dkt. No. 45, p. 1-3). The Federal Circuit has repeatedly stated that it is inappropriate to construe claim terms as limited to preferred embodiments without a clear intent to redefine the term or a clear disavowal of claim scope. *See, e.g., Schoeller-Bleckmann Oilfield Equip. AG v. Churchill Drilling Tools US, Inc.*, 664 F. App'x 949, 952 (Fed. Cir. 2016). A specification need not contain every possible embodiment and courts should not read into the claims limitations based on the embodiments in the specification. *Innogenetics, N.V. v. Abbott Labs.,* 512 F.3d 1363, 1371–72 (Fed. Cir. 2008); *JobDiva, Inc.*, 2014 WL 5034674, at *6 (stating that embodiments that did not exist at the time of filing which involve after-arising technology would be captured within the literal scope of a broadly drafted claim).

The party seeking to invoke prosecution history disclaimer bears the burden of proving the existence of a "clear and unmistakable" disclaimer that would have been evident to one skilled in the art. *Comcast IP Holdings I LLC v. Sprint Commc'ns Co.*, L.P., 850 F.3d 1302, 1313 (Fed. Cir. 2017) (stating that [w]here the prosecution history is ambiguous or susceptible to 'multiple reasonable interpretations' as to any alleged disavowal, we decline to find prosecution disclaimer."); *Lucent Techs., Inc. v. Gateway, Inc.*, 525 F.3d 1200, 1211–12 (Fed. Cir. 2008)

7

("...arguments made by the applicants during prosecution clearly distinguish the claimed method from that of [the prior art], but do not constrain the definition of [the disputed claim term]").

### 1. "a video signal source unit"

One with ordinary skill in the art would understand the ordinary and customary meaning of "a video signal source unit" when read in the context of the claims, specification, prosecution history, and reexamination and appeal record of the '602 Patent. Long Decl. at ¶ 30. Defendants' argument that an exception to the presumption of an ordinary and customary meaning applies is not supported by the specification of the patent. Defendants improperly attempt to limit the construction of this phrase by incorrectly claiming that the patentee "set out a definition" for "a video signal source unit" in the specification. Stephenson Decl., **Ex. A**, '602 Col. 2:15-22. The patentee did not "set out a definition" for video source signal, but rather stated that "[t]he term video source signal as used herein *embraces* player units for playing pre-recorded video material...mounted in the subway cars." (emphasis added). *Id.* The dictionary definition of embrace is "to include or contain." *Id*. at **Ex. C**. Thus, Defendants' construction fails to capture the full scope of the claim term and their attempt to limit the term based on a specific embodiment should be rejected.

### 2. "a plurality of transparent cover units that cover respective ones of the video display monitors"

One with ordinary skill in the art would understand the ordinary and customary meaning of "a plurality of transparent cover units that cover respective ones of the video display monitors" when read in the context of the claims, specification, prosecution history, and reexamination and appeal record of the '602 Patent. Long Decl. at ¶ 31.

Contrary to Defendants' assertion, the disputed phrase merely suggests that there are many transparent unit covers covering many monitors, but neither the claim language nor the

8

specification support Defendants' construction that there is a one-to-one ratio between transparent cover units and video display monitors (or that each transparent cover unit covers only one video display monitor). Defendants' insertion of this limitation should thus be rejected. *Hill–Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1371 (Fed. Cir. 2014).

### 3. "back lit panel"

One with ordinary skill in the art would understand the ordinary and customary meaning of "back lit panel" when read in the context of the claims, specification, prosecution history, and reexamination and appeal record of the '602 Patent. Long Decl. at ¶ 32. Defendants' argument that an exception to the presumption of an ordinary and customary meaning applies is not supported by the prosecution history of the '602 patent. In arguing that that the patentee disclaimed an LCD display in the reexamination of the '602 Patent, Defendants do not identify any statement made by the patentee, let alone a "clear and unmistakable" disclaimer. Defendants' statement, citing the '602 Patent application, that "it would appear that both the examiner and the patent owner did not construe 'a back lit panel' to encompass a back lit LCD display" is based solely on attorney argument. Defendants do not cite to any office action where *the patentee* relinquishes the scope of the claim, as required to invoke prosecution history disclaimer.[1]

Moreover, Defendants' unsupported attempt to import limitations should similarly be rejected. Nothing in the specification supports Defendants' proposed construction that limits back lit panel to "a non-electric display panel illuminated by a light source behind it." The

---

[1] *Papyrus Tech. Corp. v. N.Y. Stock Exch., Inc.*, 581 F. Supp. 2d 502, 522 (S.D.N.Y. 2008), *aff'd sub nom. Papyrus Tech. Corp. v. N.Y. Stock Exch., LLC*, 396 F. App'x 702 (Fed. Cir. 2010) (distinguishing statements made by patentee from unilateral action on the part of the examiner).

