**MEREDITH & KEYHANI, PLLC**
125 Park Avenue, 25th Floor
New York, New York 10017
212-760-0098
Facsimile: 212-202-3819
www.meredithkeyhani.com

_____

Writer's Direct Email:
dkeyhani@meredithkeyhani.com
Direct Dial:  212-380-1325

June 1, 2017

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re: *Blair v. Alstom Transp. Inc. et al., No. 1:16-cv-03391-PAE-JLC*

Dear Judge Engelmayer:

  We represent the Plaintiff in the above referenced matter.  Plaintiff writes this letter in response to the Court's order (Dkt. No. 56) inviting the parties to submit short letter briefs.  For the reasons set forth in Plaintiff's previous briefing in connection with Kawasaki Rail Car, Inc. ("Kawasaki") and Alstom Transportation, Inc.'s ("Alstom") respective motions to stay the case pending outcome of the IPR of U.S. Patent No. 6,700,602 (the "'602 patent") (Dkt. Nos. 33, 34, 48, and 54) and the reasons articulated below, Plaintiff respectfully requests that this Court deny Defendants' motions.

  First, a stay would not streamline the issues in this case.  Most of the asserted claims in this case are not the subject of the IPR that has been instituted.  The IPR at issue only relates to five of the asserted claims (claims 1-4 and 6) in this case.  There are 23 claims, including two independent claims of the '602 patent, that Plaintiff is asserting against Defendants in which the PTAB has not instituted an IPR.

  Nevertheless, even with respect to these five claims, it is not possible for the PTAB to decide all the defenses and legal issues raised by the parties.  The PTAB only decides issues of validity under 35 U.S.C. §§ 102 (anticipation) and 103 (obviousness) based on prior art or printed publications.  This means that if Plaintiff successfully defends these claims at the IPR, this Court will need to address the same section 102 and 103 validity arguments raised by Kawasaki in the IPR anew, as well as validity on the grounds of indefiniteness, which the PTAB cannot address.  And in the event Defendant prevails on all five claims, the Court will still need to determine validity with respect to the remaining 23 claims.  Thus, this Court is the only forum that can resolve all these issues (in addition to Plaintiff's infringement claims).

While there are some cases where issues may be streamlined because a Defendant would be prevented from asserting that a claim is invalid "on any ground that the petitioner raised or reasonably could have raised during [an IPR]" under Section 315(e)(2), this is not implicated in this case because Alstom did not join in Kawasaki's IPR and thus is not bound by the full scope of statutory estoppel. Therefore, if Plaintiff successfully defends the claims at issue on IPR, the Court will not be saved from addressing validity under section 102 and 103 and will have to address these same issues anyway. Also, any potential minimal simplification of the claims at issue in this case is speculative at best, as there is no guarantee that the claims will be amended or cancelled during the IPR.

Further, the opinions of the PTAB would provide little, if any, guidance to the Court as the substantive standards for determining validity (on anticipation and obviousness grounds) and the evidentiary burdens are different on IPR than at the district court. In particular, with respect to claim construction, in an IPR the Board gives a claim its "broadest reasonable construction in light of the specification of the patent in which it appears," which differs from the *Phillips*-based claim construction principles employed by district courts. 37 C.F.R. § 42.100(b). Additionally, in an IPR, the petitioner has the burden of proving invalidity by a preponderance of the evidence, whereas at the district court the Defendant must prove invalidity by clear and convincing evidence. Accordingly, the opinions of the PTAB would likely not aid in simplifying the issues in this case.

Second, granting a stay would be highly prejudicial to Blair. As previously noted, the '602 patent has already been the subject of reexamination based on prior art asserted by Kawasaki and the challenged '602 patent's claims were sustained with no amendments and additional claims were added by the PTAB. Thus, staying the case will cause undue prejudice to Plaintiff as Plaintiff has already endured five years of delay because of the previous reexamination. Staying this case to provide Kawasaki yet another opportunity to present alleged prior art to the PTAB is much more prejudicial than efficient. Moreover, staying this case will provide an unfair tactical advantage to Alstom (and in effect, both Defendants) because Alstom will retain its right to rehash the same validity arguments the PTAB may reject.

Third, the stage of this proceeding militates against a stay. This dispute has spanned nearly seven years, during which time Plaintiff has been unable to enforce his patent rights. The instant case was filed over a year ago and fact discovery closes in two months and the parties have completed briefing on claim construction. In contrast, oral argument on the instituted IPR will not take place for eight months and if either party appeals to the Federal Circuit, which is currently backlogged, a stay would allow Defendants to continue their infringement for years while denying Plaintiff a remedy.

In sum, the IPR is incapable of addressing all the issues with respect to all the parties in this case and the interest of justice will be best served by allowing this case to proceed. Further, any potential efficiency or streamlining that may occur by staying this case is far outweighed by the significant prejudice and unfairness to Plaintiff and delaying Plaintiff's relief from Defendants' infringement. Accordingly, Plaintiff respectfully requests that Defendants' respective motions to stay be denied.

                                        Respectfully submitted,

                                        <u>/s/ Dariush Keyhani</u>
                                        Dariush Keyhani

Cc: counsel for Defendants