

One Broadway
New York, NY 10004-1007
+1.212.425.7200 Phone
+1.212.425.5288 Fax
andrewskurthkenyon.com

Sheila Mortazavi
+1.212.908.6346 Phone
smortazavi@kenyon.com

June 1, 2017

**VIA ECF**

The Honorable Paul A. Engelmayer, U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

    Re:    *Blair v. Alstom Transp., Inc. et al.*, Civil Action No. 1:16-cv-03391-PAE- JLC

Dear Judge Engelmayer:

    We represent Kawasaki Rail Car, Inc. ("Kawasaki") in the above referenced action, and write in response to the Court's May 30, 2017 Order inviting the parties to summarize their arguments regarding a potential stay, including how the claims currently under review would bear on this case.

    As set forth in its motion papers (D.I. 30, 35), Kawasaki respectfully submits that the relevant factors favor a stay of the claims against it in this case. Because plaintiff does not compete with Kawasaki, a stay would not unduly prejudice plaintiff and would not present a clear tactical disadvantage to plaintiff. The relatively early stage of this case, with discovery not yet completed and no trial date set, also favors a stay. And, as described below, disposition of the claims currently under review at the PTAB will result in simplification of the issues and will reduce the burden of litigation on the parties and the Court.

    Plaintiff's complaint accuses Kawasaki[1] of infringing claims 1-4 and 6 of U.S. Patent No. 6,700,602 ("'602 patent") by manufacturing, offering for sale, and selling its PA-5 and R160 railcars. D.I. 1. After filing its Answer, Kawasaki promptly filed a petition for *inter partes* review of the '602 patent, challenging the patentability of the then-asserted claims ("the first petition"). The Patent Trial and Appeal Board ("PTAB") has instituted *inter partes* review on <u>all</u> claims challenged in the first petition, finding that "Petitioner has established that there is a reasonable likelihood that it would prevail in establishing the unpatentability of claims 1-4 and 6 of the '602 Patent" based on a combination of four prior art references (Namikawa, Sasao, Amano, and Maekawa). D.I. 47-1 at 27.

---

[1] The original complaint named Kawasaki Heavy Industries, Ltd. as a defendant. On February 14, 2017, plaintiff filed a corrected complaint that substituted Kawasaki Rail Car, Inc. for Kawasaki Heavy Industries, Ltd. Plaintiff's corrected complaint also accuses another defendant, Alstom Transportation, Inc., of infringement, but only with respect to Alstom's R160 railcars. D.I. 39.

June 1, 2017
Page 2

On November 14, 2016, plaintiff served his Infringement Contentions and for the first time identified claims 5, 7-9 and 11-29 as also allegedly being infringed by Kawasaki. Kawasaki filed its second petition for *inter partes* review on March 6, 2017 ("the second petition"), challenging the newly asserted claims. Plaintiff has not yet provided his preliminary response. Pursuant to 35 U.S.C. § 314(b), the Board is required to provide its institution decision by September 24, 2017.[2]

In circumstances similar to these, Judge Bryson, sitting by designation, issued a district court decision staying a litigation pending completion of *inter partes* review. *See NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *5-7 (E.D. Tex. Mar. 11, 2015) (Bryson, J., sitting by designation) ("[The] near-uniform line of authority reflects the principal point made by the court in *VirtualAgility*—that after the PTAB has instituted review proceedings, the parallel district court litigation ordinarily should be stayed.")(citing *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1313-15 (Fed. Cir. 2014)).

As in *NFC Tech.*, granting a stay in this case will simplify the issues to be tried, even in the unlikely event that the PTAB does not institute the second petition or institutes less than all challenged claims of the second petition. *Id.* at *7 ("[T]he PTAB's order granting inter partes review did not include all of the asserted claims of the '664 patent. . . . NFCT argues that with those claims omitted from the inter partes review, the PTAB's decision in the review proceeding is unlikely to result in a significant simplification of the case. The Court does not agree."); *see also ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 354 (D. Mass. 2015) (finding that simplification of the issues weighs in favor of a stay when the claims shared "the same key inventive aspects," even though "only 2 of the 11 patents-in-suit and only 3 of the 22 claims asserted against" defendant were under review); *Contour IP Holding, LLC v. GoPro, Inc.*, 2016 WL 4474340, *3-*5 (D. Del. 2016) (finding "the PTAB's sound judgment" instructive when claims not subject to review contained "terms identical or similar to terms found in claims instituted for review"). Conversely, proceeding with this case in parallel creates a substantial risk that the parties and the Court will unnecessarily expend resources litigating issues that will either be eliminated altogether or substantially altered by the PTAB proceeding.

