UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT BLAIR,<br><br>  *Plaintiff*,<br><br>v.<br><br>ALSTOM TRANSPORTATION, INC. and<br>KAWASAKI RAIL CAR, INC.,<br><br>  *Defendants*. | C.A. No. 1:16-cv-03391-PAE-JLC |

### DECLARATION OF MARK A. CHAPMAN

I, Mark A. Chapman, declare as follows:

1. I submit this declaration in support of Defendant Kawasaki Rail Car, Inc.'s Motion for Judgment on the Pleadings, a Finding of Exceptional Case, and Recovery of Attorneys' Fees and Costs Pursuant to 35 U.S.C. § 285 and Fed. R. Civ. P. 54(d).

2. I am a partner at the law firm Hunton Andrews Kurth LLP, which represents Kawasaki in this litigation and the two related IPR proceedings in which Kawasaki challenged the asserted claims of the '602 patent: IPR2017-00117 and IPR2017-01036.

3. I represent Kawasaki as backup counsel in both IPR proceedings. I presented Kawasaki's arguments at the PTAB oral hearings in both IPRs.

4. The oral hearing in the first IPR (IPR2017-00117) took place on January 26, 2018. Plaintiff Scott Blair's counsel, Darius Keyhani, presented Mr. Blair's arguments at this oral hearing in the first IPR.

5. On May 2, 2018, the PTAB issued its final decision in the first IPR. In its decision, the PTAB found all the challenged claims (claims 1–4 and 6) of the '602 patent to be unpatentable as obvious.

6.     On June 14, 2018, I had a phone call with Mr. Keyhani. During this call, I told Mr. Keyhani that, given the PTAB's final decision in the first IPR, it would be unreasonable for Mr. Blair to continue with this litigation. I also told Mr. Keyhani that if Mr. Blair did continue to litigate, Kawasaki could have a reasonable basis to request recovery of its attorneys' fees incurred after May 2, 2018, the date the PTAB issued its final decision in the first IPR. I explained to Mr. Keyhani that the PTAB's final decision in the first IPR strongly predicted that Kawasaki would also prevail in the second IPR. I explained to Mr. Keyhani that the key issues had been decided in Kawasaki's favor in the first IPR, and therefore the PTAB would reach the same decision in the second IPR. When Mr. Keyhani told me that Mr. Blair planned to appeal the PTAB's final decision in the first IPR, I told Mr. Keyhani that the appeal would not be successful because the Federal Circuit would defer to the PTAB's fact findings.

7.     On September 10, 2018, the PTAB issued its final decision in the second IPR. In its decision, the PTAB found all the challenged claims (claims 5, 7–9 and 11–29) of the '602 patent to be unpatentable as obvious. Mr. Blair did not appeal the PTAB's final decision in the second IPR to the Federal Circuit.

8.     Mr. Blair did appeal the PTAB's final decision in the first IPR to the Federal Circuit. On August 8, 2019, the Federal Circuit affirmed the PTAB's final decision in the first IPR in a per curiam summary affirmance order pursuant to Federal Circuit Rule 36.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 9, 2019

Mark A. Chapman

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2019, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/Sheila Mortazavi
Sheila Mortazavi
