UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT BLAIR,

                        *Plaintiff*,

   v.

ALSTOM TRANSPORTATION, INC.
AND KAWASAKI RAIL CAR, INC.,

                       *Defendants*.

CA No. 1:16-cv-03391-PAE-JLC

**KAWASAKI'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE
PLEADINGS, A FINDING OF EXCEPTIONAL CASE, AND ATTORNEYS' FEES
AND COSTS PURSUANT TO 35 U.S.C. § 285 AND FED. R. CIV. P. 54(D)**

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................1

I.    Blair Has Provided No Basis for Avoiding a Dismissal of This Case................................1

      A.    Blair Did Not Assert Claim 10 in This Case, and Admits That the Claims Actually Asserted Should be Dismissed With Prejudice..........................................1

      B.    Any Attempt by Blair to Pursue Unasserted Claim 10 is Untimely, Prejudicial to Kawasaki, and Futile ........................................................................2

II.   Blair Has Provided No Basis for Denying Kawasaki's "Prevailing Party" Status ..............4

III.  Blair Has Provided No Basis for Denial of Kawasaki's Requested Taxable Costs.............5

IV.  Blair's Opposition Confirms That This Is an Exceptional Case, and That Kawasaki Should be Awarded Attorneys' Fees and Non-Taxable Costs Since May 2, 2018 .............6

      A.    Blair Misstates the Applicable Legal Standard............................................................6

      B.    The Majority of Blair's Arguments Are Irrelevant to the Period for Which Kawasaki Seeks Fees ...................................................................................................7

      C.    Blair's Litigating Position Was Exceptionally Weak ...............................................8

      D.    Blair's Litigation Conduct Supports a Finding of "Exceptional Case" .................10

CONCLUSION...................................................................................................................13

## TABLE OF AUTHORITIES

**Cases**

*Am. Vehicular Sciences LLC v. Autoliv, Inc.*,
   2019 WL 4741733 (E.D. Mich. Aug. 30, 2019) ................................................................10

*American Hoist & Derrick Co. v. Sowa & Sons, Inc.*,
   725 F.2d 1350 (Fed. Cir. 1994) ..........................................................................................9

*B.E. Tech., L.L.C. v. Facebook, Inc.*,
   940 F.3d 675 (Fed. Cir. 2019) ............................................................................................5

*Balance Point Divorce Funding, LLC v. Scrantom*,
   305 F.R.D. 67 (S.D.N.Y. 2015) ..........................................................................................6

*Clearlamp, LLC v. LKQ Corp.*,
   2016 WL 7013478 (N.D. Ill. Nov. 30, 2016) .....................................................................6

*Eko Brands, LLC v. Adrian Rivera Maynez Enters.*,
   2020 U.S. App. LEXIS 962 (Fed. Cir. Jan. 13, 2020) ......................................................10

*Gordon v. McGinley*,
   2013 U.S. Dist. LEXIS 49794 (S.D.N.Y. Mar. 27, 2013) ................................................10

*Hockeyline, Inc. v. STATS LLC*,
   2017 WL 1743022 (S.D.N.Y. Apr. 27, 2017) .....................................................................6

*Hughes v. Novi American, Inc.*,
   724 F.2d 122 (Fed. Cir. 1984) ............................................................................................9

*KSR Int'l Co. v. Teleflex, Inc.*,
   127 S. Ct. 1727 (2007) ........................................................................................................9

*MaxLinear, Inc. v. CF CRESPE LLC*,
   880 F.3d 1373 (Fed. Cir. 2018) ..........................................................................................4

*Munchkin, Inc. v. Luv N' Care, Ltd*,
   2018 U.S. Dist. LEXIS 223150 (C.D. Cal. Dec. 27, 2018) ................................................8

*Nike, Inc. v. Adidas AG*,
   812 F.3d 1326 (Fed. Cir. 2016) ..........................................................................................9

*In re NuVasive, Inc.*,
   842 F.3d 1376 (Fed. Cir. 2016) ........................................................................................11

*Octane Fitness LLC v. ICON Health & Fitness, Inc.*,
   572 U.S. 545 (2014) ......................................................................................................6, 10

*Ohio Willow Wood Co. v. Alps S., LLC*,
   735 F.3d 1333 (Fed. Cir. 2013)..................................................................................4

*RFR Indus., Inc. v. Century Steps, Inc.*,
   477 F.3d 1348 (Fed. Cir. 2007)..................................................................................5

