

Hunton Andrews Kurth LLP
200 Park Avenue
New York, NY 10166
+1.212.309.1000 Phone
+1.212.309.1100 Fax
HuntonAK.com

Sheila Mortazavi
+1.212.908.6346 Phone
SMortazavi@HuntonAK.com

June 23, 2020

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

      Re:   *Blair v. Alstom Transportation, Inc. and Kawasaki Rail Car, Inc.*,
             No. 1:16-cv-03391-PAE-JLC

Dear Judge Engelmayer:

      We represent defendant Kawasaki Rail Car, Inc. ("Kawasaki") in this action. Pending before the Court is Kawasaki's Motion for Judgment on the Pleadings, a Finding of Exceptional Case, and Attorneys' Fees and Costs Pursuant to 35 U.S.C. § 285 and Fed. R. Civ. P. 54(d) (Dkt. 106). We write to inform the Court of two recent Federal Circuit decisions regarding fee awards in patent cases, including the decision on appeal for a case cited in Kawasaki's memoranda in support of its motion (Dkt. 107, 121), *Munchkin, Inc. v. Luv N' Care, Ltd.*, 2018 U.S. Dist. LEXIS 223150 (C.D. Cal. Dec. 27, 2018). *See generally Munchkin, Inc. v. Luv N' Care, Ltd.*, No. 2019-1454, 2020 U.S. App. LEXIS 17862 (Fed. Cir. June 8, 2020); *Amneal Pharm., LLC v. Almirall, LLC*, No. 2020-1106, 2020 U.S. App. LEXIS 17574 (Fed. Cir. June 4, 2020). As explained below, Kawasaki respectfully submits that the Federal Circuit's reversal in *Munchkin* should have no impact on Kawasaki's pending request for fees, and that *Amneal* supports the award of fees for parallel U.S. Patent & Trademark Office ("USPTO") proceedings in this case.

      In *Munchkin*, the district court held that the case was exceptional and awarded fees and costs based, in part,[1] on a finding that Munchkin should have realized that its patent infringement claim was substantively weak after receiving Luv N' Care's invalidity contentions and *inter partes* review ("IPR") petition, both of which relied on prior art references that the Patent Trial and Appeal Board ("PTAB") ultimately found rendered the claims unpatentable. 2018 U.S. Dist. LEXIS 223150 at *17-18. The district court included in its fee award the attorney's fees for litigating the IPR at the PTAB and its associated appeal to the Federal Circuit. *Id.* at *19-20.

---

[1] The district court also found the case exceptional with respect to Munchkin's trademark and trade dress infringement claims.

The Honorable Paul A. Engelmayer
June 23, 2020
Page 2

On June 8, 2020, the Federal Circuit reversed the district court's exceptional case determination and award of fees. *Munchkin, Inc. v. Luv N' Care, Ltd.*, No. 2019-1454, 2020 U.S. App. LEXIS 17862 (Fed. Cir. June 8, 2020). Having reversed the finding of exceptionality, the Federal Circuit did not reach the issue of whether in that particular case 35 U.S.C. § 285 warranted the recovery of attorney's fees for parallel USPTO proceedings. *Id.* at *18 n.2.

With respect to "exceptionality" based on the patent claim, the Federal Circuit acknowledged that it "generally give[s] great deference to a district court's exceptional-case determination" if a district court provides "a concise but clear explanation of its reasons for the fee award." *Id.* at *11. The Federal Circuit also confirmed that a district court may award fees even if the basis for the fee motion, like Kawasaki's pending motion, rests on an examination of issues that were not themselves litigated before the district court. *Id.* at *12 (noting that "a fuller explanation of the court's assessment of a litigant's position may well be needed when a district court focuses on a freshly considered issue than one that has already been fully litigated."). The Court nevertheless reversed because "neither the district court's opinion nor [Luv N' Care's] fee motion attempted to address, in any fact-intensive way, the relative strength and reasonableness of Munchkin's validity position." *Id.* at *14. In particular, the Federal Circuit noted that Luv N' Care's invalidity positions were premised on a broad claim construction that the PTAB had accepted but that the district court had rejected in its *Markman* order, and that the district court had not adequately explained "why Munchkin's validity position was unreasonable when the district court's claim construction ruling favored Munchkin and erected a serious hurdle to [Luv N' Care's] invalidity challenge." *Id.*[2]

