UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT BLAIR,<br><br>                    *Plaintiff*,<br>    v.<br><br>ALSTOM TRANSPORTATION, INC. and KAWASAKI RAIL CAR, INC.,<br><br>                    *Defendants*. | C.A. No. 1:16-cv-03391-PAE-JLC |

**DECLARATION OF SHEILA MORTAZAVI IN SUPPORT OF
KAWASAKI RAIL CAR, INC.'S APPLICATION FOR COSTS AGAINST PLAINTIFF**

I, Sheila Mortazavi, declare as follows:

1. I am a partner with the law firm Hunton Andrews Kurth LLP, and lead counsel of record for Kawasaki Rail Car, Inc. ("Kawasaki") in this action, as well as in two related *inter partes* review ("IPR") proceedings (IPR2017-00117 and IPR2017-01036) before the U.S. Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB), and the appeal of IPR2017-00117 before the U.S. Court of Appeals for the Federal Circuit (No. 18-2098). I am fully familiar with the facts and circumstances of this action.

2. I submit this declaration in support of Kawasaki Rail Car, Inc.'s Bill of Costs, which requests that the Clerk tax $15,625.56 in costs against plaintiff, Scott Blair, pursuant to Fed. R. Civ. P. Rule 54, Local Rule 54.1, 28 U.S.C. § 1920, and the Court's Opinion and Order dated August 5, 2020 (D.I. 127 at 18), which directed Kawasaki "to present its bill of costs to the Clerk within 30 days of the entry of final judgment by this Court, or, if Blair appeals, within 30 days of the final disposition of Blair's appeal."

3. The Court entered final judgment on August 6, 2020. (D.I. 128).

4. Kawasaki seeks a total of $15,625.56 in taxable costs, as indicated on the Bill of Costs and further itemized below. I declare that these costs are correct and were necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

5. Plaintiff filed this action on May 5, 2016, asserting a cause of action for alleged patent infringement. (D.I. 1). Kawasaki challenged the validity of the asserted patent claims in IPR2017-00117 and IPR2017-01036, and moved the Court to stay this case pending the outcome of those IPR proceedings. The Court held oral argument on the stay motion on June 5, 2017. At the conclusion of the hearing, Judge Engelmayer orally ruled on the stay motion and granted the stay, indicated that a written order would not follow, and invited the parties to purchase the transcript. A copy of the salient portions from the June 5, 2017 hearing is attached as Exhibit A. Kawasaki ordered the June 5, 2017 hearing transcript in accordance with Judge Engelmayer's directive (*see* Ex. A at 53:3-8). Kawasaki is entitled to this cost in the amount of **$116.40** as the prevailing party. A true copy of the invoice from the court stenographer, Southern District Reporters PC, is attached as Exhibit B.

6. While this case was stayed, the U.S. Patent Office held that all of the asserted patent claims challenged in IPR2017-00117 and IPR2017-01036 were unpatentable. The Final Written Decisions from IPR2017-00117 and IPR2017-01036 are attached as Exhibits C-D, respectively. Plaintiff appealed the decision in IPR2017-00117, but the U.S. Court of Appeal for the Federal Circuit summarily affirmed. Plaintiff did not appeal the decision in IPR2017-01036.

7. On December 9, 2019, Kawasaki filed a Motion for Judgment on the Pleadings, a Finding of Exceptional Case, and Attorneys' Fees and Costs Pursuant to 35 U.S.C. § 285 and

Fed. R. Civ. P. 54(d), as well as a supporting memorandum and declarations. (D.I. 106-111). Kawasaki's motion, *inter alia*, sought to dismiss this case based on the Final Written Decisions in IPR2017-00117 and IPR2017-01036 finding the asserted patent claims unpatentable as obvious. The Court granted Kawasaki's motion for judgment on the pleadings and dismissed the case on August 5, 2020, and found that Kawasaki is entitled to taxable costs as the prevailing party. (D.I. 127 at 1). The Final Written Decisions that were attached as exhibits L and O to the Declaration of Zaed Billah in support of Kawasaki's motion for judgment on the pleadings (D.I. 108)[1], and which were cited by the Court in its Opinion and Order as the basis for dismissal of this case (*see* D.I. 127 at 8), specifically cite the following deposition transcripts that were necessarily obtained for use in this case pursuant to 28 U.S.C. § 1920(2):

