# Exhibit A

```
H65KBLAM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

SCOTT BLAIR,

               Plaintiff,

          v.                          16 CV 3391 (PAE)

ALSTOM S.A., KAWASAKI HEAVY
INDUSTRIES,

               Defendants.
------------------------------x
                                      New York, N.Y.
                                      June 5, 2017
                                      10:05 a.m.
Before:

               HON. PAUL A. ENGELMAYER,

                                      District Judge

                    APPEARANCES

MEREDITH & KEYHANI PLLC
     Attorneys for Plaintiff
BY:  DARIUS KEYHANI

CANTOR COLBURN LLP
     Attorneys for Alstom S.A.
BY:  STEVEN COYLE

ANDREWS KURTH KENYON LLP
     Attorneys for Defendant Kawasaki Heavy Industries
BY:  SHEILA MORTAZAVI
```

1  remanded, it's not -- the validity thing, even though it was
2  affirmed by the Federal Circuit, isn't final because there are
3  still damages issues remaining.  They vacated everything and
4  reversed the district court.  All that was was wasted
5  litigation effort by the court and the parties because the PTAB
6  determined the patent was invalid.  And that was controlling.
7       THE COURT:  I take it it's an unknown what would have
8  happened in that situation if the Federal Circuit had flat out
9  affirmed, including as to damages, the district court judgment
10 before the PTAB's contrary determination was made?  Presumably,
11 it might have turned on whether the mandate had issued, but if
12 the mandate had already issued, there's nothing that could be
13 done with the district court outcome?
14      MS. MORTAZAVI:  If the mandate had issued, yes.  But,
15 obviously, if there's a district court decision, the parties
16 typically appeal from a patent case, so that would be up on
17 appeal at the same time and probably later than the Patent
18 Office.
19      THE COURT:  Counsel, it's 11:20.  I will be back here
20 at 11:45 with a bench ruling on this.
21      MR. COYLE:  Thank you, your Honor.
22      MR. KEYHANI:  Thank you.
23      THE COURT:  That was very helpful argument from you
24 and a real education in an area that I'm not very familiar
25 with.

1           MR. KEYHANI:  Thank you, your Honor.
2           (Recess)
3           THE COURT:  Counsel, I'm about to read a brief bench
4  ruling on the motion to stay.  There will not, however, be a
5  written decision that issues; there will simply be a short
6  bottom-line order that issues.  So, if I what I say here is
7  significant to you, you'll need to order a copy of the
8  transcript or, at a minimum, take good notes.
9           Pending before the Court is a motion by defendant
10 Kawasaki, joined by defendant Alstom, to stay these
11 proceedings.  The stay would be until the outcome of
12 inter partes review by the U.S. Patent Trial and Appeal Board,
13 or PTAB, of the so-called '602 patent, which is the basis of
14 plaintiff Scott Blair's lawsuit.
15          The Court had earlier been asked by Kawasaki to stay
16 this case when Kawasaki first sought inter partes review.  The
17 Court denied that request.  But the Court did so without
18 prejudice to Kawasaki's right again to seek such a stay in the
19 event the PTAB granted such review.
20          On May 4, 2017, the PTAB instituted such review as to
21 five claims in the '602 patent that underlie Mr. Blair's claims
22 of infringement.  These are claims one through four and six.
23 Kawasaki challenges them as unpatentable.  The PTAB found that
24 Kawasaki had established a reasonable likelihood that it would
25 prevail in showing the unpatentability of these claims.  The

1   PTAB set a schedule for briefing and argument that, barring an
2   extension, anticipates argument in January 2018 and a decision
3   by May 2018.
4            Kawasaki has separately petitioned for inter partes
5   review of additional claims on the basis of which Blair brings
6   this suit.  These are claims five, seven through nine, and
7   eleven through twenty nine of the '602 patent.  Kawasaki
8   brought that separate petition after Mr. Blair's submissions in
9   this case put those claims at issue.  The PTAB has not yet
10  acted on that petition.  The Court understands that its
11  decision as to whether to undertake inter partes review of
12  those additional claims is due by September.
13           The standard governing motions for such a stay pending
14  the outcome of inter partes review was set out by the Federal
15  Circuit in Murata Machinery USA versus Daifuku Co., 830 F.3d
16  1357, 1361 (Fed. Cir. 2016).  It has been applied by many
17  judges, including, helpfully, by Judge Bryson of that circuit,
18  sitting by designation.  In NFC -- let me back up.  The
19  standard articulated in Murata has not itself been applied by
20  Judge Bryson but the issue of whether to stay has been applied
21  by Judge Bryson, sitting by designation, in NFC Tech LLC versus
22  HTC America, Inc., 2015 WL 1069111 (E.D Texas March 11, 2015).
23  The Court is to inquire:  First, whether a stay would unduly
24  prejudice or present a clear tactical disadvantage to the
25  nonmoving party; second, whether a stay will simplify the

issues in question and trial of this case; and, third, whether discovery is complete and whether a trial date has been set. Citing Murata Machinery, 830 F.3d at 1361.

