**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

SCOTT BLAIR,

     Plaintiff,

  v.

ALSTOM TRANSPORTATION, INC.
AND KAWASAKI RAIL CAR, INC.,

    Defendants.

Case No. 1:16-cv-03391-PAE

## PLAINTIFF'S OBJECTIONS TO DEFENDANT KAWASAKI RAIL CAR, INC.'S BILL OF COSTS

Defendant Kawasaki Railcar, Inc. ("Defendant") seeks to recover $15,625.56 in costs from Plaintiff Scott Blair ("Plaintiff") following entry of judgment in this case (Dkt. #131).  Plaintiff objects to Defendant's requests to the extent they impermissibly include costs for deposition transcripts from *inter partes* review proceedings before the Patent Trial and Appeal Board. Accordingly, Plaintiff respectfully requests that the Court deny Defendant's request for $2353.85, the cost of these transcripts (Dkt. #132, at 3-4).[1]

This Court and others have held that costs from IPR proceedings are not taxable by the Clerk.  *See, e.g.*, *Hockeyline, Inc. v. STATS LLC*, No. 13-CV-1446, 2017 WL 1743022, at *8-9 (S.D.N.Y. Apr. 27, 2017); *Credit Acceptance Corp. v. Westlake Servs., LLC*, No. CV 13-01523 SJO, 2016 U.S. Dist. LEXIS 181618, at *11 (C.D. Cal. Jan. 5, 2016); *Clearlamp, LLC v. LKQ Corp.*, No. 12 Civ. 2533, 2016 WL 7013478, at *1 (N.D. Ill. Nov. 30, 2016).  In *Hockeyline*, this Court denied the prevailing party's request for costs incurred in connection with the IPR review.

---

[1] Defendant seeks $786.45 for the deposition transcript of Lowell Malo, and $1138.80 and $428.60 for deposition transcripts of Joseph Zicherman (Dkt. #132, at 3-4).

2017 WL 1743022, at *8-9.  In holding that fees paid in connection with IPRs are not taxable, the Court rejected the prevailing party's assertion that the litigation had "shifted" to the PTAB and the IPR was a "substitute for the district court proceeding."  *Id.* at *8.  As the Court explained:

> The Court disagrees that the litigation "shifted" to PTAB; PTAB merely determined the validity of Hockeyline's patent, and this Court remained the adjudicator of the infringement suit.  Moreover, "absent explicit statutory or contractual authorization for the taxation of the [litigant's expenses] as costs, federal courts are bound by the limitations set out in [28 U.S.C. § 1920]."  *Crawford Fitting Co. v. J. T. Gibbons, Inc.,* 482 U.S. 437, 445 (1987).

*Id.*  Local Rule Civil Rule 54.1(c) further limits costs for depositions to those "used or received in evidence at the trial" or "used by **the Court** in ruling on a motion for summary judgment or other dispositive substantive motion."  *Ramos v. City of N.Y.*, No. 15 CIV. 6085, 2019 WL 3254964, at *2 (S.D.N.Y. July 21, 2019) (emphasis added).

Defendant's request to recover $2353.85 for the cost of deposition transcripts used solely in the IPR proceedings is improper.  These transcripts were never used in any proceeding in this Court, nor were they used by the Court in any ruling on any motion.  *See id.*  The deposition transcripts all relate specifically to the IPR proceedings and are, e.g., directed to standards (the "broadest reasonable interpretation" standard for claim construction and invalidation by a preponderance of the evidence) unique to the IPR context and inapplicable to the district court litigation.  Further, as in *Hockeyline*, the litigation never "shifted" to the PTAB nor was the IPR a "substitute for the district court proceeding"; rather, the "PTAB merely determined the validity of [Plaintiff's] patent, and this Court remained the adjudicator of the infringement suit."  2017 WL 1743022, at *8.  Defendant's assertion that the transcripts were "necessarily obtained for use in this case pursuant to 28 U.S.C. § 1920(2)" is without merit.

For these reasons, Plaintiff asks that the Court deny Defendant's request for $2353.85 relating to the IPR proceedings.

Dated: September 18, 2020                    Respectfully submitted,

                                             s/ Dariush Keyhani
                                             Dariush Keyhani
                                             Keyhani LLC
                                             1050 30th Street NW
                                             Washington, DC 20007
                                             Telephone: (202) 748-8950
                                             Fax: (202) 318-8958
                                             dkeyhani@keyhanillc.com
                                             *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that Plaintiff's Objections to Defendant Kawasaki Rail Car, Inc.'s Bill of Costs was electronically filed on this September 18, 2020.  Notice of this filing will be sent to all parties and counsel of record by operation of the Court's electronic filing system and the parties may access this filing through the Court's system.

/s/Anya Engel
Anya Engel