9

specification reference to Figure 3 described by Defendants makes no reference to advertising panels being printed rather than electronic. Accordingly, Defendants' attempt to deviate from the ordinary and customary meaning of "back lit panel" should be rejected.

> 4. **"flushed with the adjacent wall surface structure of the car"; and "flushed within the adjacent wall structure such that it contains no protuberances"**

One with ordinary skill in the art would understand the ordinary and customary meaning of "flushed with the adjacent wall surface structure of the car"; and "flushed within the adjacent wall structure such that it contains no protuberances" when read in the context of the claims, specification, prosecution history, and reexamination and appeal record of the '602 Patent. Long Decl. at ¶ 33.

Defendants misrepresent the record when they assert "the patent owner made disclaimers *to the effect* that "substantially flushed" means "no protrusion of the display." (emphasis added). The patent owner made no such disclaimer. The only representation made by the patentee was that one embodiment depicted in figure 4a of the '602 Patent has no protrusion of the display. Stephenson Decl., **Ex. B**, p. 7-8. During reexamination of the patent, no representation was made that "substantially flush"[2] means "no protrusion," let alone any "clear and unmistakable" disclaimer. *See Trivascular, Inc. v. Samuels*, 812 F.3d 1056, 1063–64 (Fed. Cir. 2016).

Defendants' proposed construction also arbitrarily inserts language into the disputed claim phrase based on attorney argument. This is inconsistent with the language of the claims, specification, and interpretation of the prosecution history by a person of ordinary skill in this

---

[2] Defendants' attempt to equate the term "substantially flushed" with "flushed" violates a doctrine of claim construction which requires that all language in a claim must have meaning. *Virtual Sols., LLC v. Microsoft Corp.*, 925 F. Supp. 2d 550, 560 (S.D.N.Y.), *aff'd*, 540 F. App'x 997 (Fed. Cir. 2013). To say that "substantially flushed" means the same thing as "flushed" would render the term "substantially" meaningless.

art. Accordingly, Plaintiff requests that the ordinary and customary meaning of these terms be adopted.

     5.    "self-contained wiring cabling system"

One with ordinary skill in the art would understand the ordinary and customary meaning of "self-contained wiring cabling system" when read in the context of the claims, specification, prosecution history, and reexamination and appeal record of the '602 Patent. Long Decl. at ¶ 34.

Defendants' proposed construction improperly imports limitations from the specification. There is no support for narrowing the claim based solely on the description of one embodiment and therefore Defendants' construction should be rejected.

     6.    [wherein an external surface of the longitudinal opposed sidewall, the exterior surface of said transitional segment and an external surface of the ceiling comprise a] "blended contour"

One with ordinary skill in the art would understand the ordinary and customary meaning of "blended contour" when read in the context of the claims, specification, prosecution history, and reexamination and appeal record of the '602 Patent. Long Decl. at ¶ 35.

Defendants' proposed construction improperly imports limitations from one embodiment in the specification. There is no support for Defendants' proposed construction and this term should be interpreted in accordance with its ordinary and customary meaning.

### III. CONCLUSION

For all of the reasons given above, the Court is respectfully requested to reject Defendants' indefiniteness arguments and retain the language of the claims of the '602 Patent as their ordinary and customary meaning for the terms they propose constructions for.

Dated: May 30, 2017

                                              Respectfully submitted,

                                              /s/ Dariush Keyhani

        Dariush Keyhani
        MEREDITH & KEYHANI, PLLC
        125 Park Avenue, 25th Floor
        New York, New York 10017
        (212) 760-0098 Telephone
        (212) 380-1325 Direct Line
        (212) 202-3819 Facsimile
        dkeyhani@meredithkeyhani.com
        *Attorneys for Plaintiff Scott Blair*