Specifically, the PTAB will evaluate the validity of asserted claims 1-4 and 6, and can invalidate all or some of those claims. If the claims are confirmed, estoppel will apply to Kawasaki (as to claims it raised or reasonably could have raised in the PTAB) for the non-cancelled claims. If the claims are invalidated, they likely would be dropped from the case and the issue of claim construction, infringement and validity of those claims would be moot. *NFC Tech.*, 2015 WL 1069111, at *4 ("In this case, the likelihood of some or all of those benefits flowing from inter partes review is high. If the proceedings before the PTAB result in confirmation of the

---

[2] It is highly likely that the PTAB will institute review of the claims in the second petition, given the similarity of those claims to the claims that are already under review. For example, claims 5 and 7 depend from claim 1, and are being challenged on the same grounds (Namikawa, Sasao, Amano and Maekawa). The other asserted claims also recite elements very similar to those in claims 1-4 and 6, and are being challenged on a similar combination of references. Notably, the patent owner's purported point of novelty with respect to the claims currently under review – monitors "substantially flushed" with adjacent surfaces – is also recited in its other asserted claims ("substantially flush" (claim 8); "substantially contiguous" (claim 15); and "flushed" (claim 20)), and thus the disposition of the claims under review will have a bearing on the construction of similar terms in the remaining claims.

June 1, 2017
Page 3

patent claims being asserted in court, the defendant will be estopped from challenging the validity of the claims on any ground that was, or could reasonably have been, asserted in the inter partes proceeding. . . . On the other hand, if the proceedings result in cancelation of some or all of the asserted claims, either some portion of the litigation will fall away, or the litigation will come to an end altogether."). Absent a stay, any claim construction, infringement, and validity findings by this Court regarding the claims under review may need to be later vacated or revisited. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) (vacating the district court's judgment and remanding with instructions to dismiss because the PTO's cancellation of claims during reexamination nullified the earlier district court finding of validity and the award of damages).

In addition, if any of the claims under review are amended during the PTAB proceeding, a stay would ensure that the parties and the Court do not waste time litigating a claim whose scope is altered, and with respect to which any potential damages would have to be reevaluated. *See, e.g., Software Rights Archive, LLC. V. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *5 (N.D. Cal. Sept. 17, 2013) ("Even if these claims are not all cancelled, the IPR could encourage settlement or lead to amendments to the claims, which could create intervening rights and limit potential damages."); *Fresenius*, 721 F.3d at 1340 ("[I]f the PTO confirms the original claim in identical form, a suit based on that claim may continue, but if the original claim is cancelled or amended to cure invalidity, the patentee's cause of action is extinguished and the suit fails.")

Moreover, even if all claims currently under review survive, the Court will have the benefit of the expertise of the PTAB and the additional record of the PTAB proceedings (including any patentability arguments made by the patent owner) as a resource in conducting claim construction. The PTAB proceedings are relevant evidence that must be considered as part of the court's construction of all of the asserted claims, including claims that are not currently under review, because arguments that a patent owner makes with respect to an element in one claim would inform one of ordinary skill in the art as to its meaning in other claims. *Ericsson Inc. v. TCL Commun. Tech. Holdings, Ltd.*, No. 2:15-CV-00011-RSP, 2016 WL 1162162, at *3 (E.D. Tex. Mar. 23, 2016) ("[T]he claim construction positions taken by the parties before the PTAB may inform subsequent claim construction proceedings in this court."); *E2Interactive, Inc. v. Blackhawk Network, Inc.*, 561 F. App'x 895, 896-98 (Fed. Cir. 2014) (reversing judgment of infringement when district court, in construing claims, failed to give effect to patentee's limiting statements during reexamination); *Contour IP*, 2016 WL 4474340 at *3-*5.

For the reasons set forth above and in Kawasaki's motion papers (D.I. 30, 35), Kawasaki respectfully requests that the Court stay the case against Kawasaki pending completion of the PTAB proceedings, including any appeals.

                                              Respectfully submitted,

                                              Sheila Mortazavi