*Simo Holdings Inc. v. H.K. Ucloudlink Network Tech., Ltd.*,
   354 F. Supp. 3d 508 (S.D.N.Y. 2019).........................................................................3

*Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt.*,
   778 F.3d 1311 (Fed. Cir. 2015)..................................................................................4

*Tomita Tech. v. Nintendo Co., Ltd.*,
   182 F. Supp. 3d 107 (S.D.N.Y. 2016).........................................................................6

*Vehicle Interface Tech. v. Jaguar Land Rover North Am.*,
   2015 WL 9462063 (D. Del. Jun. 15, 2016) ................................................................9

*XY, LLC v. Trans Ova Genetics*,
   890 F.3d 1282 (Fed. Cir. 2018)..................................................................................4

**Statutes**

28 U.S.C. § 1920..............................................................................................................5, 6

35 U.S.C. § 103....................................................................................................................9

35 U.S.C. § 285....................................................................................................8, 10, 12

35 U.S.C. § 315(b)...............................................................................................................3

**Other Authorities**

Fed. Cir. R. 35(b) ...............................................................................................................12

Fed. Cir. R. 36....................................................................................................................12

Fed. R. Civ. P. 26(e) ........................................................................................................2, 3

Fed. R. Civ. P. 41(a)(1) .......................................................................................................5

Local Civil Rule 54.1 ......................................................................................................5, 6

Local Patent Rule 6 .........................................................................................................1, 2

Local Patent Rule 9 .............................................................................................................2

Sup. Ct. R. 10....................................................................................................................12

# INTRODUCTION

Blair misstates the facts and the law, and makes unsupported assertions, in order to avoid a dismissal and the consequences of his pursuit of this exceptional case. As explained in Kawasaki's opening brief (Dkt. 107 ("Br.") at 15-18) and below, a Court-ordered dismissal of this case will make Kawasaki the prevailing party. Blair's arguments to the contrary, which are all based on unasserted claim 10, should be rejected. Even if Blair moves to add claim 10 to this case (which he has not done), the Court should deny the motion as untimely, prejudicial to Kawasaki, and futile because claim 10 is not materially different from the invalidated claims.

As the prevailing party, Kawasaki is entitled to the taxable costs it seeks. Blair's objections are based on a misapplication of precedent and the local rules, and should be rejected.

Kawasaki has explained why this is an exceptional case warranting a fees award from the date of the PTAB's decision in the first IPR (May 2, 2018). (Br. at 19-27). Blair cannot credibly deny that his litigation position thereafter was objectively unreasonable or that he litigated in an unreasonable manner. Blair instead misstates the law and focuses on events prior to Blair filing suit, which are not relevant to the period for which Kawasaki seeks fees. Blair does not challenge the reasonableness of the amount of fees and non-taxable costs sought, or the request for pre- and post-judgment interest, and thus the Court should grant Kawasaki's motion in its entirety.

# ARGUMENT

**I.     Blair Has Provided No Basis for Avoiding a Dismissal of This Case**

    **A.     Blair Did Not Assert Claim 10 in This Case, and Admits That the Claims Actually Asserted Should be Dismissed With Prejudice**

Blair incorrectly asserts that this is a "live case" because "claim 10 [is] still intact." (Opp. at 1). However, Blair did not identify claim 10 in his "Disclosure of Asserted Claims and Infringement Contentions" pursuant to Patent Local Rule 6, and instead limited this case to

- 1 -

claims 1-9 and 11-29.  (Dkt. 108, Ex. DD).  Blair also repeatedly represented to this Court without qualification that he has "asserted claims 1-9 and 11-29," (Dkt. 45 at 1), and that there are "28 asserted claims in this case," (Dkt. 33 at 1; *see also* Dkt. 48 at 1; Dkt. 54 at 1-2; Dkt. 58 at 1).  Blair concedes that dismissal with prejudice is appropriate for all of the asserted claims.  (Dkt. 117 ("Opp.") at 27 n.28).  Blair therefore has provided no basis for avoiding dismissal.[1]

      **B.     Any Attempt by Blair to Pursue Unasserted Claim 10 Is Untimely, Prejudicial to Kawasaki, and Futile**

Blair inconsistently states that he "may ask the Court for leave to amend" to assert claim 10 (Opp. at 4 n.7, 27), but also states that the Court can dismiss the asserted claims with prejudice and claim 10 without prejudice (*id.* at 27 n.28). Blair never indicated in joint status letters that he intended to add claim 10, and he has not sought leave to do so. (Dkt. 99, 101). Claim 10 thus remains unasserted, and Blair cannot avoid a Court-ordered dismissal (and the resulting prevailing party status for Kawasaki) based on hypothetical actions he may never take.