In contrast, Kawasaki's pending motion explains in detail why Blair's validity position was unreasonable and wholly lacking merit, given the nature of the alleged invention, the strong prior art, and the knowledge of one of ordinary skill in the art. (*See, e.g.*, Dkt. 107, Sections II(B)-(D) and Section III(D)(2)(a); Dkt. 121, Section IV(C)-(D)). Specifically, Kawasaki explained why Blair's purported invention of placing video screens "substantially flush" at the junction of the ceiling and sidewalls in rail cars was obvious given the prior art showing almost identical placement of screens in rail cars and the industry consensus about the desirability of flush-mounting equipment in rail cars. (*See, e.g.*, Dkt. 107 at 20-23). Kawasaki also explained in detail why it was unreasonable for Blair to continue to litigate after the PTAB's decision in the first IPR. (*Id.*). Unlike the plaintiff in *Munchkin*, Blair has identified no claim construction position in this case that would make a material difference with respect to invalidity, and the Court has made no claim construction ruling that would favor Blair's validity position. Accordingly, the Federal Circuit's reversal in *Munchkin* based on the arguments that were made and the specific facts of that case should have no impact on the relief requested in Kawasaki's pending motion, which should be granted in its entirety.

---

[2] The Federal Circuit also held that the district court had agreed with Luv N' Care, "without analysis," that Munchkin had concealed highly material prior art from the court and the USPTO, and improperly relied on that as "another indication of the substantive weakness" of Munchkin's patent claim. *Id.* at *9.

The Honorable Paul A. Engelmayer
June 23, 2020
Page 3

      Although the Federal Circuit did not reach the issue of whether a fee award may include fees for parallel USPTO proceedings in *Munchkin*, it cited another recent case that does address that specific issue.  *See id.* at *18 n.2 (citing *Amneal Pharm., LLC v. Almirall, LLC*, No. 2020-1106, 2020 U.S. App. LEXIS 17574 (Fed. Cir. June 4, 2020)).  In *Amneal*, the Federal Circuit held that § 285 does not permit the Federal Circuit to award fees for work completed during the period in which the case was solely before an administrative tribunal, and not the judiciary, because the "court" referenced in § 285 "speaks only to awarding fees that were incurred during, in close relation to, or as a direct result of, judicial proceedings."  2020 U.S. App. LEXIS 17574 at *5.  The Federal Circuit therefore held that it could not award fees incurred for work in USPTO proceedings before any appeal was filed and the appellate court had asserted jurisdiction.  *Id.*

      However, the Federal Circuit recognized that there is a distinction between cases in which the appellate court is asked to award fees in the first instance and cases in which there is a pending district court action and a parallel USPTO proceeding that is "intimately tied" to the resolution of that district court action.  Specifically, the Federal Circuit left intact and expressly noted that its decision was consistent with its prior holding in *PPG Indus., v. Celanese Polymer Specialties Co.*, 840 F.2d 1565 (Fed. Cir. 1988), where attorneys' fees for *inter partes* USPTO proceedings were deemed recoverable because they, as in this case, "substituted for the District Court litigation on all issues considered by the PTO and the Board." *Id.* at *7.  As the Federal Circuit explained, fees awarded in *PPG* were appropriate because they were "incurred after the filing of a civil action, and the fees were awarded in that district court proceeding. The Patent Office proceedings were found by the district court to be intimately tied to the resolution of that action." *Id.*  An award of fees would similarly be appropriate in this case because the parallel USPTO proceedings substituted for the district court litigation with respect to the issue of validity.

      As noted above, Kawasaki is providing notice of these recently-issued Federal Circuit decisions because they pertain to issues raised in Kawasaki's currently-pending motion before this Court.  Kawasaki respectfully submits that the Federal Circuit's basis for reversal in *Munchkin* is distinguishable from the facts of this case and should have no impact on the relief requested by Kawasaki.  Kawasaki further submits that the *Amneal* decision confirms that this Court may award fees incurred in the parallel USPTO proceedings and for the associated appeal. If the Court would find it useful to receive supplemental briefing on either issue, Kawasaki shall make the appropriate submission.

                                                   Respectfully submitted,

                                                   /s/ Sheila Mortazavi

Cc:  Counsel of record (via ECF)