a. Lowell Malo – Mr. Malo provided an expert declaration in IPR2017-00117. He was deposed on November 28, 2017. In its Final Written Decision, the PTAB considered the issue of whether there was a reasonable expectation of success in combining prior art references. (Ex. C at 28-29). Regarding this issue, the PTAB expressly relied on Mr. Malo's deposition testimony in finding the challenged claims unpatentable as obvious. (*Id.*). Kawasaki is therefore entitled to this cost in the amount of **$786.45**. A true copy of the invoice from the court stenographer, Veritext Legal Solutions, is attached as Exhibit E.

b. Joseph P. Zicherman - Mr. Zicherman provided expert declarations on behalf of Mr. Blair in IPR2017-01036. He was deposed on February 28, 2018 and again on April 13, 2018. The transcripts for these two depositions were cited by the PTAB

---

[1] For convenience, the PTAB Final Written Decisions that were attached as exhibits L and O to the Declaration of Zaed Billah in support of Kawasaki's motion are also attached to this Declaration as Exhibits C-D.

in its Final Written Decision as Exhibits 1035 and 1038. (Ex. D at 19, 22-23, 25-28, 44, 55). As indicated therein, the PTAB relied on Mr. Zicherman's testimony in considering various issues pertaining to whether the challenged claims were unpatentable as obvious. (*Id*.). Kawasaki is entitled to the cost of these transcripts, in the amount of **$1138.80** for the February 28, 2018 deposition and **$428.60** for the April 13, 2018 deposition. True copies of the invoices from the court stenographer, Veritext Legal Solutions, are attached as Exhibits F-G.

8. Kawasaki is also entitled to $13,155.31 as "costs of making copies of any materials where the copies are necessarily obtained for use in the case" pursuant to 28 U.S.C. § 1920(4). Attached as Exhibits H-I are two invoices in Japanese (along with their certified English translations) that were billed directly to Kawasaki's corporate parent, Kawasaki Heavy Industries, Ltd., by FRONTEO, Inc. ("FRONTEO"). FRONTEO is a vendor that provides discovery services, including document copying and scanning, production, e-discovery, and other related services. Kawasaki seeks a portion of the invoiced amounts (for items designated as "documents scanning" and "production") which relate to costs incurred for the production of documents that the Court ordered the parties to complete when the Court granted the stay motion. (Ex. A at 57:10-11). These scanning and production costs were incurred in response to Blair's document requests (attached as Exhibits J-K), which specifically requested an electronic production. The scanned documents were produced to plaintiff as KAWASAKI_003384 through KAWASAKI_041478. The amounts invoiced by FRONTEO were converted from Japanese yen to U.S. dollars using the applicable exchange rate for each of the invoiced dates, attached as Exhibit L. The total amount sought for this category for is **$13,155.31**, which includes:

    a.  **$1616.73** for electronic production costs (the equivalent of 176,547 ¥ indicated on the August 10, 2017 invoice using a 109.2 ¥/$ exchange rate); and

    b.  **$11,538.58** for document scanning costs.  The total scanning costs were $31,073.76, including 1,366,120 ¥ ($12,510.26 using a 109.2 ¥/$ exchange rate) on the July 6, 2017 invoice and 2,101,759 ¥ ($18,563.50 using a 113.22 ¥/$ exchange rate) on the August 10, 2017 invoice. Because not all of the pages that were scanned by FRONTEO were produced, Kawasaki has prorated the scanning costs, and seeks only the amount associated with documents actually produced: of the 102,591 pages scanned, 38,095 pages (or approximately 37.13%) were produced.

9.    It is respectfully requested that the Clerk issue an Order granting Kawasaki's requested costs in the amount of $15,625.56.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 8, 2020

Sheila Mortazavi

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2020, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ Armin Ghiam*