And again, just going back to Judge Bryson, although Murata postdated his decision, his decision effectively applied the same three-prong test.

I am going to grant the stay.  Briefly, here is why:

I'm going to begin first with the second factor, which is whether a stay would simplify the issues to be tried.  A stay clearly would simplify these proceedings.  Let's assume, first, that the PTAB rules for Kawasaki as to claims one through four and six; i.e., it finds them invalid.  That ruling would remove from this case Mr. Blair's infringement claims based on those five claims in the '602 patent.  That alone would significantly narrow the scope of this case.  The PTAB's ruling on those claims may also have implications for the construction of the other 17 claims on the basis of which Mr. Blair brings suit.  And depending on the basis of the PTAB's ruling, such a ruling might also bear on the validity of those additional claims.  As counsel agreed, the effect, if any, of the PTAB's ruling on the remaining 17 claims in the '602 patent would depend on the particular rationale and ruling rendered by the PTAB.

Now let's assume that the PTAB rules for Blair on claims one through four and six; that is, that it finds those

claims in his '602 patent to be valid. That ruling in Blair's favor would estop Kawasaki from claiming invalidity here as to those claims, and it would similarly estop defendant Alstom. That is not so as a matter of law. Rather, defendant Alstom offered, at the hearing this morning, to be bound by the PTAB's ruling as to the validity of the five claims that are the subject of inter partes review so as to fortify the defense's arguments in favor of a stay, and I will hold Alstom to that commitment. That is to assure that the PTAB's ruling as to invalidity is preclusive in this case as to all parties and all outcomes.

Furthermore, the PTAB's ruling, really whichever direction it goes in, has the potential to have implications for construction of all claims in the '602 patent, both those that survive the inter partes review and the remaining 17. This Court would certainly benefit from the PTAB's considered review and, in the event of an appeal, that by the Federal Circuit. I therefore find that a stay here would simplify, potentially enormously, the issues to be tried here. Depending on the course of events before the PTAB, its review could effectively dispose of this lawsuit altogether.

I will address next the third factor, which is whether discovery is complete and a trial date has been set.

Discovery is not complete. It is due to be completed in eight weeks, barring an extension, at the end of July.

1    Counsel represent that document discovery is partly complete as
2    it relates to nonelectronic documents but that electronic
3    discovery has not been provided at all and that depositions
4    have not been noticed or taken.  The Court has also not yet
5    undertaken a Markman Hearing.  Such a hearing had been
6    scheduled for today but the Court put it over pending
7    resolution of the application for a stay.  A stay therefore
8    would save significant resources, depending on the extent to
9    which the PTAB prunes the '602 patent.
10            The Court will require the parties to complete non-ESI
11   document production by the end of July.  That is because such
12   document production ought to be close to being complete by now,
13   and indeed the parties represent that it is close to complete.
14   Completion of that production ought not to be a substantial
15   added burden, given the schedule the Court had set and which no
16   party has sought to disturb, and given the apparently modest
17   amount of outstanding additional non-ESI document discovery.
18   In contrast, as counsel have represented, electronic discovery
19   is still in its early stages and would present substantial
20   costs.
21            The reason I am requiring that non-ESI document
22   discovery be completed on the existing discovery schedule is
23   this:  In the event the case moves forward after the PTAB, and
24   in the event of an appeal of the Federal Circuit rule, the
25   Court would then be presumably be called upon to resolve any

1  legal issues involving the surviving scope of the case that are
2  occasioned by the PTAB's ruling.  We would then resume
3  discovery.  It will be useful to have non-ESI document
4  production already completed.  The parties can then move
5  forward briskly to complete ESI document production discovery
6  and deposition discovery without having to reconstruct where
7  they were on paper document discovery.

8  But a stay here would save significant resources.  The
9  shape of the case may be much more narrower after the PTAB has
10 rendered its decision and any appeal is complete.  And the
11 narrowing of the case, if that is what results, has potential
12 to save the parties much time and money on ESI discovery.  It
13 has the potential to save the parties much time and money on
14 depositions and on expert submissions and on briefing.  It has
15 the potential to save the parties time and money and the Court
16 the time spent on a Markman Hearing that may be overtaken or
17 significantly influenced by the PTAB's rulings.  And it has the
18 potential to save additional time and resources afterwards on
19 the other issues that may be mooted or affected by the PTAB's
20 outcome.  There are, in short, as Judge Bryson held in his
21 case, substantial efficiencies realized by a stay.

22 Finally, as to the first of the three factors, the
23 Court does not find any unfair prejudice created by a stay or
24 any improper tactical advantage sought by one.  Mr. Blair is
25 not a competitor of the defendants here.  His business is