Any attempt to assert claim 10, which is not legally viable as described below, should be denied as untimely, prejudicial to Kawasaki, and futile.  First, Blair cannot show that adding claim 10 now is "timely," as required under the applicable rules. Local Patent Rule 6 requires a patentee to serve infringement contentions identifying "each claim . . . allegedly infringed," and "each product or process . . . that allegedly infringes each identified claim." Local Patent Rule 9 applies the "duty to supplement in Fed. R. Civ. P. 26(e)" to those contentions, which in turn requires a party to "supplement or correct its disclosure . . . in a *timely* manner." Fed. R. Civ. P. 26(e)(1)(A). Blair's assertion that claim 10 was "inadvertently omitted" from his contentions

---

[1] Blair's statement that "[d]ismissal with prejudice is inappropriate in this case because the legal relationship of the parties remains unchanged," (Opp. at 28), is a *non sequitur*.  The change in the "legal relationship of the parties" test applies to whether a litigant is a "prevailing party," (*see, e.g.,* Br. at 17-18); it is not the test for whether a dismissal with prejudice is appropriate.

- 2 -

(Opp. at 4 n.7)[2] is unsupported and does not explain when Blair purportedly discovered this such that a motion to amend now would be "timely." *See Simo Holdings Inc. v. H.K. Ucloudlink Network Tech., Ltd.*, 354 F. Supp. 3d 508, 510 (S.D.N.Y. 2019) (timeliness depends on when the party learned the information that rendered the prior contentions incomplete).

Second, the addition of claim 10 to this case would prejudice Kawasaki, which reasonably relied on Blair's contentions and representations to this Court to determine the scope of this case and defend itself accordingly. Kawasaki filed IPR petitions challenging the claims asserted against it, and if Blair had timely asserted claim 10, Kawasaki would have included that claim in one of its petitions. During the year that Blair litigated this case before the Court granted the stay, he never identified claim 10 (including during claim construction exchanges and briefing). Nor did Blair argue in response to the stay motion that claim 10 was not being challenged in an IPR but would be asserted. As a result of Blair's unjustified delay, Kawasaki is now time-barred by statute from challenging claim 10 in another IPR. 35 U.S.C. § 315(b).

Third, it would be futile for Blair to assert claim 10 in this or any future case. Collateral estoppel (issue preclusion) bars the assertion of claim 10 because that claim is not different from the invalidated claims in any "patentably significant" way. (Br. at 25-26). Blair misses the point when he argues there is no issue preclusion "because the issues of validity and infringement of claim 10 have not been adjudicated on the merits" (Opp. at 4 n.6). Infringement is irrelevant to issue preclusion based on invalidity, and the law is clear that litigation of unadjudicated patent claims can be precluded based on previous adjudications of invalidity of similar claims because "it is the identity of the *issues* that were litigated that determines whether collateral estoppel

---

[2] The parties have repeatedly identified claims 1-9 and 11-29 as the asserted claims in this case. (*See, e.g.*, Dkt. 30, 33, 45, 47, 48, 54, 58-60). Blair even agreed that the PTAB "found all of the claims asserted by Blair . . . unpatentable." (Dkt. 83). If Blair intended to pursue claim 10 in this case, he should have notified the Court and Kawasaki long ago.

should apply." *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342-43 (Fed. Cir. 2013) (emphasis in original) (patent claims must be different in some "patentably significant" way to defeat collateral estoppel); *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt.*, 778 F.3d 1311, 1319 (Fed. Cir. 2015) (collateral estoppel applied because additional limitation in a dependent claim did not materially alter validity issue).

The "no protuberances or visible edges" limitation in claim 10 is not patentably distinct from the "substantially flush" and "no protuberances" limitations in claims found unpatentable by the PTAB, and Blair makes no attempt to show otherwise. Although Blair asserts that different evidentiary and claim construction standards apply in the PTAB and district court (or that the PTAB standards have evolved over time), he provides no substantive argument as to why that would make a difference in this case if, for example, the Court were to decide the validity of claim 10 on summary judgment. Moreover, the law is clear that such differences do not bar application of issue preclusion. *MaxLinear, Inc. v. CF CRESPE LLC*, 880 F.3d 1373, 1376-77 (Fed. Cir. 2018) (final judgments from PTAB proceedings have issue-preclusive effect); *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018) (a final PTAB invalidity judgment has a collateral estoppel effect on any pending district court actions). Given the subject matter of the patent, the strong prior art, and the knowledge of one of ordinary skill in the art (*see* Section IV.C below and Br. at 7-14, 20-23, 25-26), Blair's claims (including claim 10) are invalid regardless of the evidentiary or claim construction standard that is applied.

## II.     Blair Has Provided No Basis for Denying Kawasaki's "Prevailing Party" Status

Because Blair's asserted claims were found unpatentable, Kawasaki will be the prevailing party once this case is dismissed. (Br. at 17-18). Blair's only response is predicated on his irrelevant argument regarding claim 10 (Opp. at 28-29), which he concedes he has not asserted in this case (*id.* at 4, 4 n.7, 27). Thus, even if the Court dismisses Blair's 28 asserted claims with

prejudice and claim 10 without prejudice, as Blair requests (*id.* at 27 n. 28), Kawasaki will still be the prevailing party. *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019).

Blair cites *RFR Indus., Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1352-53 (Fed. Cir. 2007), to argue that a dismissal without prejudice cannot bestow prevailing party status, (Opp. at 28).  In *RFR*, the Court held that a voluntary dismissal pursuant to Rule 41(a)(1), without a court order, does not result in prevailing party status. *Id.* at 1353. *RFR* has no bearing on this motion, which, if granted, will result in a Court-ordered dismissal with sufficient "judicial *imprimatur*" to make Kawasaki the prevailing party, as explained in *B.E. Tech.* 940 F.3d at 679.

Contrary to Blair's assertions (Opp. at 29), this case is indistinguishable from *B.E. Tech*. Both Blair and the plaintiff in *B.E. Tech.* initially asserted infringement of "at least" certain claims in their complaints, and later limited their cases to claims in their contentions. (*Compare* Ex. II, ¶ 11 *with* Dkt. 1, ¶¶ 25-27; *see also B.E. Tech.*, 940 F.3d at 676; Dkt. 108, Ex. DD). Just like Kawasaki, in *B.E. Tech.* Facebook successfully challenged the *asserted* claims before the PTAB, 940 F.3d at 679, after which the plaintiff (like Blair) agreed that dismissal was proper (*see id.* at 677; Dkt. 99, 101; Opp. at 27 n.28). The dismissal order in *B.E. Tech.* after the PTAB's invalidation of the asserted claims made Facebook the prevailing party, *id.* at 677, 679, and a Court order dismissing the case here similarly will make Kawasaki the prevailing party.

### III.   Blair Has Provided No Basis for Denial of Kawasaki's Requested Taxable Costs

Blair ignores authority Kawasaki cited for the requested copying costs[3] pursuant to 28 U.S.C. § 1920(4), (Br. at 18-19), and incorrectly argues based on the local rules that only copies "used at trial or received in evidence" are taxable (Opp. at 30).  However, courts apply Local Civil Rule 54.1 only to the extent it specifically addresses a particular cost (*i.e.*, "exhibits"), and

---

[3] Kawasaki has received additional information from its vendor about the requested scanning costs, and has revised the requested amount accordingly.  (Supp. Mortazavi Decl. ¶ 6).

- 5 -

otherwise apply § 1920(4) for copying costs of non-exhibit "materials necessarily obtained for use in the case," such as documents produced pursuant to discovery requests. *Balance Point Divorce Funding, LLC v. Scrantom*, 305 F.R.D. 67, 70, 75-76 (S.D.N.Y. 2015); *see also Hockeyline, Inc. v. STATS LLC*, 2017 WL 1743022, *7 (S.D.N.Y. Apr. 27, 2017).

The deposition transcripts are taxable pursuant to 28 U.S.C. § 1920(2) and Local Civil Rules 54.1(c)(2), and were cited in the PTAB decisions that form the basis for dismissal. The cases Blair cites are inapposite, because they disallow IPR filing fees but recognize transcript costs are recoverable if "necessarily obtained." *See, e.g., Hockeyline*, 2017 WL 1743022, at *8 n.2; *Clearlamp, LLC v. LKQ Corp.*, 2016 WL 7013478, at *2 (N.D. Ill. Nov. 30, 2016).

**IV.    Blair's Opposition Confirms That This Is an Exceptional Case, and That Kawasaki Should be Awarded Attorneys' Fees and Non-Taxable Costs Since May 2, 2018**

    **A.    Blair Misstates the Applicable Legal Standard**

Blair misstates the law when he argues that fraud, sanctionable conduct, or the like, is required for a case to be "exceptional" and that "absent misconduct . . . fee awards are proper only if 'the litigation is brought in subjective bad faith and the litigation is objectively baseless.'" (Opp. at 13, 20 (citing *Tomita Tech. v. Nintendo Co., Ltd.*, 182 F. Supp. 3d 107 (S.D.N.Y. 2016)). That is not the law. *Octane Fitness LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 548, 554-557 (2014) (expressly rejecting the standard recited by Blair). Neither fraud nor independently sanctionable conduct is a prerequisite for an "exceptional case." *Id.* at 555. Subjective bad faith also is not required, and exceptionally meritless claims alone may warrant an award of fees. *Id.* As Kawasaki demonstrated (Br. at 19-30), under the correct standard, this case warrants a fees award from May 2, 2018, the date of the PTAB's decision in the first IPR.

    **B.    The Majority of Blair's Arguments Are Irrelevant to the Period for Which Kawasaki Seeks Fees**

In addition to misstating the relevant legal standard, Blair focuses on and misrepresents

- 6 -

events that took place prior to Blair filing suit in 2016, which are not relevant to the period for which Kawasaki seeks fees.  Nonetheless, Kawasaki addresses them below to correct the record.

First, contrary to Blair's unsupported assertions that Kawasaki conceded infringement (Opp. at 7; Dkt. 119 at ¶ 8), Kawasaki has consistently maintained since 2010 that Blair's patent is *both* invalid *and* not infringed by Kawasaki.  (*See, e.g.,* Ex. JJ; Ex. KK at 2; Ex. LL at 1, 2). Prior to the *ex parte* reexamination, Kawasaki had to correct Blair's unfounded assertions that Kawasaki was not contesting infringement (Exs. KK-LL); afterwards, Kawasaki reiterated that the Blair patent was both invalid and not infringed. (Exs. MM-OO; Dkt. 16; Dkt. 42).

Second, Blair's argument that Kawasaki should have disclosed all relevant prior art to Blair before he filed his *ex parte* reexamination request, or this suit, (Opp. at 3), is unsupported by any legal authority. Kawasaki had no obligation to share **any** prior art before Blair filed suit. Nevertheless, Kawasaki in good faith did so, and informed Blair's counsel at the time that Kawasaki had shared just some of the prior art that would invalidate the Blair patent.  (Ex. LL at 1, 2).  If Blair assumed no other invalidating prior art existed, he did so at his own peril.

Third, Blair has no basis for asserting that Kawasaki should have brought Namikawa, Sasao, or the FRA rules to the attention of Blair, the USPTO, or this Court "in the years preceding its IPR petition." (Opp. at 3, 7, 19). When Blair contacted Kawasaki in 2015 after the *ex parte* reexamination had concluded, Kawasaki conducted additional prior art searches that led to the invalidating Namikawa and Sasao references (among others).  (Supp. Mortazavi Decl. ¶ 3). After Blair initiated this lawsuit in 2016, Kawasaki engaged an expert who identified the proposed FRA rules. (*Id.* at ¶ 4).  Based on that information, Kawasaki filed an IPR petition with detailed invalidity grounds, mere months (not years) after Blair initiated this lawsuit.

Fourth, Blair's argument that the prior art in the IPRs was "duplicative" of the prior art in

the reexamination, and that his patent had been "thoroughly scrutinized by the USPTO" during the original prosecution and reexamination, ignores reality. (Opp. at 15, 19). Kawasaki was not a party to the *ex parte* reexamination that Blair initiated and had no opportunity (or obligation) to present evidence there. The PTAB itself agreed that it had to reevaluate Blair's patent in view of information not previously considered (including Namikawa, Sasao, and JTOA),[4] and it found all the claims unpatentable based on that new information. (Dkt. 108, Ex. K at 5 and Ex. N at 9). Thus, no deference is due the PTO's earlier issuance of the original or reexamined claims.

### C. Blair's Litigating Position Was Exceptionally Weak

Blair's litigating position has been exceptionally weak since Kawasaki filed its first IPR (Br. at 20-23), and completely untenable since the PTAB's decision in the first IPR on May 2, 2018. Blair's argument that his litigation position was "strong" because of the presumption of validity (Opp. at 16, 21) misses the point and does not substantively address Kawasaki's argument that it was unreasonable for Blair to continue to rely on a presumption of validity after the PTAB found the claims in the first IPR unpatentable (Br. at 21). Blair had no reasonable basis thereafter for presuming validity and asserting ignorance of the invalidity of his claims.[5]

First, the presumption of validity does not categorically insulate patentees from exceptional case determinations arising from an objectively unreasonable position on validity. Courts award fees under § 285 in cases where a patentee, like Blair, maintains an infringement suit after being put on notice of clear invalidity. *See, e.g.*, *Munchkin, Inc. v. Luv N' Care, Ltd,*

---

[4] Blair's assertion that Kawasaki provided no references with a flushed monitor in a railcar is incorrect. (Opp. at 6). Kawasaki relied in its IPR petitions on a 1995 issue of the Japan Train Operation Association Magazine ("JTOA") (Dkt. 108, Exs. AA-BB, at 1), which includes photos in which LCD monitor screens in railcars are substantially flush with adjacent surfaces.

[5] Blair's reference to his Canadian patent (Opp. at 6 n.10) is beside the point. The rejected 2014 claims (Br. at 5 n.4) were identical to claims asserted in this case. (*Compare* Dkt. 108, Ex. 1 *with* Dkt. 108, Ex. U at [6]). The claims in the issued patent are not. (Dkt. 119, Ex. 1).

2018 U.S. Dist. LEXIS 223150, *15-21 (C.D. Cal. Dec. 27, 2018) (awarding fees where the patentee "was on notice of the legal vulnerability" of his patent because of invalidity contentions and an IPR petition); *Vehicle Interface Tech. v. Jaguar Land Rover North Am.*, 2015 WL 9462063, at *4 (D. Del. Jun. 15, 2016) (awarding fees after "reasonable opportunity" to consider invalidity contentions that showed the case was "objectively baseless"); *Hughes v. Novi American, Inc.*, 724 F.2d 122, 125 (Fed. Cir. 1984) (exceptionality found based on plaintiff's "continuance of a suit" after invalidity was "brought to light seven months prior to trial").

Second, Blair ignores Kawasaki's citation of *American Hoist* (Br. at 21), which explained that "new prior art not before the PTO may so clearly invalidate a patent that the burden [of proving invalidity] is fully sustained merely by proving its existence and applying the proper law." *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359-60 (Fed. Cir. 1994). Here, obviousness was apparent from Namikawa alone (Br. at 12), and the knowledge of one skilled in the art about the proposed FRA rule and the desirability of flush-mounting equipment in railcars. The legal standard for obviousness, which Blair misstates (Opp. at 2 n.3), permits but does not require multiple prior art references, and does not require every limitation to be disclosed in the prior art if there was a motivation to arrive at the claimed subject matter:

> A claimed invention may be obvious even when the prior art does not teach each claim limitation, so long as the record contains some reason why one of skill in the art would modify the prior art to obtain the claimed invention.

*Nike, Inc. v. Adidas AG*, 812 F.3d 1326, 1335 (Fed. Cir. 2016); *see also KSR Int'l Co. v. Teleflex, Inc.*, 127 S. Ct. 1727, 1741 (2007) (an obviousness analysis "can take account of the inferences and creative steps that a person of ordinary skill in the art would employ.") Applying that standard to the facts here, no reasonable plaintiff would have expected success on validity.

Third, Blair's argument that an invalidity determination based on obviousness (as opposed to anticipation) cannot lead to a finding of exceptional case (Opp. at 14) is inconsistent

with the Supreme Court's holding that "[t]here is no precise rule or formula" for exceptionality and a district court must consider the "totality of the circumstances" on a "case-by-case" basis. *Octane*, 572 U.S. at 554. It is also inconsistent with precedent, with the Federal Circuit days ago affirming a fees award based on a patentee's exceptional litigation position on obviousness. *Eko Brands, LLC v. Adrian Rivera Maynez Enters.*, 2020 U.S. App. LEXIS 962, *12-15 (Fed. Cir. Jan. 13, 2020) (affirming fees award despite argument that the district court's denial of summary judgment of obviousness established the reasonableness of patentee's litigation position).

Blair's argument that Kawasaki never argued that Blair's case was "frivolous," or moved for sanctions in any tribunal (including the PTAB or Federal Circuit), is beside the point. (Opp. at 3, 7, 10, 11, 15, 18, 19, 26). A case may be "exceptional" even if it is not "frivolous" or sanctionable. *Octane*, 572 U.S. at 554 n.6, 555; *Gordon v. McGinley*, 2013 U.S. Dist. LEXIS 49794, at *8 n.3 (S.D.N.Y. Mar. 27, 2013) (finding, in the copyright context, that "frivolousness" and "objective unreasonableness" are "not necessarily coextensive"). The very case that Blair cites, *Am. Vehicular Sciences LLC v. Autoliv, Inc.*, 2019 WL 4741733 (E. D. Mich. Aug. 30, 2019), acknowledges that the PTAB's rules are akin to Rule 11 and that the Supreme Court in *Octane* held that the standard for a finding of "exceptional case" is broader, *id.* at *10.

### D. Blair's Litigation Conduct Supports a Finding of "Exceptional Case"

Blair incorrectly asserts that Kawasaki "never indicated in any pleading" that the case is "exceptional." (Opp. at 7). To the contrary, Kawasaki's Answer requested that the Court find this case exceptional case pursuant to 35 U.S.C. § 285. (Dkt. 42 at 7; *see also* Dkt. 16 at 7).

Blair also denigrates as "vague and generic" (Opp. at 26) Kawasaki's warning to Blair after the PTAB decision in the first IPR that it would be unreasonable for Blair to continue litigating. Kawasaki's warning was not "vague and generic" but instead notified Blair that, given the PTAB decision, Blair would not be successful in an appeal of that decision or in the second

IPR, and that Kawasaki could have a reasonable basis to seek fees if Blair continued to litigate. (Br. at 6-7, 27; Dkt. 110, ¶ 6). In any event, the PTAB decision itself—which adopted the early and detailed invalidity arguments presented in Kawasaki's IPR petition—independently put Blair on notice of the weakness of his validity position, before Kawasaki's warning.

Blair has no good justification of his continued pursuit of this case after May 2, 2018. With respect to the second IPR, Blair asserts that there was "no guarantee" that the PTAB would reach the same decision as in the first IPR (Opp. at 22), but he provides no substantive argument as to how any of the claims in the second IPR are "patentably distinct," given the prior art asserted by Kawasaki. He also provides no credible justification for his pursuit of a meritless appeal in the first IPR and tellingly abandons his "no guarantee" argument when it comes to whether the Federal Circuit would reach the same decision in a second IPR appeal as in the first IPR appeal (making, instead, an "efficiency" argument). (Opp. at 24-25).

With respect to the appeal, which presented no legal issues subject to *de novo* review but instead raised only fact issues, Blair first rehashes the same non-analogous art argument that he waived before the PTAB (Opp. at 22-23), as noted by Chief Judge Prost during oral argument:

> [A]s you well know, there's a threshold issue about whether or not you appropriately preserved this argument with respect to non-analogous art, and the only response as I understand it, so tell me if I'm wrong, you have is that it was somehow implicit because obviously if the Board was going to consider this piece of prior art, they would have thought that was analogous.  To me, ***that's really not sufficient for you to have preserved your argument on analogous art***.  So, tell me why I'm wrong or tell me what else there is.

(Audio recording for Appeal No. 2018-2098 available at http://www.cafc.uscourts.gov/oral-argument-recordings, at 2:58-3:34).  No reasonable litigant would have expected success on appeal on an issue it had waived. *In re NuVasive, Inc.*, 842 F.3d 1376, 1380 (Fed. Cir. 2016).

Blair then ignores the relevant standard of review to argue that his other argument on appeal (motivation to combine) was "supported by the record," (Opp. at 23), even though he

admits that his burden on appeal was to overcome the "deferential" substantial evidence standard of review on this fact question, (*id.* at 12). No reasonable litigant would have reasonably expected success on this issue given the record evidence supporting the PTAB's fact findings and the deferential standard of review. (Br. at 12, 22). The Rule 36 affirmance—which, as Blair notes, applies when a PTAB decision should be affirmed under the standard of review (Opp. at 23)—confirms that Blair could not have reasonably expected success on this argument.

Blair's argument that he "has taken every opportunity" to "resolve this dispute" is belied by the facts. (Opp. at 3). What Blair actually did was to try to leverage the cost to Kawasaki of litigating a plainly invalid patent to extract a settlement for millions of dollars. After the PTAB hearing in the first IPR, in which the panel rightfully expressed skepticism about his arguments (Br. at 6), Blair *increased* his settlement demand. (Ex. PP at 13; Chapman Decl. ¶ 3). A reasonable litigant would have lowered his demand. Yet, Blair did not reduce this multi-million dollar demand, even after two adverse PTAB decisions or during the pendency of his appeal.

Blair illogically attempts to shift blame to Kawasaki by mischaracterizing his recent agreement with Alstom as a "reasonable" compromise to "forfeit" claim 10.[6] (Opp. at 3, 4, 12). Agreeing to dismiss after entirely losing on the merits was no compromise,[7] but rather the necessary outcome dictated by the PTAB and Federal Circuit decisions. Nor was Alstom "in the same position" as Kawasaki, as Blair asserts (Opp. at 12), because Alstom was not a party to the two IPRs or the appeal and any fees and costs it incurred were *de minimis* compared to

---

[6] Alstom (though counsel) told Blair that, like Kawasaki, Alstom would consider any attempt to assert claim 10 exceptional conduct under at least 35 U.S.C. § 285. (Supp. Mortazavi Decl. ¶ 5).

[7] Blair's argument that he gave up the right to petition for *en banc* review or *certiorari* to the Supreme Court (Opp. at 4) is also overstated. Blair raised no legal issues on appeal subject to *de novo* review, much less any question of "exceptional importance" or conflict with Supreme Court or Federal Circuit precedent to warrant *en banc* review, Fed. Cir. R. 35 (b), or any other "important question of federal law" or circuit conflict for a *certiorari* petition. Sup. Ct. R. 10.

Kawasaki's. Thus, no logical inference can be made as to the reasonableness of Blair's conduct based on Alstom foregoing its fees and costs.

Blair's assertion that he tried to conserve resources by foregoing the appeal of the second IPR, because he allegedly was "confident in his infringement positions" with respect to claims in the first IPR on appeal, is self-serving. (Opp. at 11). If Blair was as confident in the five initially-asserted claims as he contends, he should not have added 23 additional claims to this case in the first place, which would have obviated the need for Kawasaki's second IPR. He also could have abandoned those additional claims before the supplemental round of briefing in the second IPR in June 2018 or the PTAB hearing in July 2018, instead of doing so only after he had forced Kawasaki to litigate the second IPR to a final decision. By that time, Kawasaki had spent considerable resources challenging the 23 claims that Blair ultimately abandoned.[8]

In sum, this is an exceptional case and the totality of circumstances warrants an award of Kawasaki's requested fees and non-taxable costs.[9] Blair has not challenged the reasonableness of the amounts requested by Kawasaki, or addressed Kawasaki's request for pre- and post-judgment interest, and the Court therefore should grant Kawasaki's request in its entirety.

## CONCLUSION

For the reasons set forth above and in Kawasaki's opening brief, Kawasaki respectfully requests that the Court grant Kawasaki's motion in its entirety.

---

[8] Blair's failure to appeal the PTAB's decision in the second IPR rendered the PTAB decision final and gave rise to an issue preclusion argument, which Kawasaki made in January 2019 in a motion to dismiss the appeal of the first IPR and prevent further expenditures. If that motion had been granted early, it would have obviated the need for oral argument. The motion was deferred to the merits panel instead and was dismissed as moot, rather than on the merits as Blair implies (Opp. at 25), once the Federal Circuit affirmed the PTAB's decision.

[9] The amount Kawasaki seeks is $615,297.83 (*See* Br. at 27, 30; Dkt. 111, ¶ 5). The $549,539 amount on page 4 of Kawasaki's opening brief was an inadvertent error. (Ex. QQ).

- 14 -

Dated: January 17, 2020　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ *Sheila Mortazavi*
　　　　　　　　　　　　　　　　　　　　　　Sheila Mortazavi
　　　　　　　　　　　　　　　　　　　　　　smortazavi@huntonak.com
　　　　　　　　　　　　　　　　　　　　　　Zaed M. Billah
　　　　　　　　　　　　　　　　　　　　　　zbillah@huntonak.com
　　　　　　　　　　　　　　　　　　　　　　Armin Ghiam
　　　　　　　　　　　　　　　　　　　　　aghiam@huntonak.com
　　　　　　　　　　　　　　　　　　　　　　HUNTON ANDREWS KURTH LLP
　　　　　　　　　　　　　　　　　　　　　　200 Park Avenue
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10166
　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 309-1000
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 309-1100

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Kawasaki Rail Car, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 17, 2020, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                                                */s/ Sheila Mortazavi*